UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Ballard, et al.**

    v.                                     MDL Docket No. 02-1335-PB
                                             Civil No. 04-CV-1336-PB

**Tyco International, Ltd., et al.**

**O R D E R**

The plaintiffs seek additional time to complete service on defendant Michael Ashcroft and permission to serve Ashcroft through his attorney of record in the related actions.

Plaintiffs are entitled to additional time to complete service on Ashcroft because they have worked diligently to comply with my August 4, 2005 Order addressing the service of process issue and Ashcroft will not be unfairly prejudiced by allowing plaintiffs additional time to complete service.

Plaintiffs' second request is governed by Fed. R. Civ. P. 4(f)(3), which permits service to be made on an individual residing in a foreign country "by other means not prohibited by international agreement as may be directed by the court."  Other

courts have relied upon this provision to authorize service of process through a defendant's attorney.  See Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1016-17 (9th Cir. 2002); Forum Fin. Group, LLC v. President & Fellows of Harvard College, 199 FRD 22, 23-25 (D. Me. 2001).

  Ashcroft does not claim that an order permitting him to be served through his attorney would violate any international agreement.  Moreover, such service could hardly be characterized as unfair as his counsel is already representing him in other related litigation.  Finally, I am not persuaded by Ashcroft's argument that Rule 4(f)(3) may only be used when all other methods for completing service of process have been tried and failed.  Accordingly, I grant plaintiffs' request for an order directing plaintiffs to serve Ashcroft through his attorney.

  SO ORDERED.

            /s/ Paul Barbadoro
            Paul Barbadoro
            United States District Judge

December 2, 2005

cc: Counsel of Record