```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Rosemarie Stumpf**

    **v.**                                      Case No.   03-CV-1352-PB
                                                    MDL No.    02-MDL-1335-PB

**Neil R. Garvey, et al.**
**[In re TyCom Ltd. Securities Litigation]**


### O R D E R

The consolidated complaint charges that the Tyco defendants and the underwriter defendants are liable under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k(a)(5) ("Section 11") because the July 26, 2000 Registration Statement and Prospectus for Tycom's initial public offering: (1) failed to disclose analyst conflicts and correct false analyst reports (the "analyst claim"); (2) included false statements concerning the demand for bandwidth (the "bandwidth claim"); (3) failed to disclose ongoing accounting fraud at Tyco (the "accounting fraud claim"); and (4) failed to disclose systematic looting by Tyco executives (the "looting claim").  On September 2, 2005, I dismissed plaintiffs' Section 11 claim against the underwriters without discussing

either the bandwidth claim or the looting claim.  I also neglected to discuss the looting claim when I declined to dismiss the Section 11 claim against the Tyco defendants.  Plaintiffs ask me to clarify the dismissal order by stating that the overlooked claims remain viable.

### A.  Bandwidth Claim

The underwriters argue that the bandwidth claim is deficient because plaintiffs failed to plead with particularity that they acted with scienter.  I reject this argument because it is based on the mistaken premise that scienter is an essential element of a Section 11 claim.  The First Circuit has suggested in dictum that when a Section 11 claim "sounds in fraud," it must be pleaded with the particularity required by Fed. R. Civ. P. (9)(b).  See Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1202 (1st Cir. 1996).  Although I accept this dictum and have applied it in a prior ruling in a related case, see, e.g., In re Tyco Int'l, Ltd. Multidistrict Litig., No. 02-1335-B, 2004 WL 2348315 at *15-16 (D.N.H. Oct. 14, 2004), I do not agree with the underwriters' assertion that Section 11 claims that sound in fraud must always be dismissed if fraud is not pled with particularity.  Instead, I follow the Fifth, Eighth, and Ninth

-2-

Circuits in holding that "the proper remedy for a failure to comply with Rule 9(b) would be to strike any deficient allegations and then assess the sufficiency of the remaining allegations."  Id. at *16; see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001); Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.), 130 F.3d 309, 315 (8th Cir. 1997); Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1104-05 (9th Cir. 2003).  Because scienter is not an element of a Section 11 claim, Musick, Peeler & Garrett v. Employers Ins., 508 U.S. 286, 296 (1993), I can strike plaintiffs' inadequate scienter allegations without undermining the bandwidth claim.[1]  The bandwidth claim thus remains viable.

**B.    Looting Claim**

Plaintiffs also seek clarification of my ruling concerning the looting claim against both the underwriter defendants and the

---

[1] The analyst claim is different from the bandwidth claim because it is based in part on allegedly false opinions. In such cases, a plaintiff must allege with particularity that the defendant knowingly misrepresented his opinions to establish a Section 11 violation.  See Stumpf v. Garvey (In re TyCom Ltd. Sec. Litig.), No. 03-1352-PB, 2005 WL 2127674 at *17 (D.N.H. Sept. 2, 2005).  Thus, I properly dismissed the analyst claim once I determined that the plaintiffs failed to plead with particularity that the opinions on which the claim is based were false.

Tyco defendants. As discussed at length in the dismissal order, the complaint fails to allege sufficient facts to demonstrate loss causation based on these looting-related misrepresentations or omissions. While I recognize that loss causation does not have to be pled in a Section 11 claim, as it must be in a Section 10b claim, the absence of loss causation is an affirmative defense to a Section 11 claim. See In re Merrill Lynch & Co. Research Reports Sec. Litig., 272 F. Supp. 2d 243, 254 (S.D.N.Y. 2003) (dismissing a Section 11 claim where the security's loss in value was caused by something other than the misstatement in the prospectus). Because it is undisputed that there were no outstanding shares of Tycom stock when the looting was discovered, the looting could not have caused the Tycom stock devaluation. Thus, the affirmative defense of no loss causation is readily established on the face of the complaint and it is appropriate to dismiss the looting claim on this basis. See Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (adjudicating affirmative defenses on motion to dismiss when clearly supported by the complaint).

    For the reasons set forth in this Order, the bandwidth claim remains viable against the underwriters and the looting claim is

dismissed against both the Tyco defendants and the underwriters. The motion to clarify (doc. no. 525) is thus granted in part and denied in part.

    SO ORDERED.

                                              /s/Paul Barbadoro
                                              Paul Barbadoro
                                              United States District Judge

January 6, 2006

cc:   Counsel of Record