UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**In re Tyco International, Ltd.**     MDL DOCKET NO.  02-1335-PB
**Multidistrict Litigation (MDL 1335)**  **ERISA Action**
                                      Case No. 02-cv-1357-PB
                                      **Opinion No. 2006 DNH 091**

MEMORANDUM AND ORDER

The lead plaintiffs in this action arising under the
Employee Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. § 1001 et seq., are participants in retirement savings
plans ("plans") sponsored by Tyco International (U.S.), Inc.
("Tyco U.S."), a wholly-owned subsidiary of Tyco International
Ltd. ("Tyco International").  They assert claims against, <u>inter
alia</u>, Tyco U.S. and Tyco International (collectively, "Tyco"),
and the Tyco U.S. Retirement Committee.

Plaintiffs' claims concern the Tyco International Ltd. Stock
Fund (the "Stock Fund"), which holds stock in Tyco International
and is one of the investment options offered by the plans.
Plaintiffs allege that defendants were fiduciaries of the plans.
They assert two claims under ERISA for breach of fiduciary duty.
In Count I, the "misrepresentation count," plaintiffs allege that
defendants failed to provide retirement savings plan participants

with complete and accurate material information about Tyco, Tyco's accounting and corporate governance, and the Stock Fund. <u>See</u> Consolidated Amended Complaint ("Compl.") ¶ 2.  In Count II, the "imprudent investment count," plaintiffs allege that defendants offered the Stock Fund as an investment option and permitted the plans to invest in the Fund despite their knowledge that the Fund was an imprudent investment.  <u>Id.</u>

Plaintiffs have moved for the certification of a class consisting of "all Participants in the Plans for whose individual accounts the Plans purchased and/or held shares of the Tyco Stock Fund at any time from August 12, 1998 to July 25, 2002 (the 'Class Period')."  Pls.' Br. at 2.  They designate the following individuals as proposed class representatives:  Edmund Dunne, Kay Jepson, John Gordon, Gary Johnson, Peter Poffenberger, and Karen Wade.

## I.  <u>CLASS CERTIFICATION STANDARD</u>

Federal Rule of Civil Procedure 23 sets out the familiar requirements for class certification.  Plaintiffs have the burden of showing that each requirement has been met.  <u>Makuc v. Am. Honda Motor Co.</u>, 835 F.2d 389, 394 (1st Cir. 1987).  The class

certification inquiry has two steps.  First, plaintiffs must show that the proposed class satisfies all four of Rule 23(a)'s threshold requirements, which are commonly known as numerosity, commonality, typicality, and adequacy.  Second, plaintiffs must demonstrate that the lawsuit may be maintained as a class action under one of the three subsections of Rule 23(b).

**A.    <u>Rule 23(a)</u>**

The numerosity requirement limits class actions to those cases in which "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "[N]umbers alone are not usually determinative," but both the number of potential class members as well their geographic distribution are relevant to the numerosity determination.  <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 131-32 (1st Cir. 1985).  In addition, a proposed class is more likely to satisfy the numerosity requirement if it is difficult to identify potential class members.  <u>Id.</u> at 132.

The commonality requirement provides that there must be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality "is not a high bar."  <u>In re Chiang</u>, 385 F.3d 256, 265 (3d Cir. 2004).  The requirement "'will be

satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class.'" Id. (quoting Johnston v. HBO Film Mgmt., 265 F.3d 178, 184 (3d Cir. 2001)).  "[A]n identity of claims or facts among class members" is not required.  Johnston, 265 F.3d at 184.

The typicality requirement calls for a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3). Although the class representatives' claims need not be identical to those of the class as a whole, they must be "'based on the same legal theory and arise from the same practice or course of conduct.'"  In re Compact Disc Minimum Advertised Price Antitrust Litig., 216 F.R.D. 197, 204-05 (D. Me. 2003) (quoting In re Playmobil Antitrust Litig., 35 F. Supp. 231, 241 (E.D.N.Y. 1998)).  Class representatives' claims are not typical if they "may be subject to unique defenses that would divert attention from the common claims of the class," In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991), or "if factual differences predominate to the extent where the court must make highly fact-specific or individualized determinations in order to establish a defendant's liability to each class

-4-

member." Collazo v. Calderon, 212 F.R.D. 437, 443 (D.P.R. 2002).

