```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>In re Tyco International, Ltd.</u>
<u>Multidistrict Litigation (MDL 1335)</u>

                                          MDL DOCKET NO. 02-1335-B
                                          **SECURITIES ACTIONS**

### O R D E R

The plaintiffs in the Consolidated Securities Action have moved for an injunction enjoining further litigation in <u>Brazen v. Tyco International, Ltd.</u>, an Illinois state court class action asserting claims under the Securities Act of 1933.  Plaintiffs argue that the injunction is required to preserve my ability to manage the Consolidated Securities Action.  I disagree.

Discovery proceedings in both cases are being coordinated by agreement.  Joint Case Management Order, May 17, 2005, 02-md-1335-PB (Doc. No. 443).  Further, with the consent of the parties in both actions, I recently spoke with Judge Thomas Quinn, the presiding judge in the <u>Brazen</u> action, and we have agreed that neither of us will set a trial date without consulting the other and giving the parties in both cases an opportunity to be heard.

While it is conceivable that rulings in the <u>Brazen</u> action might affect the Consolidated Securities Action, this possibility, by itself, is not sufficient to warrant the issuance of an injunction.  Finally, settlement discussions have not reached such a critical stage in either case that the continuance of proceedings in <u>Brazen</u> might impair my ability to resolve the claims that are before me.  In short, an order enjoining litigation in <u>Brazen</u> is not required at the present time to preserve my ability to manage the Consolidated Securities Action.

Plaintiffs' motion for injunctive relief (Doc. No. 764) is denied without prejudice.  Plaintiffs may renew the motion if changed circumstances warrant the requested relief.

SO ORDERED.

<u>/s/Paul Barbadoro</u>
Paul Barbadoro
United States District Judge

October 26, 2006

cc:  Counsel of Record
     Honorable Thomas P. Quinn