UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE


**In Re Tyco International Ltd.**
**Multidistrict Litigation**          Case No. 02-md-1335-PB
                                          ALL CASES
                                      Opinion No. 2007 DNH 028


                        **MEMORANDUM AND ORDER**

     Plaintiffs have moved to compel Tyco International, Ltd. to produce drafts of two Form 8-K filings and certain underlying documents.  Tyco has responded with a Motion for a Protective Order covering the same documents.


                        I.   **BACKGROUND**

     On April 30, 2002, Tyco's Corporate Governance and Nominating Committee retained Boies Schiller & Flexner, LLP (the "Boies Firm") "to represent Tyco in connection with the Committee's review and analysis of transactions between and among Tyco and its subsidiaries and certain of Tyco's directors and officers, and any litigation arising from or relating to that review."  Tyco September 2002 Form 8-K at 3 (Doc. 687, Attach. 22).  The Boies Firm initially focused its investigation on a $20

million payment that had been made by the company to former Tyco director, Frank E. Walsh, Jr.  Tyco subsequently expanded the scope of the investigation to include the "use of company funds" and "[Tyco's] accounting and disclosures."  Id. at 4.  The company planned to include the results of its investigation in a Form 8-K to be filed with the Securities and Exchange Commission ("SEC") after the Boies Firm finished "the first phase" of its investigation.  Id.  Tyco filed a Form 8-K on September 10, 2002[1] and a second Form 8-K on December 30, 2002.  The September and December Forms 8-K have come to be known as the "Boies Reports."

## II.   ANALYSIS

Plaintiffs have not challenged Tyco's assertion that the documents at issue were protected by the attorney-client privilege when they were prepared.  Instead, it argues that Tyco waived the privilege by implication when it filed the Reports with the SEC.  I disagree.

---

[1] Securities plaintiffs refer to the September 2002 Form 8-K as having been filed on September 18, 2002.  Tyco refers to it as having been filed on September 17, 2002.  The Form 8-K that has been filed as an exhibit is dated September 10, 2002.  I assume that the September 10, 2002 Form 8-K is the one to which both parties are referring.

The First Circuit has provided guidance as to when a litigant will be deemed to have waived the attorney-client privilege by implication.  In In Re Keeper of the Records (XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003), the court reviewed a contempt citation against a corporation that had refused to produce allegedly privileged documents.  In rejecting the government's argument that the corporation waived its privilege claim by allowing its attorney to disclose legal advice to third parties on the same subject, the court held that "the extrajudicial disclosure of attorney-client communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings cannot work an implied waiver of all confidential communications on the same subject matter."  Id. at 24.  The court went on to justify its ruling by explaining that the reasons that favor a broad subject matter waiver when a litigant asserts an advice of counsel defense or seeks to elicit testimony concerning privileged matters during the course of trial will rarely be present when privileged information is disclosed in a non-judicial setting.[2]  Id.

---

[2] The court recognized the possibility that an extrajudicial disclosure might result in an implied waiver of undisclosed information in certain circumstances.  Id. at 25 Fn. 6.  However, plaintiffs have failed to identify any unusual

This case is governed by the above-cited precedent. The Boies Reports were disclosed in SEC filings rather than a judicial proceeding. Although I have no doubt that Tyco intended to use the reports for a variety of purposes, including to evaluate potential claims against its former officers and to convince regulators and prosecutors to refrain from instituting proceedings against it, Tyco's intention to use the reports for such purposes does not result in a waiver of the attorney-client privilege that extends beyond what Tyco actually disclosed. Accordingly, I reject the Securities plaintiffs' Motion to Compel Tyco to produce drafts of the Boies Reports and the underlying documents.[3]

---

circumstances that would justify such a ruling in the present case.

[3] My ruling is narrow in scope. I do not determine that the withheld documents are in fact protected by the attorney-client privilege. Nor do I evaluate Tyco's alternative argument that the withheld documents are protected by the work product privilege. I only determine that Tyco has not waived any privilege claim it might otherwise have by filing the Boies Reports with the SEC. Finally, the parties should bear in mind that information that was not protected by the attorney-client privilege when it was acquired does not become privileged merely because it is later communicated to counsel. To the extent that Tyco has not already done so, it shall produce privilege logs identifying the draft reports and underlying documents. Any further motions concerning the withheld documents shall be resolved by the Magistrate Judge.

### III. CONCLUSION

To the extent that the Securities plaintiffs seek an order compelling Tyco to produce drafts of the Form 8-K filings and related underlying documents, its Motion to Compel (Doc. No. 687) is denied and Tyco's Motion for a Protective Order (Doc. No. 710) is granted.[4]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 7, 2007

cc: Counsel of Record

---

[4] The Motion to Compel and the Motion for Protective Order also address other issues that were resolved at a hearing on June 1, 2006. The only other issue raised by the motions that has not been resolved is Tyco's request to allocate a portion of its document production costs to the plaintiffs. I decline to resolve that issue at the present time. Tyco may renew its request, if necessary, at the end of the case.