**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **In re Tyco International, Ltd.** <br> **Multidistrict Litigation (MDL 1335)** | MDL DOCKET NO. 02-1335-PB <br> **SECURITIES CATEGORY** <br> Case No. 03-cv-1352-PB <br> Opinion No. 2007 DNH 075 |

**MEMORANDUM AND ORDER**

This class action arises from a decision by Tyco International Ltd. ("Tyco") to sell off a minority interest in one of its wholly owned subsidiaries, TyCom Ltd. ("TyCom").  The proposed class consists of all persons or entities who purchased TyCom stock, either pursuant to a July 26, 2000 Registration Statement and Prospectus ("Prospectus") for TyCom's initial public offering ("IPO" or "Offering"), or on the open market between July 26, 2000 ("Effective Date") and December 17, 2001 ("Class Period").  Lead plaintiff, Mark Newby, claims that defendants Tyco, TyCom, L. Dennis Kozlowski, Mark H. Swartz, and Neil R. Garvey devised a scheme to fraudulently reap more than $200 million in cash from the July 26, 2000 IPO of common shares

in TyCom.  Newby also claims that analysts employed by the

Underwriters of the Offering issued false reports in furtherance

of the scheme.  On September 2, 2005, I granted the Underwriters'

motion to dismiss and denied motions to dismiss by the other

defendants (Doc. No. 514).

Newby has moved for the certification of a class consisting

of

> All persons and entities who purchased shares of TyCom
> Ltd. ("TyCom" or the "Company") common stock pursuant
> to or traceable to the July 26, 2000 Registration
> Statement and Prospectus ("Prospectus") for TyCom's
> initial public offering (the "Offering") or who
> purchased TyCom common stock on the open market during
> the period July 26, 2000 through December 17, 2001 (the
> "Class Period") and were damaged thereby (the "Class"),
> to recover damages caused by defendants' violations of
> the federal securities laws.  Excluded from the Class
> are the defendants, officers and directors of Tyco,
> TyCom, or the Underwriter Defendants, members of the
> immediate family of each of the Individual Defendants,
> and affiliates of the corporate defendants.

Lead Pl.'s Mot. for Class Certification at 1 (Doc. No. 653).

Defendants argue that the class should not be certified

because the lead plaintiff is not a typical or adequate class

representative.  Alternatively, they argue that the class period

should be shortened to exclude investors who sold their TyCom

shares prior to March 21, 2001.

## I.   **CLASS CERTIFICATION STANDARD**

Federal Rule of Civil Procedure 23 sets out the familiar requirements for class certification.  Fed. R. Civ. P. 23. The class representative has the burden of showing that each requirement has been met.  <u>Makuc v. Am. Honda Motor Co.</u>, 835 F.2d 389, 394 (1st Cir. 1987).  The class certification inquiry has two steps.  First, the class representative must show that the proposed class satisfies all four of Rule 23(a)'s threshold requirements, which are commonly known as numerosity, commonality, typicality, and adequacy.  Second, he must demonstrate that the lawsuit may be maintained as a class action under one of the three subsections of Rule 23(b).

### A.   **Rule 23(a)**

The numerosity requirement limits class actions to those cases in which "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "[N]umbers alone are not usually determinative," but both the number of potential class members as well their geographic distribution are relevant to the numerosity determination.  <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 131–32 (1st Cir. 1985).  In addition,

a proposed class is more likely to satisfy the numerosity requirement if it is difficult to identify potential class members.  Id. at 132.

The commonality requirement provides that there must be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality "is not a high bar."  In re Chiang, 385 F.3d 256, 265 (3d Cir. 2004).  The requirement "'will be satisfied if the class representatives share at least one question of law or fact with the grievances of the prospective class.'"  Id. (quoting Johnston v. HBO Film Mgmt., 265 F.3d 178, 184 (3d Cir. 2001)).  "[A]n identity of claims or facts among class members" is not required.  Johnston, 265 F.3d at 184.

The typicality requirement calls for a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Although the class representative's claims need not be identical to those of the class as a whole, they must be "'based on the same legal theory and arise from the same practice or course of conduct.'"  In re Compact Disc Minimum Advertised Price Antitrust Litig., 216 F.R.D. 197, 204-05 (D. Me. 2003) (quoting In re Playmobil Antitrust Litig., 35 F. Supp. 231, 241 (E.D.N.Y.

