# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| IN RE TYCO INTERNATIONAL, LTD., SECURITIES LITIGATION | ) ) ) ) ) ) | MDL Docket No. 02-1335-PB<br><br>This document relates to:<br>Securities Action<br>Civil Action No. 02-266-PB |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT ("HEARING ORDER")

Beginning in February 2002, over twenty actions alleging securities law violations were filed against, among others, current and former officers and directors of Tyco International Ltd. ("Tyco"). These cases were transferred to and consolidated in this Court pursuant to various orders of the Judicial Panel on Multidistrict Litigation. After the cases were consolidated, this Court, by order dated November 20, 2002 (Practice and Procedure Order No. 3), appointed Lead Plaintiffs to prosecute the alleged violations of the federal securities laws during the period from December 13, 1999 through and including June 7, 2002. By the same order, this Court approved Lead Plaintiffs' choice of counsel – the firms: Grant & Eisenhofer P.A.; Milberg Weiss LLP; and Schiffrin Barroway Topaz & Kessler, LLP (collectively "Co-Lead Counsel").[1] Pursuant to Practice and Procedure Order No. 3, on January 28, 2003, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Consolidated Complaint"). On June 12, 2006, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certified a class (hereafter, the "Class") consisting of all persons and entities who purchased or otherwise acquired Tyco securities between December 13, 1999 and June 7, 2002, and who were damaged thereby, excluding defendants, all of the officers, directors and partners thereof, members of their immediate

families and their legal representatives, heirs, successors or assigns, and any entity in which any of the foregoing have or had a controlling interest. The Court also certified the Plumbers and Pipefitters National Pension Fund, United Association General Officers Pension Plan, United Association Office Employees Pension Plan, United Association Local Union Officers & Employees Pension Fund, Teachers' Retirement System of Louisiana and the Louisiana State Employees' Retirement System as Class Representatives.

Presented to the Court for preliminary approval is the settlement of the Action and the Related Actions by and between the Class Representatives, individually and on behalf of the Class and defendants Tyco, Michael A. Ashcroft, Mark A. Belnick and PricewaterhouseCoopers LLP ("PwC") (collectively, the "Settling Parties").[2] The terms of the Settlement are set out in a Stipulation of Settlement With Tyco International Ltd., Michael A. Ashcroft, Mark A. Belnick and PricewaterhouseCoopers LLP, that was executed by the Settling Parties on July 6, 2007 (the "Settlement Agreement").[3] Approval of the Settlement – reached after extensive arm's-length and protracted negotiations that included mediation conferences before multiple mediators over the course of several years – would result in dismissal of the Actions with prejudice with respect to the Settling Defendants.

---

[1] Two of the appointed Co-Lead Counsel, Schiffrin & Barroway, LLP and Milberg Weiss Bershad Hynes & Lerach LLP, have changed their names, and are now known as Schiffrin Barroway Topaz & Kessler, LLP and Milberg Weiss LLP, respectively.

[2] This Settlement Agreement also assigns the claims of the Class against Individual Defendants L. Dennis Kozlowski ("Kozlowski"), Frank E. Walsh, Jr. ("Walsh") and Mark H. Swartz ("Swartz"), to Tyco as part of the settlement consideration in exchange for a sharing arrangement for the proceeds resulting from any recovery by Tyco. Thus, if the Settlement becomes effective, this Securities Action will conclude.

[3] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the matter having come before the Court for a preliminary ruling upon a motion of the proponents of the Settlement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. As set forth in the Court's June 12, 2006 Order, the Court has previously made all necessary findings regarding the Class and appointed the Class Representatives to serve on its behalf. The Class that is settling its claims against the Settling Defendants pursuant to the Settlement Agreement is identical in all material respects to the certified class consisting of all Persons and entities who purchased or otherwise acquired Tyco securities between December 13, 1999 and June 7, 2002, and who were damaged thereby, excluding all Defendants, all the officers, directors and partners thereof, members of their immediate families (parents, spouses, siblings, and children) and their legal representatives, heirs, successors and assigns, and any entity in which any of the foregoing have or had a Controlling Interest.

