**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


In re: Tyco International            MDL No. 02-md-1335-PB
Ltd., Securities Litigation                  All Cases


**O R D E R**

Tyco International, Ltd. ("Tyco") seeks a protective order to preclude the depositions of several of its current and former attorneys, as well as some of its forensic accountants. The "Joint Submission Concerning Status of Outstanding Motions" (Document No. 1057) lists the following depositions still at issue, which are the subject of both Tyco's Motion for Protective Order (Document No. 857) and Plaintiffs' Motion to Compel (Document No. 888):

1. Trial Counsel: Boies and Barron;

2. Corporate/Securities Counsel: McLucas and Cross; and

3. Forensic Accountants: DeMario, Gaumond, Heckler and Ten Eyck.

The deposition dispute over Galvani, Shapiro, Kunstler, Taber, Anzalone, Boumann, Bunder, Evans, Schuyler and Soroka are withdrawn and are deemed moot.

Discussion

Taking depositions of opposing trial counsel is generally disfavored and discouraged.  See Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003); see also In re Subpeona Issued to Dennis Friedman, 350 F.3d 65, 70-72 (2d Cir. 2003).  Although such depositions are disfavored, they are not prohibited.  See Bogosian, 323 F.3d at 66.  The factors to be considered include:  "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, non-privileged and crucial to the moving party's case."  Id.  While Bogosian dealt with trial testimony, these factors are also relevant to depositions of trial counsel.  In Friedman, the Second Circuit stated that a "flexible" approach to lawyer depositions should be taken, whereby all the factors set forth in Rule 26 are considered.  See Friedman, 350 F.3d at 72.  These factors include the need to depose the lawyer, the lawyer's role in the matter upon which discovery is sought, the risk of privilege and/or work-product issues arising, and the extent of existing discovery.  See id. The various factors must be considered for each lawyer's

2

deposition independently.

A.   Trial Counsel

   1.   Frank Barron

The two parties who seek to depose Barron are the ERISA plaintiffs (Document No. 884) and Defendant Walsh (Document No. 897).  In each case, the basis for the proposed deposition is to question Barron about documents he attached to a May 30, 2002 email he sent to Belnick[1].  These parties acknowledge that the communication was initially attorney-client privileged, but they assert waiver by voluntary production.  Tyco, for its part, has provided documentation (see Document No. 911-3) that these documents were recalled under the March 11, 2005 Stipulated Protective Order as inadvertently produced.  The Stipulated Protective Order clearly gives Tyco the right to recall those documents.

The documents, therefore, are privileged.  Barron may not be compelled to testify about them, and neither the ERISA plaintiffs nor Walsh have shown any other basis for the deposition.  The motion for protective order as to Barron is granted.

---

[1] The ERISA plaintiffs list it as Bates ATYC-02091261, while Exhibit 2 set forth by Walsh is a different copy of the same email.

    2.   <u>David Boies</u>

Although Mr. Boies currently serves as trial counsel, his involvement has not been limited to preparation of the case for trial. He has been involved in SEC filing materials, testimony in criminal trials, interactions with accountants, and an independent investigation of the company for Tyco (the "Boies Report"). The ERISA plaintiffs and the New Jersey plaintiffs seek to take Boies' deposition.

The plaintiffs do not seek to depose Boies about "anything which was prepared in anticipation of litigation." (Document No. 884-2, p. 1). Instead they seek discovery of information from these earlier proceedings and investigations which are no longer active. A sophisticated lawyer like David Boies should have no difficulty differentiating his privilege and/or work product matters in this litigation from his involvement in the criminal trials, SEC filings and the Boies Report. Significantly, Judge Barbadoro has already ruled "that Tyco waived its attorney-client and work product privilege claims with respect to any documents that it voluntarily produced to either the SEC or the New York District Attorney." <u>In re Tyco International, Inc. Multidistrict Litigation</u>, 2004 WL 556715, *2 (D.N.H. March 19, 2004). The

Boies Report was also voluntarily filed with the SEC.[2] The Boies Report and all voluntary filings with the SEC and the New York District Attorney, therefore, have lost any privilege or work product protection.

