UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Tyco International, Ltd.
Multidistrict Litigation

Case No. 02-md-1335-PB
ALL CASES
Opinion No. 2008 DNH 040

**O R D E R**

Scott Davis and Jay Korach have filed a class action complaint against Tyco International, Ltd., asserting state law securities claims on behalf of a class of holders (as opposed to purchasers) of Tyco's stock.  Tyco has challenged the complaint in a motion to dismiss based on the Securities Litigation and Uniform Standards Act ("SLUSA").  Plaintiffs respond by claiming that SLUSA is inapplicable because they have limited the size of the proposed class to 50 shareholders.  The parties agree that their dispute turns on whether the complaint is a "covered class action" as that term is used in SLUSA.

A "covered class action" is defined in SLUSA as

(i) any single lawsuit in which —

> (I) damages are sought on behalf of more
> than 50 persons or prospective class members,
> and questions of law or fact common to those
> persons or members of the prospective class,
> without reference to issues of individualized

>    reliance on an alleged misstatement or
>    omission, predominate over any questions
>    affecting only individual persons or members;
>    or
>
>      (II) one or more named parties seek to
>    recover damages on a representative basis on
>    behalf of themselves and other unnamed
>    parties similarly situated, and questions of
>    law or fact common to those persons or
>    members of the prospective class predominate
>    over any questions affecting only individual
>    persons or members; or
>
>  (ii) any group of lawsuits filed in or pending in the
>  same court and involving common questions of law or
>  fact, in which —
>
>      (I) damages are sought on behalf of more
>    than 50 persons; and
>
>      (II) the lawsuits are joined, consolidated,
>    or otherwise proceed as a single action for
>    any purpose.

15 U.S.C. § 77p(f)(2)(A); 15 U.S.C. § 78bb(f)(5)(B).

Tyco argues that the complaint qualifies as a covered class action under subsection (i)(II) because plaintiffs are attempting to recover damages on a representative basis on behalf of unnamed parties and common questions of law and fact predominate over individual issues. Plaintiffs contend that subsection (i)(II) does not apply to cases such as theirs, which are limited to classes of fifty or fewer people. To succeed with this argument, plaintiffs must demonstrate that the 50-person size limitation

found in subsection (i)(I) also applies to subsection (i)(II).

Plaintiffs offer three arguments to support their interpretation, none of which are persuasive.  First, they claim that their interpretation is supported by the Supreme Court's recent decisions in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71 (2006) and Kircher v. Putnam Funds Trust, 547 U.S. 633 (2006).  I disagree.  The Supreme Court did not address the issue that is before me in either Dabit or Kircher.  Thus, the court has not yet had an opportunity to make a considered evaluation of the interpretive question on which this case turns.

Plaintiffs next argue that their interpretation of subsection (i)(II) is required in order to prevent subsection (i)(I) from being superfluous.  This argument is simply wrong.  Subsection (i)(I) covers cases that are not covered under subsection (i)(II), regardless of whether the latter subsection is construed to include the 50-person size requirement.  Subsection (i)(I) covers cases in which multiple named plaintiffs have joined their claims in a single action, whereas subsection (i)(II) applies only to claims in which named plaintiffs have brought representative claims on behalf of unnamed parties.  Subsection (i)(I) also applies to certain cases in which a

finding that common issues predominate would be precluded by questions of individual reliance, whereas subsection (i)(II) applies only to cases in which common issues predominate when all aspects of the claim are considered.  These differences persist whether or not subsection (i)(II) is construed to include the 50-person size requirement.  Thus, subsection (i)(I) is not superfluous simply because subsection (i)(II) does not contain a class size limitation.

Finally, plaintiffs argue that 50-person size requirement should be "read into" subsection (i)(II) because its omission must have been a drafting error.  I disagree with the premise on which this argument is based.  SLUSA draws distinctions between actions in which named plaintiffs are suing on their own behalf (subsections (i)(I) and (ii)) and actions in which plaintiffs are suing to recover damages on a representative basis for unnamed parties (subsection (i)(II)).  Only the former cases are subject to the more than 50-person size requirement.  SLUSA's legislative history does not suggest that this rational distinction was the result of a drafting error.  Accordingly, I will not take the extraordinary step of reading into subsection (i)(II) a limitation that the provision does not contain.

Tyco is correct in contending that plaintiffs' complaint qualifies as a covered class action under SLUSA.  Because the parties agree that the class claims must be dismissed under these circumstances, Tyco's motion to dismiss with prejudice (Doc. No. 1142) is granted.[1]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

February 20, 2008

cc:  Counsel of Record

---

[1] I am also unpersuaded by plaintiffs' alternative argument that I should permit them to proceed only on their individual claims if the class claims are barred by SLUSA.  This is the second time that this case is before me.  Plaintiffs elected to plead their claims as a class action despite the fact that I dismissed their original class action complaint on similar grounds.  The claims as drafted are barred by SLUSA.  That ends the matter.