**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**In re: Tyco International, Ltd.,**            MDL DOCKET NO. 02-1335-B
**Securities Litigation**                       This document relates to:
                                                Civil No. 02-cv-266-PB

**O R D E R**

On October 6, 2008, this court entered a Temporary

Restraining Order ("TRO") temporarily barring Dennis Kozlowski,

his agents, servants, employees and attorneys, and any other

persons in active concert or participation with Kozlowski, from

transferring, encumbering, or otherwise disposing of Kozlowski's

assets.[1]

I make the following findings and rulings in extending the

TRO:

1.   The court has the power to grant a temporary

restraining order to prevent the transfer of the assets that are

the subject of Tyco's equitable claims.  See, e.g., Grupo

Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S.

---

[1]  The terms of the TRO are attached hereto and are made a
part of this Order.

308 (1999); <u>United States ex rel. Rahman v. Oncology Assocs., P.C.</u>, 198 F.3d 489, 496 (4th Cir. 1999).

    2.    The Anti-Injunction Act does not bar the court from granting the requested relief because Tyco is neither a party to the state court divorce action nor in privity with a party to that action.  <u>See, e.g.</u>, <u>County of Imperial v. Munoz</u>, 449 U.S. 54, 59-60 (1980); <u>Casa Marie, Inc. v. Superior Court</u>, 988 F.2d 252, 264 (1st Cir. 1993); <u>see also</u>, <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>, 204 F.3d 867, 879-80 (9th Cir. 2000)(noting continued vitality of "stranger to the state court proceeding" exception).

    3.    Tyco's faithless servant claims are governed by New York law, the jurisdiction with greatest interest in the litigation.

    4.    The faithless servant doctrine permits an employer to recover all compensation paid to an employee after his first faithless act.  <u>See, e.g.</u>, <u>Phansalkar v. Andersen Weinroth & Co., L.P.</u>, 344 F.3d 184, 211 (2d Cir. 2003).

    5.    Tyco is likely to succeed on the merits of its faithless servant claims.

6.    The payment that Kozlowski made to Tyco as restitution in the criminal case has not fully compensated Tyco for the losses it suffered and the deferred compensation that Tyco has withheld from Kozlowski is not adequate security to insure that Tyco is made whole.

7.    The harm that Tyco will suffer if the TRO is not extended will be irreparable because Kozlowski will be free to transfer a substantial part of assets at issue in this action to his ex-wife if the TRO is not extended.

8.    The balance of hardships favors Tyco, and Kozlowski will not suffer irreparable harm if the TRO is issued.  The court will authorize any specific transfers during the period that the TRO is in place that may be necessary to prevent irreparable harm to Kozlowski while the injunction is in effect.

9.    The TRO must be extended to preserve the status quo until the court can rule on Tyco's request for a preliminary injunction.

10.    Tyco has substantial assets and will be able to pay any expenses, fees, or damages that it may become obligated to pay in the event that I later determine that the TRO should not have been issued.  A bond is not necessary.

-3-

For the foregoing reasons, the TRO issued on October 6, 2008 (Doc. No. 1330) is extended until 5:00 p.m. on October 31, 2008, or until further order of the court modifying, extending, or dissolving the TRO.  The clerk shall schedule a hearing on Tyco's request for a preliminary injunction.  Tyco's request for expedited discovery is granted.

SO ORDERED.


/s/Paul Barbadoro_____
Paul Barbadoro
United States District Judge


October 17, 2008

cc:  Counsel of Record

-4-

**UNITED STATES DISTRICT COURT**          <u>**Attachment**</u>
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**In re:**</u>

MDL Docket No. 02–1335–B (PJB)

<u>**Tyco International, Ltd.;**</u>
<u>**Securities Litigation**</u>

This document relates to:
Civil No. 02–cv–266–PB


<u>**TEMPORARY RESTRAINING ORDER**</u>

Upon the motion dated October 3, 2008, of Plaintiffs Tyco

International Ltd. and Tyco International (U.S.) Inc.

(collectively, "Tyco") for a temporary restraining order and a

preliminary injunction against Defendant L. Dennis Kozlowski and

for other relief (the "Motion"), the Court having heard from

counsel for Tyco and Defendant, and good cause having been shown,

in order to preserve the status quo pending the determination of

the Motion for a preliminary injunction, it is hereby

ORDERED that:

1.    Until 5 p.m. October 17, 2008, or, until further order

of the Court modifying, extending, or dissolving this temporary

restraining order, Defendant L. Dennis Kozlowski, his agents,

servants, employees and attorneys, all persons in active concert

or participation with said Defendant and all other persons who

receive actual notice of this Order by personal service or

otherwise, shall  not transfer, assign, encumber, sell or dispose

of any assets or property, real or personal, tangible or

-5-

intangible, in which said Defendant has a legal, equitable, custodial or beneficial interest, except as may be required to pay bills or expenses of said Defendant in the ordinary course (other than any payments in connection with any agreement with or divorce judgment granted to Karen Kozlowski);

2.    Tyco shall file a supplemental memorandum by no later than 5 p.m. on October 8, 2008;

3.    Defendant shall file a supplemental memorandum by no later than 5 p.m. on October 14, 2008;

4.    Tyco will have until 5 p.m. on October 16, 2008 to file a reply to Defendant's memorandum;

5.    The Court will decide whether to modify, extend or dissolve this temporary restraining order after the supplemental briefing called for in this order has been submitted.


        SO ORDERED.



                                _/s/Paul Barbadoro___
                                Paul Barbadoro
                                United States District Judge


October 6, 2008

cc:  Counsel of Record