**NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 1/21/09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


```
* * * * * * * * * * * * * * * *
                               *
IN RE:                         *
                               *
TYCO INTERNATIONAL, LTD.       * No. 02-md-1335-PB
                               * October 20, 2008
Multidistrict Securities       * 2:00 p.m.
Litigation                     *
                               *
* * * * * * * * * * * * * * * *
```


TELEPHONE CONFERENCE
BEFORE THE HONORABLE PAUL J. BARBADORO


Appearances:


Tyco International:    Elizabeth F. Edwards, Esq.
                      Marshal Beil, Esq.
                      McGuireWoods, LLP

For Mr. Kozlowski:    Robert N. Shwartz, Esq.
                      Jyotin R. Hamid, Esq.
                      Debevoise & Plimpton, LLP

For NJ Plaintiffs:    Michael O'Mullan, Esq.
                      Riker, Danzig, Scherer, Hyland &
                      Perretti, LLP

For Mrs. Kozlowski:   Laura L. Carroll, Esq.
                      Burns & Levinson, LLP

                      Jason R. Marks, Esq.
                      Kluger, Peretz, Kaplan & Berlin, LP


Court Reporter:       Sandra L. Bailey, CSR, CM, CRR
                      Official Court Reporter
                      U.S. District Court
                      55 Pleasant Street
                      Concord, NH   03301
                      (603) 225-1454

```
 1                      IN CHAMBERS

 2             THE COURT:  This is Judge Barbadoro.  I have a

 3     court reporter here and my law clerks.  I'm going to ask

 4     counsel for Tyco to identify yourself and anybody else

 5     who will be speaking during the hearing, and then we

 6     will go through the counsel for Mr. Kozlowski.

 7             MS. EDWARDS:  This is Elizabeth Edwards from

 8     McGuireWoods, and also on the line is my partner,

 9     Marshall Beil.

10             THE COURT:  All right, and counsel for Mr.

11     Kozlowski.

12             MR. SHWARTZ:  This is Robert Shwartz and with

13     me is Jyotin Hamid, both from Debevoise & Plimpton on

14     behalf of Dennis Kozlowski.

15             THE COURT:  All right, and apparently counsel

16     for Mrs. Kozlowski asked to be allowed to participate.

17     Mrs. Kozlowski is not a party to these proceedings,

18     hasn't moved to intervene.  I don't think I can give her

19     counsel status to participate, but I did agree to allow

20     them to listen in on the phone call.  Whoever is there

21     for Mrs. Kozlowski, if you could just identify yourself,

22     please.

23             MR. MARKS:  Sure, thank you, judge.  My name

24     is Jason Marks, Kluger, Peretz, Kaplan & Berlin in Miami

25     for Mrs. Kozlowski.
```

```
 1          MS. CARROLL:  Yes, and also I'm Laura Carroll

 2   with the firm of Burns & Levinson in Boston also

 3   appearing for Mrs. Kozlowski, listening as your Honor

 4   indicated.  I'm a member of the New Hampshire federal

 5   and state bar.

 6          THE COURT:  All right, thank you.  All right,

 7   I wanted to talk to you about two things.

 8          First I want to know whether the parties are

 9   interested in trying to find some practical way to

10   resolve this matter in a way that both parties can live

11   with, and if so, what you intend to do to try to pursue

12   those efforts to resolve the matter practically.  If you

13   can't agree on how it should be resolved, I've scheduled

14   a hearing on the request for preliminary injunction for

15   next Monday I believe, and I wanted to talk to the

16   parties about what I was expecting from them prior to

17   the hearing.

18          Let's talk about whether there's a possibility

19   of reaching some kind of interim agreement that would

20   make the need for a preliminary injunction unnecessary.

21          I'll first ask Tyco's counsel.  Have you given

22   any thought to trying to explore a practical solution to

23   this problem which would of course require compromise on

24   your part?

25          MS. EDWARDS:  Yes, your Honor, and we are
```

1  certainly willing to talk with Mr. Kozlowski's counsel

2  to that end.  We had a brief conversation earlier today

3  but really didn't advance the ball in that very much.

