UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **In re: Tyco International, Ltd.,** **Securities Litigation** | MDL DOCKET NO. 02-1335-B This document relates to: Civil No. 02-cv-266-PB |

**PRELIMINARY INJUNCTION**

   1.   Plaintiffs Tyco International Ltd. and Tyco International (U.S.), Inc. (collectively, "Tyco") moved on October 3, 2008, for a temporary restraining order and a preliminary injunction seeking to restrain Defendant L. Dennis Kozlowski ("Kozlowski") from transferring or encumbering his assets and property during the pendency of these actions ([Doc. No. 1328](#)).  On October 9, 2008, the State of New Jersey, Department of Treasury, Division of Investments, filed an Application to Join in Tyco's Request for Temporary Restraining Order, Preliminary Injunction and Other Relief ([Doc. No. 1337](#)). On October 14, 2008, plaintiffs in seven Opt Out cases filed a Notice of Joinder in Tyco's Motion for Temporary Restraining Order and Preliminary Injunction ([Doc. No. 1340](#)).

   2.   In response to Tyco's motion and after hearing from Kozlowski's counsel, the Court entered a Temporary Restraining

Order on October 6, 2008 (Doc. No. 1330), which, after further briefing, was extended and modified by this Court's Order of October 17, 2008 (Doc. No. 1362) (collectively, the "TRO").

3. The parties have agreed to dissolve and vacate the TRO and the findings and rulings therein, and to the entry of this Preliminary Injunction in its place.

4. During the pendency of this action or until further order of this Court or the district court then responsible for this litigation after the remand (collectively, "the District Court"), Kozlowski, his agents, servants, employees and attorneys, all persons in active concert or participation with him, and all other persons who receive actual notice of this Order by personal service or otherwise, shall not transfer, assign, encumber, sell or otherwise impair or dispose of (collectively, "transfer") any assets or property, real or personal, tangible or intangible, in which Kozlowski has a legal, equitable, custodial or beneficial interest, including without limitation, any assets or property which are held by the KOZ Trust, the KFT Family Partnership L.P. and the DCS Family Partnership L.P., (collectively, "Kozlowski assets"), except as provided in paragraph 5. Notwithstanding the foregoing, except

as provided in paragraphs 5, 6 and 7, purchases and sales of securities or other investments in, or the movement of assets within, the Kozlowski assets, the proceeds of which remain in the Kozlowski assets, shall not be subject to the provisions of this paragraph.

5. Kozlowski may transfer any Kozlowski assets to reimburse, pay or satisfy the following items or categories of expenditures accrued to date or incurred on or before October 31, 2009, and may withdraw monies from his banking and securities accounts and/or transfer any of the Kozlowski assets for this purpose, without further consent of the District Court or Tyco:

    a. the CODA judgment in the principal amount of $1,972,598 plus pre- and post judgment interest in accordance with the Decision, Order and Judgment entered by the New York Supreme Court in the action captioned *CODA v. Kozlowski,* Index No. 603390/07;

    b. attorneys fees and disbursements, accountants fees and disbursements, and medical expenses;

    c. alimony and other payments, if any, required to be made to Angeles Kozlowski pursuant to the divorce judgment between Angeles Kozlowski and Kozlowski;

   d. income taxes and real property taxes due for taxable years beginning on or after January 1, 2008;

   e. personal expenses of Kozlowski, including but not limited to the reimbursement of the cost of purchasing and delivering food, clothes and other personal items permitted by prison regulations, and the reasonable cost of travel by friends and family for visits to Kozlowski; expenses necessary and appropriate to maintain Kozlowski's property and assets in the ordinary course; homeowner association charges and attorneys fee arrearages and for the next year relating to the Boca Raton property; and repairs and improvements in preparation for the sale of the Boca Raton and Nantucket properties, consistent with or as more fully described for the Boca Raton properties in Kozlowski's Marital Settlement Agreement dated July 15, 2008 with Karen Kozlowski ("Marital Settlement Agreement"), the total of all such expenses described in this sub-paragraph 5(e) not to exceed in the aggregate $2,000,000.

   f. Should the Boca Raton or Nantucket properties be sold in accordance with paragraph 6, the parties will confer and seek agreement on an appropriate modification of the aggregate amount for sub-paragraph 5(e) expenses following any such sales.

The parties will also confer and seek agreement on appropriate aggregate amounts for appropriate categories of expenses under sub-paragraph 5(e), if necessary, for time periods beginning after October 31, 2009.  Any agreement reflecting changes in the aggregate amount under sub-paragraph 5(e) shall be embodied in stipulations modifying such sub-paragraph to be so-ordered by the District Court.

