UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALEXANDRA H. BALLARD and R. BRINCKERHOFF LOWERY, Trustees of the Alexandra Hixon Ballard Trust; DYLAN H. HIXON, Trustee of the Alexandra Trust under the ICH Lex Trust; DYLAN H. HIXON, Trustee of the Alexandra Trust under the JMH Lex Trust; Dylan H. Hixon, Trustee of the Dylan Trust under the ICH Lex Trust; DYLAN H. HIXON, Trustee of the Dylan Trust Under the JMH Lex Trust; DYLAN H. HIXON, Trustee of the India Trust under the ICH Lex Trust; DYLAN H. HIXON, Trustee of the India Trust under the JMH Lex Trust; DYLAN H. HIXON, Trustee of the Shanti Trust under the ICH Lex Trust; DYLAN H. HIXON, Trustee of the Shanti Trust under the JMH Lex Trust; ANDREW R. HIXON, Trustee of the ICH Ando Trust; ANDREW R. HIXON, Trustee of the JMH Ando Trust; ANDREW R. HIXON and MICHELE M. HIXON, Trustees of the Andrew and Michele Hixon 2001 Trust, DEBRA P. GEIGER, Trustee of the Debra P. Geiger Living Trust; DEVON GEIGER NIELSEN, Trustee of the Devon Geiger Nielsen Living Trust; DYLAN H. HIXON and R. BRINCKERHOFF LOWERY, Trustees of the Dylan Hixon 1999 Trust; BETSY HUNTER GEIGER, Trustee of the Elizabeth H. Hunter Trust f/b/o Betsy H. Geiger; FRANK NIXON FOSTER, Trustee of the Frank Hixon Foster 1999 Trust; BETSY HUNTER GEIGER, Trustee of the Frank P. Hixon Trust f/b/o Betsy H. Geiger; INDIA T. RADFAR and R. BRINCKEROFF LOWERY, Trustee of the India T. Radfar Trust dated May 11, 1998; WILLIAM DODD GEIGER III, Trustee of the William Dodd Geiger III 1989 Revocable Trust dated June 30, 1989; BARBARA HUNTER FOSTER, Trustee of the Foster Family Trust A; PAULINE H. TURPIN, Trustee of the Frank P. Hixon Trust f/b/o Pauline H. Turpin; PAULINE H. TURPIN, Trustee of the Elizabeth Hixon Hunter Trust f/b/o Pauline H. Turpin; GEORGE B. TURPIN, Trustee of the George B. and Pauline H. Turpin Trust, PAUL H. TURPIN, Trustee of the Turpin Family 1992 Revocable Trust dated December 16, 1992; GEORGE B. TURPIN, JR.; Trustee of the George B. Turpin, Jr. Living Trust dated August 29, 1995; BRIER ALLEBRAND, Trustee of the Allebrand Living Trust | MDL Docket No. 1335-B<br><br>Case No. 04-1336-B |

dated April 30, 1993; BETSY HUNTER GEIGER, Trustee of the Geiger Family Revocable Trust; BARBARA HUNTER FOSTER, Trustee of the Elizabeth H. Hunter Trust f/b/o Barbara Hunter Foster; BARBARA HUNTER FOSTER, Trustee of the Frank P. Hixon Trust f/b/o Barbara Hunter Foster; ADELAIDE E. FOSTER; E. GAGE FOSTER WOODARD; HUGH K. FOSTER, JR.; JENNIFER B.F.F. WALTON; ANDREW R. HIXON, Trustee of the Andrew R. Hixon Trust; SHANTI HIXON, Trustee of the Shanti Hixon Revocable Trust,

                              Plaintiffs,

                          against

Tyco International, Ltd.; L. Dennis Kozlowski; Mark H. Swartz; Mark A. Belnick; Frank E. Walsh, Jr.; Michael A. Ashcroft, and PricewaterhouseCoopers LLP,

                              Defendants.

## AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANT FRANK E. WALSH, JR. AND BAR ORDER

Plaintiffs and Defendant Frank E. Walsh, Jr. ("Walsh"), having represented to the Court that they have entered into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

1.      Pursuant to Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) Defendants L. Dennis Kozlowski and Mark H. Swartz, (collectively, the "Non-Settling Defendants"), and each of them, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against Walsh based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) Walsh is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting

2

NY 71817585v1

any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2. Because there is no just reason for delaying the entry of a final judgment with respect to the claims asserted by Plaintiffs against Walsh, all claims asserted by Plaintiffs against Walsh in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims against the Non-Settling Defendants.

3. The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendant Walsh and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

November 14, 2008      /s/ Paul Barbadoro
                                                    The Hon. Paul Barbadoro
                                                   United States District Judge

cc: Counsel of Record