IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| IN RE TYCO INTERNATIONAL, LTD., SECURITIES LITIGATION | ) MDL Docket No. 02-1335-PB<br>)<br>) This document relates to:<br>) Securities Action<br>) Civil Action No. 02-266-PB |

### ORDER AUTHORIZING INITIAL DISTRIBUTION
### OF THE NET SETTLEMENT FUND

WHEREAS, by its Final Order Approving Settlement, Plan of Allocation and Attorneys' Fees and Expense Reimbursement Request dated December 19, 2007, this Court approved the terms of the Stipulation of Settlement With Tyco International, Ltd., Michael A. Ashcroft, Mark A. Belnick and PricewaterhouseCoopers LLP dated as of July 6, 2007 (the "Settlement Agreement") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $3.2 billion cash settlement proceeds ($2.975 billion in cash on behalf of Tyco International, Ltd. ("Tyco"), Michael A. Ashcroft and Mark A. Belnick, and $225 million on behalf of PricewaterhouseCoopers LLP ("PwC")) have been deposited by the Defendants into segregated interest-bearing escrow accounts established by Co-Lead Counsel, on behalf of the Class (collectively, the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Proposed Settlement, Motion for Attorneys' Fees and Fairness Hearing (the "Notice"), the deadline for Class Members to submit Proof of

Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Fund was December 28, 2007; and

WHEREAS, pursuant to Co-Lead Counsel's instruction, The Garden City Group, Inc. ("GCG"), the claims administrator for the Settlement, has continued to process Proofs of Claim received through August 31, 2008; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, the process of reviewing all Proofs of Claim received through August 31, 2008 has been completed; and

WHEREAS, Co-Lead Counsel now seek authorization to make an initial distribution of the Net Settlement Fund to Authorized Claimants, after deduction of the fees and expenses previously approved by the Court, less any taxes due on the income earned on the fund and less the Reserve Fund (as defined below); and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (i) the Affidavit of Stephen J. Cirami in Support of Lead Plaintiffs' Motion for Initial Distribution of the Net Settlement Fund (the "Cirami Affidavit") of GCG; (ii) the Joint Declaration of David Kessler of Barroway Topaz

Kessler Meltzer & Check, LLP, Jay W. Eisenhofer of Grant & Eisenhoffer P.A. and Sanford P. Dumain of Milberg LLP, Co-Lead Counsel for Lead Plaintiffs and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of GCG accepting the claims as indicated on the computer printout of accepted claims submitted and described in the Cirami Affidavit, calculated under the Court-approved Plan of Allocation, including claims submitted after the original December 28, 2007 submission deadline through August 31, 2008, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of GCG rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Cirami Affidavit under the Court-approved Plan of Allocation be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that GCG continue to work with the 35 Disputed Rejected Claims which have outstanding requests for further review of their claims in an attempt to resolve these disputes, and continue to process Proofs of Claim received through February 20, 2009; and it is further

ORDERED, that in view of the additional time required to resolve the Disputed Rejected Claims, and so as not to delay payment to the large number of Class Members whose Proofs of Claim have already been found to be acceptable, a reserve fund, consisting of approximately ten percent (10%) of the amount otherwise payable to all Authorized Claimants whose *pro rata* payment, if 100% of the Net Settlement Fund was distributed, would have been more than $100.00 (the "Reserve Fund"),[1] shall be set aside for payment of, among other things: (i) any

---

[1] Authorized Claimants whose entire award would have been $100.00 or less will receive 100% of their payment at the time of the initial distribution, rather than 90%.

Disputed Rejected Claims that are ultimately accepted by the Court; (ii) any claims that, after the initial distribution, are found to have been underpaid or incorrectly calculated; (iii) any claims received by GCG after August 31, 2008 and on or before February 20, 2009, to the extent these claims may be approved by GCG and allowed by the Court; and (iv) the additional administrative fees and expenses relating to the final administration and distribution of the balance of the Settlement Fund; and it is further

ORDERED, that the balance of the Settlement Fund less the Reserve Fund and after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Cirami Affidavit under the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claim of all accepted claimants as shown on such printout; and it is further

ORDERED, that the distributions to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Co-Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its distribution within said time; and it is further

ORDERED, that following GCG's efforts to resolve the 35 Disputed Rejected Claims and the processing of any additional Proofs of Claims received through February 20, 2009, Co-Lead Counsel shall present to the Court for review GCG's administrative determinations regarding the Disputed Rejected Claims, the claims received through February 20, 2009 and any other claim revisions; and it is further

4

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: 2-3-09

PAUL J. BARBADORO
UNITED STATES DISTRICT JUDGE