Finally, the adequacy requirement will be satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement has two prongs. First, plaintiffs must show that "counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." Andrews, 780 F.2d at 130. Second, plaintiffs must demonstrate "that the interests of the [class representatives] will not conflict with the interests of any of the class members." Id. Class representatives are not required to possess "'expert knowledge'" about the case, and may rely heavily on class counsel for guidance. In re Relafen Antitrust Litig., 231 F.R.D. 52, 69 (D. Mass. 2005) (quoting Cty. of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1407, 1416 (E.D.N.Y. 1989)). A "perceived lack of subjective interest" is ordinarily insufficient to disqualify proposed class representatives. Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 728 (11th Cir. 1987). However, individuals should not serve as class representatives if they possess "so little knowledge of and involvement in the class action that they [are] unable or

unwilling to protect the interests of the class against the possibly competing interests of the attorneys." <u>Id.</u> at 727.  The adequacy requirement is satisfied "unless [the class representatives'] participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case." <u>Id.</u> at 728.

**B.    <u>Class Certification under Rule 23(b)</u>**

In the second stage of the class certification inquiry, plaintiffs must show that the proposed class is maintainable under Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3).  "Under Rule 23, the different categories of class actions, with their different requirements, represent a balance struck in each case between the need and efficiency of a class action and the interests of class members to pursue their claims separately or not at all." <u>Allison v. Citgo Petro. Corp.</u>, 151 F.3d 402, 412 (5th Cir. 1998).  A putative class action is "categorized according to the nature or effect of the relief being sought." <u>Id.</u>

A class should be certified under Rule 23(b)(1) if prosecution of individual actions "would create a risk of inconsistent or varying adjudications with respect to individual

members of the class which would establish incompatible standards of conduct for the party opposing the class," Fed. R. Civ. P. 23(b)(1)(A), or "would create a risk of . . . adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Id. 23(b)(1)(B).  Rule 23(b)(1) generally "encompasses cases in which the defendant is obliged to treat class members alike or where class members are making claims against a fund insufficient to satisfy all of the claims." Allison, 151 F.3d at 412.

A class should be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Certification under 23(b)(2) is appropriate if "broad, class-wide injunctive or declaratory relief is necessary." Allison, 151 F.3d at 412.

Finally, a class should proceed under Rule 23(b)(3) if "the court finds that the questions of law or fact common to the

members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "[T]he (b)(3) class action was intended to dispose of all other cases in which a class action would be 'convenient and desirable,' including those involving large-scale, complex litigation for money damages." <u>Allison</u>, 151 F.3d at 412 (quoting <u>Amchem Prods. v. Windsor</u>, 521 U.S. 591, 615 (1997)). Unlike (b)(1) and (b)(2) class actions, participation in a (b)(3) class is not mandatory; the court is obliged to notify putative class members that they may opt out of the class and seek relief as individuals. <u>See</u> Fed. R. Civ. P. 23(c)(2)(B); <u>Amchem</u>, 521 U.S. at 617.

## II.  <u>ANALYSIS</u>

Plaintiffs seek class certification under both Rule 23(b)(1)(B) and Rule 23(b)(3).[1]  Defendants challenge

---

[1]  Although the bulk of plaintiffs' briefing has addressed certification under Rules 23(b)(1)(B) and 23(b)(3), they contend that certification is also appropriate under Rule 23(b)(1)(A) and Rule 23(b)(2).  Pls.' Br. at 15 & n.4.  I disagree that certification should be granted under either provision. "Certification under Rule 23(b)(1)(A) is . . . not appropriate in an action for damages."  <u>Zinser v. Accufix Research Inst., Inc.</u>,

certification on several grounds.  Their first argument, which applies to both the misrepresentation count and the imprudent investment count, is that the proposed class representatives do not satisfy Rule 23(a)'s adequacy requirement because they are insufficiently involved in the prosecution of the case. Defendants' remaining  arguments apply only to the misrepresentation count and are based on the premise that reliance is an essential element of a misrepresentation claim under ERISA.  See, e.g., Romero v. Allstate Corp., 404 F.3d 212, 226 (3d Cir. 2005).  They argue that the proposed class representatives cannot prove that they directly relied on the specific misstatements and omissions on which the misrepresentation count is based, such that their claims are not typical of the claims of the class as a whole, and therefore that certification is improper under Rule 23(a).  In the same vein, defendants contend that plaintiffs' dependence on individualized evidence to establish reliance bars certification under both Rule