1998)).  A class representative's claims are not typical if they
"may be subject to unique defenses that would divert attention
from the common claims of the class," In re Bank of Boston Corp.
Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991), or "if
factual differences predominate to the extent where the court
must make highly fact-specific or individualized determinations
in order to establish a defendant's liability to each class
member."  Collazo v. Calderon, 212 F.R.D. 437, 443 (D.P.R. 2002).

Finally, the adequacy requirement is satisfied if "the
representative parties will fairly and adequately protect the
interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy
requirement has two prongs.  First, a class representative must
show that "counsel chosen by the representative party is
qualified, experienced and able to vigorously conduct the
proposed litigation."  Andrews, 780 F.2d at 130.  Second, the
class representative must demonstrate "that the interests of the
[class representative] will not conflict with the interests of
any of the class members."

## B.   Class Certification under Rule 23(b)

Next, a class representative must demonstrate that the class
meets one of the criteria outlined in Rule 23(b).  See Amchen

<u>Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613-14 (1997).  Here,
Newby seeks certification under Rule 23(b)(3).  Under Rule
23(b)(3), he must show that "the questions of law or fact common
to the members of the class predominate over any questions
affecting only individual members, and that a class action is
superior to other available methods for the fair and efficient
adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).
"[T]he (b)(3) class action was intended to dispose of all other
cases in which a class action would be 'convenient and
desirable,' including those involving large-scale, complex
litigation for money damages."  <u>Allison v. Citgo Petroleum Corp.</u>,
151 F.3d 402, 412 (5th Cir. 1998) (quoting <u>Amchem</u>, 521 U.S. at
615).  Participation in a 23(b)(3) class is not mandatory; the
court is obliged to notify putative class members that they may
opt out of the class and seek relief as individuals.  <u>See</u> Fed. R.
Civ. P. 23(c)(2)(B); <u>Amchem</u>, 521 U.S. at 617.

## II.  <u>ANALYSIS</u>

In challenging Newby's motion for class certification,
defendants, for the most part, merely reiterate arguments that I
rejected in ruling on their motions to dismiss the Tycom

complaint and plaintiffs' motion for class certification in the

Securities Action.  In re Tyco Int'l, Ltd., 236 F.R.D. 62 (D.N.H.

2006) ("Tyco Class Cert.").  I conclude here, as I did in those

Orders, that defendants' arguments are without merit.

The defendants first argue that Newby cannot satisfy the

typicality or adequacy requirements of Rule 23(a) because his

unrepresentative trading record puts him in conflict with most

members of the putative class.[1]  Alternatively, defendants argue

that if the class is certified, the class period should be

shortened to exclude investors who sold their TyCom shares prior

to March 21, 2001.  I address each argument in turn.

## A.    Typicality and Adequacy

Defendants typicality and adequacy arguments essentially

take the form of one consolidated argument.  Because Newby bought

and sold most of his shares early in the class period, defendants

contend, his interests conflict with those of class members who

purchased later and/or who retained shares longer.  Specifically,

---

[1]  Defendants do not contest the numerosity or commonality
requirements of Rule 23(a) or the commonality or superiority
requirements of Rule 23(b)(3).  Accordingly, I deem those
arguments to be waived by defendants and accept Newby's
contention that these requirements are satisfied.

defendants contend that Newby's trading record is atypical

because he acquired all of his TyCom shares within the first two

days of the class period (July 26-27, 2000), sold the bulk of

those shares five months later (December 2000), and retained only

300 shares[2] for the duration of the class period (through

December 17, 2001).  Defendants then suggest that Newby is an

atypical and inadequate class representative because (1) Newby

has no incentive to prove that misstatements alleged to have been

made after he purchased his stock were inflationary, and (2) it

is "extremely unlikely that Newby's optimal theory of loss

causation . . . will resemble" that of investors who sold after

December 2000.

I reject these arguments for the same reasons that I

rejected similar arguments in certifying the Tyco Securities

Plaintiffs' class.