2. As part of the Settlement Agreement, the Settling Parties have (i) identified certain Persons who should be specifically excluded from the Class such as Edward Federman, Richard J. Heger, Richard D. Power and Raymond Scott Stevenson; (ii) set forth a non-exhaustive list of Persons over whom certain of the Individual Defendants have a Controlling Interest including, without limitation, any of the following: K&D Trust, Kozlowski Family Partnership, L.P., Kozlowski Family 1998 Trust, Kozlowski Family Foundation, L. Dennis Kozlowski 1997 Foundation Trust, KMS Partnership, L.P., KMS Family Partnership L.P., KMS Family 1999 Trust, KMS Trust, KMS Family Corp., SFFP Trust, Swartz Family Foundation, Swartz Family Partnership, Mayo Realty Trust LLC, K Corp. LLC, DCS Family Partnership L.P., Endeavour Forever Corp., KFT Family Partnership, L.P., KFT Trust, Kozma Ltd., KD Nominee Trust, Whitehall Street Real Estate Ltd. Partnership, SEA, SEA Holdings LLC, 850

Lake Drive, LLC, 2365 South Ocean Blvd. Realty Trust, 447 Primavera Way, LLC, 24 Straw's Point Realty Trust and GV Realty Trust; and (iii) clarified that the Class Period includes both the beginning date of December 13, 1999 and the ending date of June 7, 2002. The Court finds that these clarifications do not constitute material changes to the Class that was certified pursuant to the Court's June 12, 2006 Order and that no further findings with respect to the Class are necessary.

3.  Also excluded from the Class will be any Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement, Motion for Attorneys' Fees and Fairness Hearing (the "Notice").

4.  **Preliminary Findings Regarding Proposed Settlement** – The Court preliminarily finds that the proposed settlement resulted from extensive arm's-length negotiations under the auspices of experienced former federal judges acting as mediators, and the Settlement Agreement was executed only after Co-Lead Counsel had conducted extensive discovery, including analyzing over Eighty Two Million Five Hundred Thousand (82,500,000) pages of documents produced in discovery and participating in over Two Hundred Fifteen (215) depositions and approximately forty (40) hearings before this Court, either in person or telephonically, over the five year period in which this Action and the Related Actions have been litigated.

5.  **Fairness Hearing** – The Court will conduct a hearing (the "Fairness Hearing") on November 2, 2007 at 10:30 am. to determine, among other things:

    a.  whether the proposed Settlement should be approved as fair, reasonable and adequate;

4

b. whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

c. whether the Related Actions that are currently on this Court's docket should be dismissed with prejudice pursuant to the terms of the Settlement;

d. whether the Notice, Summary Notice and notice methodology implemented pursuant to the Settlement Agreement (*i*) constitutes the best practicable notice, (*ii*) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object to the proposed Settlement, their right to appear at the Fairness Hearing and their right to exclude themselves from the proposed Settlement, (*iii*) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to notice and (*iv*) meet all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 et seq., and any other applicable law;

e. whether the proposed plan of allocation for distributing the Distribution Amount to Authorized Claimants is fair and reasonable;

f. whether the application(s) for attorneys' fees and reimbursement of expenses filed by Co-Lead Counsel should be approved; and

g. whether to rule upon such other matters as the Court may deem appropriate.

6.       **Modification** – the Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind other than that described herein.

7.       **Notice to Class Members** – The Court hereby approves the form, substance and requirements of the Notice, Summary Notice, and Proof of Claim form, annexed hereto as Exhibits A, B and C, respectively.  Class Representatives (or their designee) shall cause notice to be provided to Class Members regarding the Settlement Agreement substantially in the form of the Notice attached hereto as Exhibit A and for purposes of publication substantially in the form of the Summary Notice attached as Exhibit B as set forth in the Settlement Agreement.  The form of Proof of Claim the Class Members will be required to use to participate in the Distribution Amount shall be substantially in the form of that attached as Exhibit C.  The Plan of Allocation for distribution of the Distribution Amount to Authorized Claimants shall be set forth in the Notice and the supporting Estimated Inflation tables shall be made available not later than August 3, 2007 on the websites of Co-Lead Counsel, the Claims Administrator and on the internet at www.tycoclasssettlement.com for review by Class Members.  Non-material changes to the form of Notice, Summary Notice, Proof of Claim and Plan of Allocation may be made without further approval of the Court.

        a.       By no later than August 3, 2007, Co-Lead Counsel shall cause the Notice to be mailed by first-class mail, postage prepaid, to the last known address of the following persons and entities who can be identified by reasonable effort:  (i) each Class Member; and

(ii) all legal counsel known by Co-Lead Counsel or Settling Defendants' Counsel[4] to represent a Class Member. The Notice shall comply with Fed. R. Civ. P. 23 in all respects.

        b.      By no later than August 3, 2007, Co-Lead Counsel shall cause the Notice to be published on the websites of Co-Lead Counsel, the Administrator and on the internet at www.tycoclasssettlement.com.

        c.      By no later than August 10, 2007, Co-Lead Counsel shall cause the Summary Notice to be published on at least one occasion in each of the newspapers identified in the Settlement Agreement.