David Boies, as the person who directed, issued and has publicly spoken about the Boies Report, may be deposed about it. The drafts of the report are privileged, however, and Boies may not be examined about them. He also may be deposed about the subject areas covered by his testimony at the criminal trials and all voluntary filings with the SEC and New York District Attorney in which he participated. In addition, he may be deposed about facts he learned which were not included in the filings, as such facts are not privileged or protected. Boies played a key role in both the earlier investigation of Tyco and preparation of the report and he was the only witness to certain facts. The court is confident that the parties can navigate the privileged and privilege-waived areas. The motion to compel and motion for protective order regarding Boies' deposition, therefore, are

---

[2] Judge Barbadoro has circumscribed that waiver, however, by clarifying that Tyco has not waived its privilege with respect to drafts of the Boies' Reports which had not been disclosed. See In re Tyco Multidistrict Litigation 02-MD-1335-PB,(D.N.H. March 7, 2007).

granted in part and denied in part, as set forth above.

B.   Corporate/Securities Counsel

    1.   William McLucas

McLucas is an attorney with the law firm of Wilmer Cutter. He was the lead "outside" counsel for Tyco with respect to a 1999 SEC "inquiry" of Tyco.  During the criminal trial of Belnick, Mr. McLucas testified at length about the 1999 SEC inquiry, including his interaction with: (1) Tyco employees, including Belnick; (2) SEC employees; (3) other "outside" counsel; and (4) outside and inside accountants.  While the 1999 SEC inquiry involved extra-judicial disclosures, the trial testimony obviously involved only judicial disclosures.  McLucas' testimony at trial constitutes a waiver of those subject areas covered; however, subjects not broached in that testimony are not waived.  See In re Keeper of the Records (XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003).

Accordingly, the Motion for Protective Order and Motion to Compel are granted in part and denied in part, to allow McLucas' deposition pertaining to only that information about which he testified at Belnick's trial and the Tyco documents voluntarily produced to the SEC and New York District Attorney.

2.   Meredith Cross

Walsh and plaintiffs seek to depose Cross about her participation in the 1999 SEC inquiry and the preparation of the Tyco 2002 proxy statement.  For the reasons set forth in the McLucas and Boies discussion above, Ms. Cross may be deposed about her involvement in any area of the 1999 SEC inquiry concerning the documents voluntarily produced, and may be deposed about subject areas which Tyco waived its privilege as a result of any of its attorneys' trial testimony.  She may also be deposed concerning the documents set forth in Exhibits 3, 4, 5, 6 and 7 to Document no. 897.  Any privilege has been waived by production, and Tyco has neither argued nor demonstrated that the production was inadvertent or recalled under the Stipulated Protective Order.

C.   Forensic Accountants

The parties dispute whether plaintiffs may depose Tyco's former forensic accountants, Mariane DeMario, Mark Gaumond, Brian Heckler and the Ten Eyck firm.  Mariane DeMario is a partner and managing director of Urbach, Kahn & Werlin ("UKW"), and was the leader of its legal review division that investigated Tyco.  Mark Gaumond is a partner at Ernst & Young who was part of the

"investigations New York-based team." Brian Heckler was "a recipient of an 'open issues' or 'questions' document referring to accounting issues left unanswered in KPMG's investigation of PWC's work papers." Document no. 895-1, p. 11. Ten Eyck is a forensic accounting firm that was involved in the 1999-2000 SEC inquiry.

The privileges afforded to Tyco by the attorney-client privilege apply not just as to its attorneys, but also to accountants hired to assist those attorneys. See United States v. Mullen & Co., 776 F. Supp. 620, 621 (D. Mass. 1991); see also In re Grand Jury Subpoena, 599 F.2d 506, 5112 (2d Cir. 1979). It follows, however, that to the extent privilege and work product protection have been waived as to the attorneys, they also have been waived as to the accountants. The accountants, therefore, may be deposed with respect to all documents voluntarily produced to either the SEC or the New York District Attorney, the Boies Report, all subject matter areas waived by the trial testimony of any Tyco lawyer, and any area of trial testimony by any of the "forensic" accountants. The protective order is otherwise granted.

## Conclusion

For the reasons and to the extent set forth above, the motion to compel (Document no. 888) and motion for protective order (Document no. 857) are each granted in part and denied in part.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: September 7, 2007

cc:   Counsel of Record