4          THE COURT:  All right, and what does Mr.

5  Kozlowski's counsel have to say?

6          MR. SHWARTZ:  Your Honor, we're open to any

7  ideas.  The conversation that Ms. Edwards and I had

8  earlier today was not about the possibility of finding

9  such a compromise but was about what, if anything, might

10  be needed to make the record before your Honor rules on

11  the motion for preliminary injunction.

12          THE COURT:  Well, I've already made clear that

13  I'm not going to enforce any kind of injunction in such

14  a way as that would cause irreparable harm to Mr.

15  Kozlowski if, for example, payments need to be made to

16  keep assets from being damaged or destroyed, to engage

17  in ordinary kinds of transactions, if there's some

18  demonstrated need for certain monies to go to Mrs.

19  Kozlowski for support during this period, I'm going to

20  allow that kind of -- those kind of transfers to occur.

21  It seems to me that the practical answer to this problem

22  is for Mr. Kozlowski to make full and frank disclosure

23  of his assets to Tyco, and for Tyco to reach a

24  reasonable agreement that allows certain of those assets

25  to be transferred to Mrs. Kozlowski, and if necessary

1    Mrs. Kozlowski could provide adequate security that in

2    the event that it's determined that the transactions

3    were inappropriate, that Tyco would be protected.  There

4    are practical ways to work this out, and I don't know

5    why the parties don't want to try to pursue them.

6             Anybody want to speak?

7             MS. EDWARDS:  Your Honor, this is Elizabeth

8    Edwards.  I can assure you that Tyco would be happy to

9    try to pursue those avenues.  I think as an initial

10   matter, as your Honor just recognized, that we do need

11   disclosure of Mr. Kozlowski's assets and any transfers

12   that have been made so that we can have a framework to

13   begin our discussions.

14            THE COURT:  Yeah, I think that has to be a

15   starting point because you've got an argument that

16   you're entitled to recover probably more than whatever

17   he's got left, and before you can agree to allow assets

18   to be transferred you need to know how much he's got and

19   what transfers he's proposing to make, and if he's

20   willing to let you know what he's got and what transfers

21   he wants to make, if he understands that by doing that

22   that you will work with him and allow certain transfers

23   to be made, then I think we could work something out

24   here, but is Mr. Kozlowski willing to participate in

25   that kind of a process?

1           MR. SHWARTZ:  Well, your Honor, we are in the

2    process of gathering the information that we understand

3    is responsive to the expedited discovery that your Honor

4    ordered on Friday, and of course Ms. Edwards already has

5    the marital settlement agreement which lays out all of

6    the obligations that Mr. Kozlowski needs to make under

7    the terms of his divorce settlement, and I believe it

8    was two weeks ago today that we enumerated the then two

9    transfers that had been made in connection with the

10   divorce settlement and there was one other transfer that

11   was made that same day which we advised the court and

12   Ms. Edwards by a letter, and to the best of my knowledge

13   there have been no other transfers in connection with

14   the divorce since then.

15           We understand your Honor's already recognized

16   and I think Ms. Edwards has already acknowledged that

17   payment of ordinary expenses and bills unrelated to the

18   divorce are not restrained by the TRO, and we're

19   certainly mindful of that.

20           So I think we are in the process of getting

21   them the information that your Honor directed and if

22   that, you know, buys a solution to this, that would be

23   great and we're open to it, but I'm not sure that

24   they'll learn anything more about payments to Mrs.

25   Kozlowski than they already have from the marital

1    settlement treatment.

2           THE COURT:  No, I think what they want to know

3    is how much has he got.  If he's got 700 million let's

4    say hypothetically, which we know he doesn't have, and

5    they want 600 million, then they wouldn't object to some

6    of the money being transferred I assume, right?  I mean

7    there are --

8           MR. SHWARTZ:  I understand that and we're in

9    the process of assembling what would essentially be a

10   reasonable balance sheet, if you will, of his remaining

11   assets which I think will give a big picture on that

12   question.

13          THE COURT:  And once they get that, assuming

14   they can take steps to decide how reliable the

15   information is, once they can satisfy themselves that

16   they understand reliably what Mr. Kozlowski has, they

17   can make reasonable judgments about what they are going

18   to demand by way of resolving the ultimate litigation

19   against them, and there's a reasonable chance you could

20   resolve the whole thing.