    6.   With regard to the Boca Raton, FL and Nantucket, MA real properties described in paragraphs 8A, 8B and 12 of the Marital Settlement Agreement, Kozlowski shall provide notice to Tyco of an offer made to purchase either of the Properties which Kozlowski is prepared to accept, and with such notice shall provide any other information reasonably necessary to understand and evaluate the terms of such proposed offer.  Tyco shall notify Kozlowski within three (3) business days from Tyco's receipt of the notice as to whether Tyco objects to the offer to purchase.  If Tyco does not object in writing within the permitted time period, then Tyco waives its right to object to the offer and Kozlowski may accept the offer to purchase.  In the event that Tyco does not object to the proposed sale of a Property to the buyer and at the purchase price identified by Kozlowski and,

following Kozlowski's acceptance of the offer there are any changes to the agreement that results from Kozlowski's acceptance, Kozlowski shall provide Tyco with the amended agreement and provide an explanation for any such change within three (3) business days.  If Tyco objects and the parties are not able to resolve their differences by agreement within three (3) business days of Tyco's notice to Kozlowski (or within an alternative time period mutually agreed to by the parties), either party may apply to the District Court within three (3) business days of the impasse, and shall do so through expedited methods unless not permitted by the Court's local rules and the Federal Rules of Civil Procedure.  Any such motion shall be with notice to the other party for any relief it deems appropriate.  Any offer for purchase shall not be accepted by Kozlowski or otherwise become effective unless Tyco consents (or waives its right to consent, as the case may be) or until permitted by order of the District Court, as the case may be.  If Tyco's objection is to the disbursement of the proceeds only, the proceeds shall not be distributed unless and until permitted by order of the District Court.  The portion of the sale of each real property received by or on behalf of Kozlowski shall be considered part of

the Kozlowski assets subject to this Preliminary Injunction.

    7.   With regard to the six assets and property identified as "Other Investments" in Kozlowski's Response, dated October 22, 2008, to Tyco Interrogatory No. 1, the value of which is stated or estimated in such Interrogatory Response to be more than $500,000, if Kozlowski seeks to transfer any such Kozlowski asset, Kozlowski shall notify Tyco at least twenty (20) days prior to the proposed effective date of such transfer of the proposed terms of the transfer, including without limitation, the consideration and the proposed disposition of such consideration and any other information reasonably necessary to understand and evaluate the terms of the proposed transaction.  Tyco shall notify Kozlowski within ten (10) days of the receipt of such notice whether it objects to the transfer and/or the proposed disposition of the consideration.  If Tyco objects and the parties are not able to resolve their differences by agreement, Tyco shall apply to the District Court, on notice to Kozlowski, for any relief it deems appropriate, and such transfer shall not close or otherwise become effective or the consideration shall not be disposed of, as the case may be, unless and until permitted by order of the District Court.  The consideration for

each such transfer shall be considered a part of the Kozlowski assets subject to this preliminary injunction.

8. For all Kozlowski assets other than those identified in paragraphs 6 and 7, Kozlowski may transfer such assets without further notice to Tyco or the District Court, provided that the assets or the proceeds of any such transfer are used for a purpose permitted in paragraph 5 above, or remain held or are used to make other investments in the name of the transferring party or Kozlowski and continue to be considered part of the Kozlowski assets subject to this preliminary injunction.

9. During the pendency of this action or until further order of the District Court, Kozlowski shall deliver to Tyco's counsel an updated listing and valuation of Kozlowski's assets and liabilities for every six-month period. The first such update shall be given to Tyco's counsel by April 30, 2009, for assets and liabilities as of March 31, 2009.

10. Nothing herein shall prevent Tyco from objecting to, or be deemed a waiver or impairment of Tyco's right to object to, any proposed transfer or payment (other than those payments expressly permitted in paragraph 5 above) as impermissible under applicable standards of law or equity. Nothing herein shall

prevent Kozlowski from contesting, or be deemed a waiver or impairment of Kozlowski's right to contest any such objection filed by Tyco.  Nothing herein shall abridge or adversely impair the applicability to any transfers or payments by or on behalf of Kozlowski of any statute or principle of law or equity relating to fraudulent conveyances, fraudulent transfers or similar acts, or of the Florida Homestead Act.

    11.  Any notice or other delivery required to be given to Tyco or Kozlowski pursuant to this Order shall be delivered to counsel of record for such party.  Any notice or other delivery required to be given to or by Tyco hereunder shall also be provided to counsel for plaintiffs in MDL Docket Nos. 03-1337-PB, 07-1337-PB, 08-1336-PB, 08-1337-PB, 08-1338-PB, 08-1339-PB and 08-1340-PB (collectively the "Securities Plaintiffs"), to the extent such cases are then pending in the MDL proceeding or any transferee court after remand.  The Securities Plaintiffs shall have standing and the same rights to object as Tyco has been provided herein.  The Securities Plaintiffs shall also be provided with three (3) business days notice of any modification of this Order.  To the extent this action is terminated for any reason, this Order (including all its restraints) shall remain

in, effect thereafter for ten (10) business days after the Securities Plaintiffs have been provided with notice of the termination.  Any objection or application for relief pursuant to this Order shall be made to the District Court.

    12.  The TRO is hereby dissolved and its findings and rulings vacated and they are replaced by the entry of the Preliminary Injunction.

    13.  No bond shall be required of Tyco.

    SO ORDERED.

    /s/Paul Barbadoro
    Paul Barbadoro
    United States District Judge

October 31, 2008

cc:  Counsel of Record