_____

253 F.3d 1180, 1193 (9th Cir. 2001); see also Cashman v. Dolce Int'l/Hartford, 225 F.R.D. 73, 93 (D. Conn. 2004).  Similarly, a class should be certified under Rule 23(b)(2) only if plaintiffs seek predominantly injunctive or declaratory relief.  Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, 216 F.3d 577, 580 (7th Cir. 2000).  In this case, plaintiffs seek primarily money damages.  Accordingly, I decline to certify the proposed class under either Rule 23(b)(1)(A) or 23(b)(2).

23(b)(1)(B) and Rule 23(b)(3).  I begin by addressing defendants'
adequacy argument.[2]

## A.   **Rule 23(a) Adequacy**

Tyco submits that the proposed class representatives do not
satisfy the adequacy requirement because they "are doing little
more than lending their names to this lawsuit."[3]  Defs.' Br. at
2.  I discuss each proposed class representative in turn to
determine if he or she has "abdicated" his or her responsibility
to remain involved in the case.  See Kirkpatrick, 827 F.2d at
728.

1.   Dunne

Dunne understands the basics of class action litigation.
See Dep. of Edmund J. Dunne, Jr. ("Dunne Dep.") at 21:24 – 22:6.
He skims lengthy documents that his attorney sends to him and

---

[2]  Defendants have not challenged plaintiffs' assertion that
the proposed class satisfies Rule 23(a)'s numerosity and
commonality requirements, and I agree with plaintiffs that they
have met their burden with respect to those requirements.  During
the class period, Tyco employed over 100,000 individuals in the
United States, many of whom were plan participants.  Compl. ¶ 29.
This is more than adequate to satisfy the numerosity requirement.
Likewise, the case presents enough common questions of law and
fact to easily satisfy the commonality requirement.

[3]  Defendants do not challenge the competence of plaintiffs'
lawyers, and I agree that co-lead counsel are qualified to
conduct this litigation.

carefully reads underlined or bold text in those documents.  Id.
at 47:5 – 48:23.  He consults his attorney if he does not
understand something in a document.  Id. at 53:2-5.  Dunne would
be willing to testify at trial if necessary.  Id. at 40:8.  Dunne
is an adequate class representative.[4]

    2.  <u>Jepson</u>

Jepson generally understands how a class action works, <u>see</u>
Dep. of Kay M. Jepson ("Jepson Dep.") at 22:4-10, and knows that
this action is at the class certification stage.  Id. at 60:16-
19.  In relation to the case, Jepson testified that she has
"learned about the case . . . gathered a lot of information . . .
and . . . met with [her] counsel."  Id. at 24:3-6.  When asked
about her responsibilities as a class representative, Jepson
stated that "[i]t is my responsibility to provide information to
my attorneys to stay abreast of the case and what's going on with
the case; to be available for a deposition or other – whatever
they need me for, meetings that I'm requested to attend, and I
have to read all my homework."  Id. at 62:8-13.  Jepson is an
adequate class representative.

---

    [4] Although Dunne refused to answer several questions at his
deposition because they did not "deal directly with [his]
employment with Tyco," Dunne Dep. at 17:24-25, he was forthcoming
about his employment at Tyco and dealings with the plans.

3.  <u>Gordon</u>

Gordon is aware of his responsibility as a class representative.  <u>See</u> Dep. of John Gordon ("Gordon Dep.") at 15:7 – 16:19.  He has requested copies of pleadings on several occasions.  <u>Id.</u> at 19:2–25.  He knows that he should consult his lawyer if he doesn't understand a document and has done so in the past.  <u>Id.</u> at 21:12–20.  He maintains a file of paperwork related to the case.  <u>Id.</u> at 34:4–10.  Gordon is willing to donate "as much [time] as possible" to the case, <u>id.</u> at 29:5, including testifying at trial if necessary.  <u>Id.</u> at 29:15–16.  Gordon is an adequate class representative.