> I [] am unpersuaded by Tyco's assertion that the
> proposed class [representative is inadequate] because

---

[2]  The parties dispute whether Newby has standing to bring
claims with respect to an additional 1,000 shares purchased on
July 27, 2000 by and for the Newby, Inc. profit sharing plan,
which later transferred to Newby's personal account.  Because
this dispute has no bearing on the question of class
certification and because the record on this matter is not fully
developed in the briefs, I decline to address it here.

some class members will have stronger loss causation
arguments than others based upon when they sold their
Tyco stock.  As the First Circuit has recognized,
classes are routinely certified where common issues
predominate even though individual issues exist with
respect to other matters such as affirmative defenses
or damages.  Smilow v. Sw. Bell Mobile Sys., Inc., 323
F.3d 32, 39 (1st Cir. 2003).  There is no reason why
this principle should not also apply to the subject of
loss causation.  Here, the need to make different loss
causation determinations for class members depending on
when they sold their stock does not alter the
"sufficient constellation of common issues [that] binds
class members together" into a single class.  Waste
Mgmt. Holdings [Inc. v. Mowbray], 208 F.3d [288,] 296
[(1st Cir. 2000)].

Tyco Class Cert., 236 F.R.D. at 71.  See also Swack v. Credit

Suisse First Boston, 230 F.R.D. 250, 260 (D. Mass. 2005)

(representatives' claims do not have to be identical with absent

class members' claims); In re Pharm. Indus. Average Wholesale

Price Litig., 230 F.R.D. 61, 78 (D. Mass. 2005) ("[A] plaintiff's

claim is typical if it arises from the same event or practice or

course of conduct that gives rise to the claims of other class

members, and if his or her claims are based on the same legal

theory.").  Although my ruling certifying the class in the

Securities Action expressly dealt only with potential intra-class

conflicts concerning loss causation, my reasoning applies equally

to both of defendants' intra-class conflict arguments.

Accordingly, I reject defendants' typicality and adequacy
arguments.

**B.    <u>Shortened Class Period</u>**

Defendant next argue that the class period should be
shortened to exclude investors who sold their TyCom shares prior
to March 21, 2001.  This argument is based on defendants'
contention that investors who sold their TyCom shares prior to
this date cannot show loss causation because the Consolidated
Complaint fails to identify a corrective disclosure prior to
March 21, 2001.  I reject this argument for the same reasons that
I rejected a similar request in certifying the Tyco Securities
Plaintiffs' class.

> Tyco's argument for the immediate exclusion of
> class members who sold their stock before the first
> corrective disclosure alleged in the complaint is based
> on the faulty premise that loss causation must be
> pleaded with particularity.  Disputes about loss
> causation turn primarily on questions of fact.  <u>Wortley
> v. Camplin</u>, 333 F.3d 284, 295 (1st Cir. 2003).
> Moreover, unlike elements of a § 10(b) claim such as
> fraud and scienter, neither Federal Rule of Civil
> Procedure 9(b) nor the Private Securities Litigation
> Reform Act require that securities fraud plaintiffs
> plead loss causation with specificity.  <u>Dura [Pharm.,
> Inc. v. Broudo]</u>, 544 U.S. [336,] 347 [(2005)].
> Instead, the complaint need only "provide a defendant
> with some indication of the loss and the causal
> connection that the plaintiff has in mind."  <u>Id.</u>  The
> plaintiffs have satisfied this requirement by pleading

-10-

that their claimed losses were caused by corrective
disclosures.  That they have specifically identified
certain corrective disclosures in the complaint does
not preclude them from later identifying additional
disclosures.  Thus, it is too early in the litigation
to exclude former shareholders from the class simply
because their losses were caused by corrective
disclosures that have not yet been specifically
identified.  Tyco remains free to develop the issue
further during discovery and to renew its argument in a
properly supported motion for summary judgment at the
appropriate time.

Tyco Class Cert., 236 F.R.D. at 71.

### III.   CONCLUSION

For the reasons set forth above, plaintiff's motion for

class certification (Doc. No. 651) is granted.

SO ORDERED.


                                   /s/Paul Barbadoro_____
                                   Paul Barbadoro
                                   United States District Judge

June 12, 2007

cc:  Counsel of Record