        d.      By no later than October 22, 2007, as provided for in the Settlement Agreement, the Settling Parties and/or the Administrator shall file with the Court a proof of (*i*) mailing of the Notice, (*ii*) publication of the Notice on Co-Lead Counsel's and the Administrator's websites and (*iii*) publication of the Summary Notice.

        e.      **Retention of Administrator** – The Court authorizes Co-Lead Counsel to retain The Garden City Group, Inc. as Administrator to help implement the terms of the proposed settlement, and authorizes such Administrator to assist Co-Lead Counsel in (*i*) mailing or arranging for mailing of the Notice to Class Members, (*ii*) arranging for publication of the Summary Notice, (*iii*) publishing the Notice on the Administrator's website; (*iv*) answering written inquiries from Class Members and/or forwarding such inquiries to Co-Lead Counsel or

---

[4] As used herein, Tyco Settling Defendants' Counsel refers collectively to counsel for Tyco International Ltd. and counsel for Messrs. Ashcroft and Belnick.

f.      their designee(s), which shall be forwarded by Co-Lead Counsel to counsel for the Settling Defendants as appropriate; (*v*) providing additional copies of the Notice and Proof of Claim forms, upon request, to nominees or Class Members; (*vi*) receiving and maintaining on behalf of the Court any requests for exclusion received from potential Class Members; (*vii*) receiving and processing Proof of Claim forms from Class Members; (*viii*) mailing or causing to be mailed to Authorized Claimants their distributions under the Plan of Allocation; and (*ix*) otherwise assisting Co-Lead Counsel with the administration and implementation of the Settlement Agreement. With respect to any nominees of Class Members, they are directed within seven (7) days of receipt of the Notice, to either forward copies of the Notice to their beneficial owners or to provide the Administrator with lists of the names and addresses of the beneficial owners. Nominee purchasers who elect to send the Notice to their beneficial owners shall send a statement to the Administrator confirming that the mailing was made as directed.

8.      **Participation in Distribution Amount** - A Class Member who wishes to participate in the Distribution Amount, in the event the Settlement is effected in accordance with the Settlement Agreement, must submit a properly executed Proof of Claim form, substantially in the form attached hereto as Exhibit C to the Administrator postmarked not later than December 28, 2007, at the Post Office Box indicated in the Notice. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to any motion for an order of the Court approving distribution of the Distribution Amount is filed. Any Proof of Claim Form submitted in any other manner shall be deemed submitted when received at the address designated in the

Notice. The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury; and (v) for Class Members who purchased One Thousand (1,000) or more shares of Tyco common stock during the Class Period, the Proof of Claim must include an individual release and be executed by the Class Member..

9. **Exclusion from the Class** – Any Class Member who wishes to be excluded from the Class must mail by first-class mail or otherwise deliver a written request for exclusion to the Administrator, care of the address provided in the Notice, such that it is postmarked or delivered no later than September 28, 2007. The request for exclusion must be signed by or on behalf of the person requesting exclusion and must identify the name and address of the person requesting exclusion. All requests for exclusion should also provide a telephone number, the amount and type of Tyco Securities purchased, otherwise acquired, or sold during the Class Period, the prices paid or received for such transactions, the date of each transaction and the amount and type of Tyco Securities held at the beginning of the Class Period. If the proposed Settlement is approved, any Class Member who does not file a timely written request for exclusion from the

Class and his, her or its heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns shall be bound by the Release and by all proceedings, orders and judgments in the Action, even if he, she or it has pending, or subsequently initiates, any litigation, arbitration or other proceeding, or has any Claim, against any or all of the Tyco Settling Defendants' Releasees or the PwC Releasees relating to any of the Released Claims. Class Members who validly request exclusion from the Settlement shall not be entitled to receive any payment out of the Distribution Amount as described in the Settlement Agreement and Notice, nor shall such Class Members be eligible to participate in any future recoveries resulting from the Officer Assigned Claims or the Tyco Claims. A list of the persons and entities who have validly and timely requested exclusion from the Settlement shall be provided by the Settling Parties to the Court at or before the Fairness Hearing.

10. **Objections** – Any Class Member who has not filed a timely and valid request for exclusion from the Settlement, who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement, to the Plan of Allocation, to any term(s) of this Settlement Agreement, or to the proposed Attorneys' Fees and Expenses Award, must both effect service on Co-Lead Counsel and Settling Defendants' Counsel and file with the Court (a) a statement of the amount and type of all Tyco Securities purchased, otherwise acquired, or sold during the Cass Period, the prices paid or received, and the date of each transaction, and (b) a statement of his, her or its objection(s), as well as (*i*) which part of this Settlement Agreement the Class Member objects to, and (*ii*) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention, and any evidence the Class Member wishes to introduce in support of such objection. The Class