21          Well, I can't force you to be reasonable here,

22   either party, you've got a right to your legal remedies.

23   You want to pursue this preliminary injunction hearing,

24   I'm not going to stop you.  I think it's a silly waste

25   of time for you to proceed in that way, but I will

1  enforce the parties' legal rights, whatever they turn

2  out to be.

3          So let's talk about the hearing on Monday.  I

4  expect from Tyco a set of proposed findings and rulings

5  with detailed citations to evidence to support the

6  findings that Tyco is going to want me to make, and I'd

7  like to have those by the end of the day on Friday.

8  Will you be able to deliver those, Ms. Edwards?

9          MS. EDWARDS:  Yes, your Honor, we will.

10          THE COURT:  And in particular on this

11  likelihood of success argument, I want to see

12  specifically what your evidence is as to what the

13  evidence is about unfaithful acts that would -- to

14  trigger your right to the equitable relief that you're

15  claiming and tying that to the specific demands for

16  return of compensation paid that you're claiming.  So

17  I'm going to need to have much more detail than I've had

18  from you up to now if you want the preliminary

19  injunction to continue.  So, please plan on delivering

20  that to me prior to the hearing.

21          How do the parties want to proceed with

22  respect to the hearing?  I mean, I'm prepared to address

23  the preliminary injunction hearing with affidavits and

24  exhibits and requests for findings and rulings and a

25  brief that is -- where the requests are tied to the

1    affidavits and exhibits, and if necessary we could, and

2    the parties would agree, I'd be willing to take some

3    proffers at the hearing, but if there's some desire to

4    put on testimony, I need to know about that.

5         MS. EDWARDS:  Your Honor, this is Elizabeth

6    Edwards.  We're happy to proceed in that fashion without

7    live testimony, but we will have a Tyco witness

8    available should that, you know, become necessary.

9         THE COURT:  All right.  Anybody else?

10        MR. SHWARTZ:  Your Honor, it's a little hard

11   to know what if any live testimony we might want without

12   first seeing the proposed findings.

13        THE COURT:  Well, if you want to agree to

14   extend the temporary restraining order, you certainly

15   have the ability to do that.  If you want more time, you

16   and Ms. Edwards can agree to it and propose that I

17   continue the hearing for a different date, I'm willing

18   to do that.

19        MR. SHWARTZ:  No, I'm not asking you to extend

20   the TRO, your Honor, I'm just trying to be responsive to

21   your question today.

22        THE COURT:  Well, I can't give you anymore

23   time to react to her findings and rulings.

24        MR. SHWARTZ:  That's fine, your Honor, we'll

25   receive them on Friday and if we -- and we'll be

1  prepared to speak to that when we're before your Honor

2  on Monday at the hearing.

3          THE COURT:  All right, that's the way we will

4  proceed, then.  Again, I strongly urge the parties to

5  consider dealing with each other in a reasonable and

6  practical way because there are solutions to this

7  problem that could leave both parties reasonably

8  satisfied if the parties were willing to pursue them.

9  The approach that I will take at a preliminary

10  injunction hearing is to give whatever relief Tyco is

11  entitled to as a matter of law.  If it's not entitled to

12  relief, I won't give Tyco any relief.  It's sort of an

13  all or nothing proposition and it doesn't seem to me

14  that the parties really would like to have an all or

15  nothing resolution of this matter at the preliminary

16  injunction stage, but if you leave me no choice but to

17  act, that's what I'll do.

18          So I'll look for the findings and rulings by

19  5:00 on Friday, and we'll plan to proceed on affidavits

20  and exhibits and argument on Monday and we'll go from

21  there.