4.  <u>Johnson</u>

Johnson understands that his duties as a class representative include monitoring the attorneys for the class. <u>See</u> Dep. of Gary Johnson ("Johnson Dep.") at 16:9–11.  He believes that he has a responsibility, along with his lawyers, to make decisions in the case.  <u>Id.</u> at 30:1–3.  Although Johnson does not call his attorney when he doesn't understand something, <u>id.</u> at 20:2–4, he reviews their work regularly.  <u>Id.</u> at 19:20–22. Johnson is willing to do "whatever it takes" to serve the class, including testifying at trial if necessary.  <u>Id.</u> at 27:7–17.

Johnson is an adequate class representative.

     5.   <u>Poffenberger</u>

Poffenberger understands the basic mechanics of a class action and his obligations as a class representative.  <u>See</u> Dep. of Peter Poffenberger ("Poffenberger Dep.") at 19:15-25.  He is knowledgeable about the particulars of the lawsuit.  <u>See</u> <u>id.</u> at 39:22-24 (identifying several of the defendants), 41:10-11 (identifying the class period).  He maintains a file concerning the litigation.  <u>Id.</u> at 43:22 – 44:8.  Poffenberger is willing to devote "as much time as it takes" to the litigation without compromising his finances or employment, <u>id.</u> at 36:5-7, including testifying at trial.  <u>Id.</u> at 37:4-5.  He is an adequate class representative.

     6.   <u>Wade</u>

Wade has a basic understanding of class actions and the responsibilities of a class representative.  <u>See</u> Dep. of Karen L. Wade ("Wade Dep.") at 21:16 – 22:7.  She understands the composition of the proposed class, <u>id.</u> at 40:10-13, and knows that the litigation is at the class certification stage.  <u>Id.</u> at 43:6-8.  She believes that she should supervise her lawyers.  <u>Id.</u> at 23:22-24.  Wade has already spent 40 hours on this case, <u>id.</u>

at 25:19, and maintains a file containing correspondence from her lawyers about the case.  Id. at 41:20-21.  She is an adequate class representative.

Because each of the proposed class representatives will adequately represent the class, I conclude that plaintiffs have met their burden with respect to the Rule 23(a)'s adequacy requirement.

**B.    Rule 23(a) Typicality**

Defendants next contend that the proposed class representatives' misrepresentation claims are not typical of the misrepresentation  claims of the class as a whole because the class representatives did not rely on the specific misrepresentations alleged in the complaint.[5]  I am not persuaded that any difficulty the proposed class representatives might have in proving reliance, or any differences in the ways in which they will prove reliance, prevent a finding of typicality.

---

[5]  Defendants argue that four of the proposed class representatives did not rely on any of the alleged misrepresentations, one was unsure whether he had relied on the alleged misrepresentations, and one "claimed to have relied solely on alleged misrepresentations contained in a small subset of documents."  Defs.' Br. at 6-7.

-14-

The typicality test is "not demanding."  In re Enron Corp. Sec., Derivative, and ERISA Litig., MDL 1446, Civ. Action No. H-01-3913, 2006 U.S. Dist. LEXIS 43145, at *50 (S.D. Tex. Jun 7, 2006).  "[C]lass members' claims need only share the same essential characteristics, i.e., arise from a similar course of conduct and share the same legal theories."  Id.  "Even quite significant factual differences will not defeat typicality so long as the legal theory upon which plaintiffs seek redress is the same as those they seek to represent."  In re Ikon Office Solutions, Inc. Sec. Litig., 191 F.R.D. 457, 463 (E.D. Pa. 2000).

In this case, the class representatives' claims are based on the same legal theory that members of the putative class will use.  The misrepresentation count alleges that defendants breached fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, and seeks relief on behalf of the plan.[6]  This supports a

---

[6]   I have previously held that the consolidated amended complaint "plainly seeks to recover on behalf of both the Plans and their participants."  Order on Motion to Dismiss (Doc. No. 294), 2004 DNH 177 at 30; see also Compl. ¶ 1 ("Plaintiffs bring this action on behalf of the Plans and the Class pursuant to ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3).").  Under ERISA § 409, 29 U.S.C. § 1109, a fiduciary who breaches its duties to a plan "shall be personally liable to make good to [the] plan any losses to the plan resulting from each such breach."  A plan participant may enforce § 409 by filing a civil action under § 502(a)(2), 29 U.S.C. § 1132(a)(2), and any amount recovered "inures to the benefit of the plan as a whole" rather

finding of typicality.  See In re Enron, 2006 U.S. Dist. LEXIS
43145, at *53 (where plaintiffs seek relief on behalf of the
plans, each class representative's claims "are 'necessarily
typical of those of the rest of the class'") (quoting DiFelice v.
US Airways, Inc., 235 F.R.D. 70, 79 (E.D. Va. 2006)).