Member must file such objections with the Clerk of the Court and serve copies of the statements to each of the following:

> Clerk of the Court
> United States District Court
> for the District of New Hampshire
> 55 Pleasant Street, Room 110
> Concord, NH 03301
> Re: Case No. 02-266-PB
>
> ***Co-Lead Plaintiffs' Counsel***
>
> Jay W. Eisenhofer, Esq.
> Sidney S. Liebesman, Esq.
> Grant & Eisenhofer P.A.
> Chase Manhattan Centre
> 1201 North Market Street
> Wilmington, DE 19801
>
> ***Co-Lead Plaintiffs' Counsel***
>
> Richard S. Schiffrin, Esq.
> Katharine M. Ryan, Esq.
> Schiffrin Barroway Topaz & Kessler, LLP
> 280 King of Prussia Road
> Radnor, PA 19087
>
> ***Co-Lead Plaintiffs' Counsel***
>
> Melvyn I. Weiss, Esq.
> Sanford P. Dumain, Esq.
> Milberg Weiss LLP
> One Pennsylvania Plaza
> New York, NY 10119
>
> ***Counsel for Tyco International Ltd.***
>
> Ann M. Galvani, Esq.
> Boies, Schiller & Flexner LLP
> 575 Lexington Avenue, 7th Floor
> New York, NY 10022

>Jeffrey A. Hall, Esq.
>Bartlit Beck Herman Palenchar & Scott LLP
>Courthouse Place, Suite 300
>54 W. Hubbard
>Chicago, IL 60610
>
>***Counsel for Ashcroft***
>
>Gregory A. Markel, Esq.
>Cadwalader Wickersham & Taft LLP
>One World Financial Center
>New York, NY 10281
>
>***Counsel for Belnick***
>
>William T. Hassler, Esq.
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, N.W.
>Washington, DC 20036
>
>***PwC's Counsel***
>
>Michael P. Carroll, Esq.
>Davis Polk & Wardwell
>450 Lexington Ave.
>New York, NY 10017

The objector and his, her or its counsel (if any) must both effect service of his, her or its objection on one of Co-Lead Counsel and one of the Settling Defendants' Counsel and file it with the Court by no later than September 28, 2007. Any Class Member who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

11. **Appearance at Fairness Hearing** – Any Class Member who files and serves a timely, written objection in accordance with paragraph 10 above may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class

Members or their attorneys intending to appear at the Fairness Hearing must both effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address and telephone number of the Class Member (and, if applicable, the name, address and telephone number of the Class Member's attorney) on Co-Lead Counsel and Settling Defendants' Counsel (at the addresses set out above) and file it with the Court by no later than September 28, 2007. Any Class Member who does not timely file and serve a Notice of Intention to Appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

12. **Settlement Approval Papers** – The Settling Parties shall file any papers in support of the Settlement or in support of or in response to Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses no later than October 22, 2007.

13. **Preliminary Injunction** – Class Members who do not validly and timely exclude themselves from the Settlement (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in as Class Members or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, against any or all of the Tyco Settling Defendants' Releasees or PwC Releasees, based on or relating in any way to the Released Claims. In addition, all persons are hereby preliminarily enjoined from filing, commencing or prosecuting against any or all of the Tyco Settling Defendants' Releasees or PwC Releasees any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Class Members, including Class Members who have not timely

excluded themselves from the Settlement Class, if such other lawsuit is based on or relates in any way to the Released Claims.

14. **Service of Papers** – Settling Defendants' Counsel and Co-Lead Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

15. **Termination of Settlement** – This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately prior to the execution of the Settlement Agreement, including those Settling Parties in the Related Actions that are not presently pending before this Court, if: (*i*) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (*ii*) the proposed Settlement is Completely Terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed Settlement Agreement shall become null and void and of no further force and effect, and neither the Settlement Agreement or the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

16. **Partial Termination of Settlement** - If a Partial Termination occurs as provided for in Section X of the Settlement Agreement, the remaining Settling Parties will proceed as set forth in the Settlement Agreement and submit an Alternative Judgment as provided for in Section X.B.1 of the Settlement Agreement. The Settling Defendant electing Partial Termination shall become a Non-Settling Defendant and treated as such for all purposes in accordance with the Settlement Agreement.

17.  **Use of Order** – This Order shall be of no force or effect if the Settlement Agreement does not become final. If the Settlement does not become final, this Order shall not be construed or used as an admission, concession or declaration by or against the Settling Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against Class Representatives or the Class Members that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

18.  **Continuance of Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice.

19.  **Exclusive Jurisdiction** – The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected to the Settlement.

SO ORDERED this 13th day of July, 2007.

Paul Barbadoro
United States District Judge

15