22          Ms. Edwards, I think you should understand

23  this, however, and I'm going to make this clear to

24  people at the telephone conference in which everybody is

25  involved, this case, this Tyco MDL is coming to an end,

1    and my plan, unless somebody can show cause why I

2    shouldn't do it, is after I resolve the preliminary

3    injunction in this matter, is to relatively quickly

4    transfer the Tyco plaintiff cases back to the district

5    from which they came.  The issues that are raised in

6    this matter seem to me to be quite different than the

7    issues that I'm dealing with in the other cases, the

8    legal standards are obviously different, there's, in my

9    mind, a substantial uncertainty as to how the New York

10   Court of Appeals will ultimately apply the faithful

11   servant doctrine.  It seems to me, if I were the judge

12   that were going to handle the case beyond the

13   preliminary injunction stage, I would give serious

14   consideration to certifying the issue to the New York

15   Court of Appeals to get a better guidance from the court

16   as to how that doctrine applies, and I don't see any

17   real reason to keep the case here any longer, so that's

18   my current thinking about it.  Do you have any response

19   on that?

20          MS. EDWARDS:  Your Honor, I think you're

21   exactly right, that we are getting to the time when it

22   would be appropriate to transfer the case back.

23          THE COURT:  Yeah, I think a New York judge

24   should be handling these questions that involve

25   primarily New York law, in my view, and that court can

1   make a decision about whether a certification to the New

2   York Court of Appeals is warranted.  If this were under

3   First Circuit law, First Circuit law would be causing me

4   to give very serious consideration to certifying the --

5   certifying the questions that I have about the way the

6   doctrine applies in New York, but I have to do the best

7   I can with it at the preliminary injunction stage, and I

8   will.

9            Okay --

10           MR. O'MULLAN:  Your Honor?

11           THE COURT:  Yes.

12           MR. O'MULLAN:  This is Mike O'Mullan.  I

13  represent the New Jersey plaintiffs.

14           THE COURT:  Yes.

15           MR. O'MULLAN:  And I just wanted to

16  participate in the call today and let you know that the

17  reason that we filed papers to join in Tyco's motion is

18  because while we recognize that the restraints against

19  Kozlowski's transfer of assets protect everybody since

20  they preserve assets from dissipation, we wanted to make

21  clear to the court that we felt that we were similarly

22  situated with Tyco in the sense that we also have

23  equitable claims to assert in these assets, and that was

24  the purpose of our having filed those papers.

25           THE COURT:  All right, I appreciate that.  I

1   should have acknowledged your interest here.  I didn't

2   -- I can't remember, you filed -- did you file a motion

3   to join in the relief Tyco is seeking?

4          MR. O'MULLAN:  That's how it was captioned,

5   your Honor.

6          THE COURT:  Why don't you plan on being

7   represented at the hearing Monday, then, if you have

8   anything to add to what Tyco's saying.  I assume you

9   will probably plan to rely principally on Tyco to make

10  the case for the preliminary injunction.

11         MR. O'MULLAN:  I think that's probably

12  correct, your Honor, and it's not our objective to

13  further burden the process, but we did want to be part

14  of it.

15         THE COURT:  Okay, I understand.

16         MR. SHWARTZ:  Your Honor, this is Robert

17  Shwartz.  Just in terms of trying to explore the

18  practical solution here, I'm not sure whether talking to

19  Tyco's counsel alone is going to be sufficient given New

20  Jersey and I think the seven opt-outs expressed interest

21  in also restraining Mr. Kozlowski's assets because Tyco

22  is seeking to restrain I think something like

23  $505,000,000.  I don't know what the other parties want,

24  but trying to find something practical is even more

25  difficult under those circumstances.  I'm open to any

1    suggestions that anyone wants to make.

2         THE COURT:  Yes, well, I can offer this

3    suggestion, okay.  Tyco has a strong adversarial

4    relationship with Mr. Kozlowski.  They've been a

5    vigorous litigant actively attempting to protect its

6    rights.  If Mr. Kozlowski can come up with some kind of

7    solution that satisfies Tyco on an interim basis, the

8    court is highly likely to endorse any kind of solution

9    that you can come up with that would be satisfactory to

10   Tyco.  Of course I'll hear from whatever the other

11   litigants have to say about it, but Tyco's taken the

12   lead here, they've been aggressive in pursuing the

13   matter.  I have no reason to believe they wouldn't do

14   everything possible to insure that the potential for

15   recovery against Kozlowski is preserved to the maximum

16   possible extent, so if you worked out something with

17   them, I'm sure that you would then take it to the New

18   Jersey plaintiffs and to the opt-out plaintiffs and that

19   they would be highly likely to find it satisfactory, and

20   in the event that they were not, the court would be

21   inclined to give substantial deference to any agreement

22   that had been reached along those lines.