     In addition, class members' claims arise from the same
allegedly actionable course of conduct for which the proposed
class representatives are seeking to recover.  Plaintiffs allege
that as a result of defendants' participation in a massive

_____

than to an individual participant.  Mass Mut. Life Ins. Co. v.
Russell, 473 U.S. 134, 140 (1985).  A plan participant may also
file a civil action under ERISA § 502(a)(3), 29 U.S.C. §
1132(a)(3), "to obtain other appropriate equitable relief" on
behalf of himself or on behalf of the plan.  See Varity Corp. v.
Howe, 516 U.S. 489, 509 (1996).  In this case, plaintiffs have
repeatedly argued that they seek relief only on behalf of the
plans and take the position that an individual beneficiary may
not pursue a claim that belongs to the plans.  See Pls.' Reply
Br. at 20 ("[T]his action is brought on behalf of the Plan,
pursuant to ERISA § 502(a)(2), which authorizes civil enforcement
of a fiduciary's violation of § 409 . . . . All amounts recovered
by the Plan in this case will go directly to the Plan, no amounts
will go directly to individual Participants."); Tr. of 7/12/2006
Oral Arg. at 21:15-17 ("[Y]ou don't have a right to do an
individual settlement on a plan's claim.  You don't have the
right to bring an individual case on a plan's claim."); id. at
37:22-25 ("[W]e decided, right, wrong, or otherwise, to take the
more conservative approach on our damage model because we don't
want the whole case tossed under the theory that this isn't plan-
wide relief.").  Based on these disclaimers of any right to
relief on behalf of individual participants, I understand
plaintiffs to have abandoned any such claims.

accounting fraud at Tyco, defendants violated fiduciary duties
that they owed to the plans, thereby causing damage to the plans.
"[T]he duties owed by each alleged fiduciary to the plan and its
participants and beneficiaries are the same, and the kind of
damage suffered by the plans is the same."  <u>In re Enron</u>, 2006
U.S. Dist. LEXIS 43145, at *51-52.  The broad universe of
operative facts is the same for the class members and the
proposed class representatives, which also supports a finding of
typicality.

    Because the proposed class representatives and the members
of the class are aggrieved by the same conduct and rely on the
same legal theories, there is substantial identity between their
claims with respect to most of the relevant issues.  This is
sufficient to support a finding of typicality because I need not
determine that the class representatives' claims and the claims
of the class are almost perfectly aligned as to <u>all</u> issues,
including reliance, in order to find that plaintiffs have
satisfied their burden as to typicality.  <u>See</u> <u>In re Elec. Data</u>
<u>Sys. Corp. ERISA Litig.</u>, 224 F.R.D. 613, 626 (E.D. Tex. 2004),
<u>aff'd</u>, <u>Feder v. Elec. Data Sys. Corp.</u>, 429 F.3d 125 (5th Cir.
2005) (rejecting defendants' argument that the need for

-17-

individualized proof of reliance defeats finding of typicality for an ERISA misrepresentation claim). However, even if such near-perfect alignment were required, I would reach the same result.

Plaintiffs' case hinges on defendants' alleged failure to disclose material information about the Tyco Stock Fund.[7]  In the securities fraud context, the Supreme Court has held that where a case concerns "primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery." <u>Affiliated Ute Citizens v. U.S.</u>, 406 U.S. 128, 153 (1972); <u>see also</u> <u>Ansin v. River Oaks Furniture</u>, 105 F.3d 745, 754 (1st Cir. 1997). Instead, "[a]ll that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of [a] decision." <u>Affiliated Ute</u>, 406 U.S. at 153-54.  The <u>Affiliated Ute</u> theory