23        So I would suggest certainly don't cut anybody

24   out of the process, but if Ms. Edwards is willing to

25   deal with you, deal with her, see what you can work out,

1    and bring it to the other people and see if you can get

2    them to agree, and if you can't, ask for a telephone

3    conference, let me know what you have in mind, I'll hear

4    what everybody else has to say about it and we'll see if

5    we can get this thing resolved at least on an interim

6    basis because nobody, I don't think anybody here wants

7    to deny Mr. Kozlowski the opportunity to bring to a

8    conclusion his divorce proceedings.  That's not what

9    this is about.  It's about making sure that the

10   interests that Tyco has in recovering against Mr.

11   Kozlowski are protected and that the interests that the

12   other parties may have in recovering against Mr.

13   Kozlowski are protected, and there has to be some

14   practical way to satisfy those concerns while still

15   allowing this divorce proceeding to be brought to a

16   conclusion in a way that's satisfactory to Mrs.

17   Kozlowski.  I just have to believe that there are

18   practical ways to deal with it.  So I would hope that

19   you try to pursue those matters and see what you can

20   work out.

21          But if you don't, then show up on Monday and

22   I'll look for the proposed findings and rulings, a

23   memorandum of law.  If Mr. Kozlowski wants to file

24   something on Friday, I'll look at that over the weekend

25   too.  If not, come to the hearing with whatever you want

1    me to look at and consider because I'm likely to rule

2    from the bench on Monday on the preliminary injunction.

3              MS. EDWARDS:  Your Honor.

4              THE COURT:  Yes.

5              MS. EDWARDS:  This is Elizabeth Edwards.

6    There's one additional matter.  We don't have a date by

7    which we will get discovery from Mr. Kozlowski, and we

8    would need that in order to incorporate what they learn

9    there into our filing on Friday.

10             THE COURT:  All right, what -- refresh my

11   memory, Ms. Edwards, as to what specifically you feel

12   you need before Friday.

13             MS. EDWARDS:  Basically discovery as to the

14   extent of his assets, and I heard his counsel today

15   saying that there had not been any transfers other than

16   what we've heard about.

17             MR. SHWARTZ:  Haven't been any transfers to

18   Mrs. Kozlowski or in connection with the divorce other

19   than the ones that we've previously identified to your

20   Honor and to counsel.

21             THE COURT:  So that means obviously the thing

22   he's left out is other transfers of ordinary course of

23   business expenditures.  What they are, we don't know.

24             MR. SHWARTZ:  Your Honor, I don't mean to be

25   -- I'm not trying to be in any way coy.  I understood

1   your Honor's order specifically permitted those types of

2   transfers to meet bills and expenses in the ordinary

3   course.

4            THE COURT:  I know.  I just wanted to be clear

5   what you were not -- what you were saying and what you

6   weren't saying.  You've got a lot of money out to Mrs.

7   Kozlowski between the time the New York injunction was

8   lifted and the time that mine was imposed, but you

9   haven't violated my injunction since then.  That's what

10  I hear you saying.

11           MR. SHWARTZ:  We have not violated your

12  Honor's TRO at any time.

13           THE COURT:  Yeah.  So that means you haven't

14  given anything to Mrs. Kozlowski, but you have

15  potentially made ordinary course of business

16  expenditures that are unrelated to the divorce matter.

17           MR. SHWARTZ:  We're in the process of trying

18  to get our handle on that, your Honor.  We don't control

19  those and we're in the process of trying to learn about

20  them, but --

21           THE COURT:  I can't believe that the situation

22  that his -- his financial situation is so complex that

23  you don't -- can't get in touch with the person that can

24  tell you exactly what he's got, where it is, and what

25  he's spending it on.

1          MR. SHWARTZ:  We have been in touch with those

2    people and we're in the process of assembling the

3    information and documents to comply with the discovery

4    order that your Honor issued on Friday.

5          THE COURT:  All right, how about the end of

6    the day Wednesday?

7          MR. SHWARTZ:  I will try to do that.  I'm

8    waiting to hear back from the people I spoke to this

9    morning, but we will do everything we can to get it by

10   the end of Wednesday.