_____

[7]  The law governing the duty to disclose under ERISA "has been described as 'an area of developing and controversial law.'" <u>In re Xcel Energy, Inc.</u>, 312 F. Supp. 2d 1165, 1176 (D. Minn. 2004) (quoting <u>In re Enron Corp. Sec., Derivative, & ERISA Litig.</u>, 284 F. Supp. 2d 511, 555 (S.D. Tex. 2003)).  In the First Circuit, the duty to disclose is broad.  <u>See</u> <u>id.</u>  Although a fiduciary ordinarily "need not generally provide individualized unsolicited advice," it otherwise has a duty to disclose material facts about the plan to the extent that "there was some particular reason that the fiduciary should have known that his failure to convey the information would be harmful."  <u>Watson v. Deaconess Waltham Hosp.</u>, 298 F.3d 102, 114-15 (1st Cir. 2002).

recognizes "the logical impossibility of proving that plaintiffs
relied on information that they did not have." Ansin, 105 F.3d
at 754.

Tyco contends that the Affiliated Ute theory only applies in
securities fraud cases. See, e.g., Walco Invs. v. Thenen, 168
F.R.D. 315, 335 (S.D. Fla. 1996) ("Since the Defendants . . . are
not being sued for securities laws violations, the fraud-on-the-
market and Affiliated Ute presumptions of reliance are not
available to Plaintiffs here with regard to the RICO and common
law fraud claims."). I disagree. Defendants have not cited, and
I have not located, a decision refusing to apply Affiliated Ute
in an ERISA breach of fiduciary duty case.[8] Nor are defendants
correct that Affiliated Ute has only been applied in the
securities fraud context. See Ansin, 105 F.3d at 754 (concluding
that positive proof of reliance on omissions was not required for
common law fraud claims); Edens v. Goodyear Tire & Rubber Co.,
858 F.2d 198, 207 (4th Cir. 1988) (extending Affiliated Ute to an

---

[8]  Peachin v. Aetna Life Ins. Co., No. 92 C 2739, 1996 U.S.
Dist. LEXIS 558, at *15 (N.D. Ill. Jan. 19, 1996) refused to
apply Affiliated Ute to an ERISA equitable estoppel claim. In
Peachin, the court cited Affiliated Ute for the fraud-on-the-
market presumption of reliance and did not discuss the decision
as it relates to proof of reliance for omissions-based claims.
See id.

action for fraudulent breach of contract).  In fact, the logic of
Affiliated Ute lends itself equally well to a claim like
plaintiffs' misrepresentation count because it would be
"practically impossible" for plaintiffs to prove that they relied
on information that was never provided to them.  Edens, 858 F.2d
at 206.  As a result, it is appropriate to infer reliance if
plaintiffs are able to show that defendants failed to disclose
material information.

The proposed class representatives and the members of the
class alike will likely prove reliance by demonstrating that the
allegedly withheld facts were material.  Accordingly, the class
representatives' claims are substantially aligned with the claims
of the class as a whole with respect to reliance as well as the
other elements of the misrepresentation count.  See In re CMS
Energy ERISA Litig., No. 02-CV-72834, 2004 U.S. Dist. LEXIS
26862, at *12-13 (E.D. Mich. Dec. 27, 2004) (typicality is
satisfied where "[t]he inquiry will concern defendants' behavior
in failing to provide information").  For all of the above
reasons, I conclude that plaintiffs have met their burden with
respect to the typicality requirement.

**C.   <u>Rule 23(b)(1)(B)</u>**

Plaintiffs seek certification of a class under both Rule 23(b)(1)(B) and Rule 23(b)(3).  Defendants argue that certification under either subsection is inappropriate because the misrepresentation count requires individualized proof of reliance.

Rule 23(b)(1)(B) authorizes class certification where the prerequisites of Rule 23(a) have been satisfied and the prosecution of separate actions by individual class members would risk

> adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

As the language of the rule reveals, its purpose "is to protect the interests of all class members against any determination that would have an adverse effect on them."  7AA Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, <u>Federal Practice and Procedure: Civil</u> § 1774 (3d ed.).  The most common kinds of cases in which the rule applies are cases in which class members are seeking to recover against a common fund with insufficient assets to satisfy

all possible claimants, <u>see</u>, <u>e.g.</u>, <u>In re Joint E. & S. Dists.</u>
<u>Asbestos Litig.</u>, 878 F. Supp. 473, 564-65 (E.D.N.Y. 1995),
<u>vacated in part on other grounds</u>, <u>In re Joint E. & S. Dist.</u>
<u>Asbestos Litig.</u>, 78 F.3d 764 (2d Cir. 1996), and cases in which
the disposition of an individual action by one class member could
substantially impair the ability of absent class members to
recover on their claims.  <u>See</u>, <u>e.g.</u>, <u>Weinman v. Fid. Capital</u>
<u>Appreciation Fund</u>, 354 F.3d 1246, 1264 (10th Cir. 2004).