11         THE COURT:  All right, so if there's a problem

12   with that you try to work it out with Tyco's counsel,

13   and if you can work it out and get it in a little later

14   than that or you have a satisfactory excuse that Ms.

15   Edwards can live with, that's fine with me, and if you

16   otherwise feel you can't comply by the end of the day

17   Wednesday and you haven't been able to satisfy Ms.

18   Edwards as to why you haven't been able to comply and

19   you want some additional time, call my clerk and ask for

20   a telephone conference, set out your reasons, and if you

21   have a good reason, then obviously I don't want you to

22   do something that you can't -- that you just simply are

23   unable to do.  So if you're running into some kind of a

24   problem and you have a good justification and you can't

25   get Ms. Edwards to agree, then ask for a telephone

1    conference, I'll hear you out, and if it's reasonable

2    I'll give you some more time on that.  Okay?

3         MR. SHWARTZ:  Thank you, your Honor.

4         THE COURT:  All right, anything else anybody

5    wants to take up with me on the TRO preliminary

6    injunction?

7         All right, and I haven't gotten any kind of

8    pleadings from Mrs. Kozlowski's counsel, but you're

9    welcome to attend the hearing on Monday as well.  I

10   certainly am not trying to keep you out of this process.

11   I simply didn't feel that I could include you and give

12   you status as an intervenor when you haven't sought that

13   status.

14        MR. MARKS:  Judge, it's Jason Marks.  Thank

15   you for the opportunity to participate.  We will be

16   filing, if we haven't already, a motion to intervene so

17   that we will be allowed to formally participate in

18   what's going on.  Obviously all of this implicates Mrs.

19   Kozlowski and the agreed upon terms that she reached

20   with Mr. Kozlowski, and I'm glad I was able to

21   participate, I now have a much better sense of the

22   direction of this preliminary matter between Tyco and

23   Mr. Kozlowski.  We will be moving to intervene.  You had

24   asked that Tyco and Mr. Kozlowski's counsel reach out to

25   one another to try to formulate a reasonable resolution.

1    I suspect that they are going to need Mrs. Kozlowski's

2    participation in that discussion without getting into

3    all of the issues which are raised by virtue of the TRO

4    as it affects the marital settlement agreement reached

5    in Florida.  There are a number of moving parts which

6    need to be addressed.  Now whether they need to be

7    addressed before Monday's hearing remains to be seen.

8    I'm not so sure that they do, and depending on the

9    outcome of Monday's hearing would depend on Mrs.

10   Kozlowski's further involvement in the matter.

11   Obviously if a preliminary injunction is entered and it

12   impacts the Kozlowskis' ability to comply with the

13   Florida court's final judgment, then we're going to have

14   to address those issues and we will get in contact with

15   the court and the appropriate parties in order to be

16   able to do that, but right now we're in a sort of wait

17   and see posture depending on the outcome of Monday's

18   hearing, but I did want everyone who's participating in

19   this phone call today to know that Mrs. Kozlowski has or

20   will be today filing a motion to intervene in the

21   action.

22          MS. CARROLL:  Right.

23          THE COURT:  All right, that's fine, I'll look

24   for that and if you are granted intervenor status, then

25   we'd welcome your participation.  Whether you're granted

1    intervenor status or not, it seems to me that if Tyco

2    and Mr. Kozlowski want to resolve this matter on an

3    interim basis, that they would need to work with Mrs.

4    Kozlowski in doing so.  It seems to me, and I don't -- I

5    haven't studied the filing describing the terms of the

6    divorce settlement, but I would imagine that there are

7    certain assets or matters that Mrs. Kozlowski would want

8    to have taken care of right away but other things that

9    probably could wait a few months without causing her any

10   real harm.  I don't see why titles to property would

11   need to be -- would need to pass immediately in order to

12   address Mrs. Kozlowski's immediate concerns.  There have

13   to be ways in which the parties could agree that certain

14   monies could be transferred to her immediately, that

15   other things could remain in Mr. Kozlowski's name while

16   these other issues are worked out.  If I had lawyers

17   that were willing to work with each other, I'm confident

18   you could find a way to resolve these things on an

19   interim basis, and I would of course encourage Mr.