There is some disagreement in the case law as to whether an
ERISA misrepresentation claim is properly certified under Rule
23(b)(1).  <u>Compare</u> <u>In re Ikon</u>, 191 F.R.D. at 466 (certifying a
plaintiff class under Rule 23(b)(1)), <u>with</u> <u>Nelson v. IPALCO</u>
<u>Enters., Inc.</u>, Cause No. IP 02-477-C H/K, 2003 U.S. Dist. LEXIS
26392, at *28-46 (S.D. Ind. Sep. 30, 2003) (concluding that class
should be certified under Rule 23(b)(3) rather than Rule 23(b)(1)
because of individual reliance issues), and <u>In re Elec. Data</u>
<u>Sys.</u>, 224 F.R.D. at 628-30 (refusing to certify a class under
either Rule 23(b)(1) or Rule 23(b)(3)).  However, the majority of
courts have concluded that certification under 23(b)(1)(B) is
proper.  <u>See</u> 1 Joseph M. McLaughlin, <u>McLaughlin on Class Actions</u>
§ 5:14 n.6 (3d ed.) (collecting cases).  I follow the majority

rule.

Plaintiffs seek relief under ERISA § 502(a)(2), 29 U.S.C.
1132(a)(2).  Accordingly, they are attempting to recover damages
on behalf of the plans in which they are participants.  Because
recovery is sought on behalf of the plans, "success [by the
plaintiffs] necessarily results in plan-wide relief and failure
to prove breach of fiduciary duty would necessarily preclude
actions by other plan participants."  Furstenau v. AT&T Corp.,
No. 02-5409 (GEB), 2004 U.S. Dist. Lexis 27042, at *13-14 (D.N.J.
Sep. 2, 2004).  In other words, an adverse result in an
individual action by the named plaintiffs for relief under § 502
(a)(2) could well estop absent class members from maintaining
their claims for plan-wide relief.  Coan v. Kaufman, No. 04-5173-
cv, 2006 U.S. App. LEXIS 18444, at *30-31 (2d Cir. July 21,
2006); Agway, Inc. Employees' 401(k) Thrift Investment Plan v.
Magnuson, 409 F. Supp. 2d 136, 145 (N.D.N.Y. 2005).  As a result,
certification is appropriate under 23(b)(1)(B) to prevent
prejudice to absent class members regardless of whether
defendants are correct in claiming that plaintiffs cannot succeed
on their claims without offering individualized proof of
reliance.  See In re CMS, 2004 U.S. Dist. LEXIS 26862, at *17

(the fact that plaintiffs' claims "are brought by definition in a representative capacity . . . . demonstrates that plaintiffs' claims 'as a practical matter' would 'be dispositive of the interests of the other members not parties to the adjudication'") (quoting Fed. R. Civ. 23(b)(1)(B)) (citations omitted).

For the above reasons, I will certify the proposed class under Rule 23(b)(1)(B).[9]


### III.   <u>CONCLUSION</u>

For the reasons described above, plaintiffs' motion for class certification (Doc. No. 352) is granted.  Lead counsel are appointed as class counsel pursuant to Fed. R. Civ. P. 23(g)(1)(A).

---

[9]   If my decision to certify the proposed class under Rule 23(b)(1)(B) is not upheld on appeal, I will certify the class under Rule 23(b)(3).  Defendants' argument that individual reliance issues will predominate over common questions of law and fact is misplaced.  Plaintiffs' case is based primarily on defendants' alleged omissions.  Therefore, they will show reliance by demonstrating that the allegedly withheld facts were material under the <u>Affiliated Ute</u> doctrine discussed above, and individual questions will not predominate with respect to reliance.  In addition, it is abundantly clear "that a class action is superior to other available methods for the fair and efficient adjudication of [this] controversy."  Fed. R. Civ. P. 23(b)(3).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 15, 2006

cc: Counsel of Record