20   Kozlowski's counsel and Tyco's counsel to work with Mrs.

21   Kozlowski's counsel on coming up with some kind of an

22   agreement that's satisfactory to everybody.  I am not

23   trying to make this difficult for Mrs. Kozlowski.  I'm

24   not trying to prevent Mr. and Mrs. Kozlowski from

25   finally resolving their divorce.  I just need to do it

1    in a way that insures that whatever rights that Tyco,

2    the New Jersey plaintiffs and the opt-out plaintiffs

3    have are fully protected, and I would much prefer to

4    find a way to have this resolved in a way that all the

5    parties could find it satisfactory, but that can only

6    occur by way of agreement rather than by an order

7    imposed by the court, so --

8            MS. CARROLL:  Your Honor.

9            THE COURT:  Yes.

10           MS. CARROLL:  This is Laura Carroll, also one

11   of Mrs. Kozlowski's attorneys.  Mr. Marks and I have

12   prepared a motion to intervene and the only thing we

13   were waiting on was determining how to confer with all

14   the relevant parties to see if there was any objection

15   to her intervention.  I didn't know if it was

16   satisfactory just to have the assent of Tyco's attorneys

17   and --

18           THE COURT:  I'm not in -- I don't need you to

19   get the assent of people that haven't expressed an

20   interest in this matter and so I think Tyco, the New

21   Jersey plaintiffs, the opt-out plaintiffs are the only

22   groups that I know that have expressed an interest in

23   this particular matter, so if you file a motion for some

24   kind of intervention for the limited purpose of

25   addressing this preliminary injunction and they don't

1    object, you shouldn't have any problem with me.

2         MS. CARROLL:   Okay, well, we will do that,

3    your Honor, and I will also, just to give people a heads

4    up, one of the difficulties we've had of course is

5    everything's been filed under seal relevant to the TRO

6    and preliminary injunction, so we will be requesting, if

7    and when our motion to intervene is allowed, that we

8    promptly be given access to what's been filed because,

9    you know, we're guessing as to what's being said and

10   represented, but of course we have no way of knowing

11   exactly until we see the papers, then we can formulate

12   an appropriate response.

13        THE COURT:   I don't think you should have a

14   problem.   If they don't object to you intervening, then

15   you should be able to see the filings.

16        MR. MARKS:   Judge, it's Mr. Marks again.

17   Given the short time frame between now and the briefing

18   schedule and the discovery schedule which has been

19   treated by this phone call, perhaps with everybody on

20   the phone we could kind of cross these two bridges right

21   now.

22        THE COURT:   I don't want to put pressure on

23   them.   Give Ms. Edwards a call right after this is over.

24   Give counsel for Mr. Kozlowski a call right after.

25   You'll be able to get a response from them quickly.   I

1   just don't want to force them to do it on the spot here.

2          MR. MARKS:  Okay.

3          THE COURT:  All right?  Anything else?  All

4   right, Mr. Kozlowski will make the discovery to the

5   extent it's possible to do so by the end of the day on

6   Wednesday.  Tyco will file a memorandum and proposed

7   findings and rulings citing to affidavits and exhibits

8   by the end of the day on Friday, and any -- the parties

9   will either assent to the request for intervention or on

10  an expedited basis make their views known with respect

11  to the motion for intervention.  In any event, I assume

12  that Mrs. Kozlowski will be represented at the hearing

13  on Monday, but if she's going to move to intervene,

14  there's no objection, I would hope that parties would

15  let them know and the court know as soon as possible on

16  that.

17         All right, anything else?  Okay, thank you,

18  I'll see you on Monday.

19         ALL:  Thank you, your Honor.

20         (Adjourned at 2:40 p.m.)

21

22

23

24

25

1

2                          C E R T I F I C A T E

3

4              I, Sandra L. Bailey, do hereby certify that

5      the foregoing transcript is a true and accurate

6      transcription of the within proceedings, to the best of

7      my knowledge, skill, ability and belief.

8

9

10     Submitted: 10/23/08        /s/ Sandra L. Bailey
                                  SANDRA L. BAILEY, CSR, CM, CRR
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25