**UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>In re Tyco International. Ltd.</u>
<u>Multidistrict Litigation (MDL 1335)</u>

                          MDL DOCKET NO. 02-1335-PB
                          **ERISA Action**
                          Case No. 02-1357-PB
                          **Opinion No. 2009 DNH 046**


### MEMORANDUM AND ORDER

    Section 404(c) of ERISA provides certain fiduciaries with an affirmative defense against ERISA claims brought by plan participants or beneficiaries who exercise control over the assets in their individual account pension plans.  Plaintiffs argue in a motion for summary judgment that this defense is unavailable to fiduciaries who are sued because of a decision to designate the investment options that are available to plan participants.  Because I agree with the plaintiffs on this point, I grant their motion to the extent that it is directed at defendants' section 404(c) defense.


### I.   THE CASE

    The named plaintiffs in this class action are participants in retirement plans ("Plans") sponsored by Tyco International (US) Inc. ("Tyco US").  Plaintiffs invoke ERISA in asserting breach of fiduciary duty claims against Tyco US, its parent

corporation, Tyco International Ltd. ("Tyco International"), the committee that administered the Plans, several former officers and directors of Tyco US, and its parent corporation.  The claims concern the Tyco Stock Fund, which holds Tyco International stock and is one of the Plans' investment options.  Plaintiffs charge in Count I that defendants made material misstatements and omissions to participants concerning Tyco International's financial condition and the risk characteristics of the fund.  They allege in Count II that defendants were negligent in designating the Tyco Stock Fund as an investment option and allowing participants to invest in the fund.  Defendants have responded by denying plaintiffs' claims and asserting an affirmative defense based on section 404(c).

## II.  BACKGROUND

Tyco US sponsors the seven retirement plans that are at issue in this case.  All seven plans are "individual account plans."  29 U.S.C. § 1002(34).  Accordingly, each participant is assigned an individual account and the participant's benefits are "based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be

allocated to such participant's account." Id.  Participants are permitted to contribute to their accounts and Tyco US is required to make matching contributions in amounts equal to a specified percentage of a participant's regular compensation.  Participants may choose from among several different investment options and may transfer funds from one investment to another at any time.

The Tyco Stock Fund is one of several investment options that are available under the Plans.  The fund holds shares in Tyco International stock.  Because it is a "unitized fund," a trustee designated by Tyco US holds title to the stock and participants are assigned units in the fund.  The trustee acquires stock by purchasing it on the open market.  Participants are not permitted to invest more than twenty-five percent of their Plan assets in the fund.

The Tyco US Retirement Committee ("Committee") is both the administrator and a "named fiduciary" for all seven Plans.  The Board of Directors of Tyco US is responsible for appointing and removing members of the Committee.

Plaintiffs claim that the price of Tyco International's stock was grossly inflated during the class period as a result of undisclosed looting and pervasive accounting fraud by its senior management.  As a result, class members who held units in the Tyco Stock Fund during the class period allegedly suffered

substantial losses when the company's true financial condition was exposed.

### III. ANALYSIS[1]

Plaintiffs argue that section 404(c) does not apply to claims such as theirs, which are based on a fiduciary's designation of the investment options that are available to plan participants. Their argument involves the following steps: First, they note that section 404(c) provides fiduciaries with an affirmative defense only with respect to losses that "result[] from such participant's or beneficiary's exercise of control . . . ." over the assets in the participant's account. 29 U.S.C. § 1104(c)(1)(A)(ii). Next, they rely on regulations adopted by the Department of Labor ("DOL") which state that losses do not result from a participant's exercise of control over his assets unless the losses are "the <u>direct</u> and <u>necessary</u> result of that participant's or beneficiary's exercise of control." 29 C.F.R. § 2550.404c-1(d)(2)(i) (emphasis added). Finally, they point to the DOL's statement in the preamble to the regulations that "the

---

[1] Plaintiffs base their summary judgment argument on a pure question of law. Because the underlying facts that bear on this question are not in dispute, I resolve the motion on the legal issue without engaging in an extended discussion of the summary judgment standard.

act of limiting or designating investment options which are intended to constitute all or part of the investment universe of an ERISA 404(c) plan is a fiduciary function which, whether achieved through fiduciary designation or express plain language, is not a direct or necessary result of any participant direction of such plan." Final Regulations Regarding Particular Directed Individual Account Plans (ERISA Section 404(c) Plans), 57 Fed. Reg. 46906-01, 46924 n.27 (Oct. 13, 1992) (General Preamble). Relying on these provisions, plaintiffs argue that defendants are not entitled to a section 404(c) defense because the claims at issue challenge defendants' designation of the Tyco Stock Fund as an investment option and the DOL has determined that fiduciaries are not shielded by section 404(c) from losses which result from such designation decisions.

Defendants respond by noting that in Langbecker v. Elec. Data Sys. Corp., 476 F.3d 299, 310-13 (5th Cir. 2007), a divided Fifth Circuit panel declined to give effect to the DOL's interpretation of its own regulations.[2] I am unpersuaded by the Fifth Circuit's reasoning, however, and instead agree with the dissent in that case that the DOL's interpretation of its own

---

[2] Defendants also cite the Third Circuit's decision in In re Unisys Sav. Plan Litig., 74 F.3d 420 (3d Cir. 1996). This case is not relevant because it did not consider the DOL regulations.

regulations is reasonable and should not be ignored.  See id. at 320-22 (Reavley, J., dissenting).

Several factors lead me to this conclusion.  First, section 404(c) is unclear as to whether it can be used to bar a claim based on a fiduciary's designation of investment options.  Second, section 404(c) requires the DOL to adopt regulations explaining when a participant or beneficiary has sufficient control over his assets to be subject to a section 404(c) defense.  29 U.S.C. § 1104(c)(1)(A).  Third, the DOL's implementing regulations are themselves unclear as to whether section 404(c) applies to a fiduciary's decision to designate investment options.  Fourth, the DOL reasonably determined in the preamble to its regulations that losses which result from a fiduciary's designation decision are neither a "direct" nor a "necessary" result of a participant's exercise of control over plan assets.  Finally, both the Supreme Court and the First Circuit have recognized in similar circumstances that an agency's reasonable interpretation of its own regulations in a regulatory preamble is entitled to deference.  See Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 158 n.13 (1982); Rucker v. Lee Holding Co., 471 F.3d 6, 12 (1st Cir. 2006).  For all of these reasons, I conclude that defendants are not entitled to a

section 404(c) defense in this case.[3]  See DiFelice v. U.S. Airways, Inc., 497 F.3d 410, 418 n.3 (4th Cir. 2007) (Section 404(c) does not insulate fiduciaries from liability for designation decisions).

### IV.  CONCLUSION

For the reasons set forth in this Memorandum and Order, plaintiffs' motion for summary judgment (Doc. No. 1278) is granted to the extent that it seeks a determination that defendants are not entitled to an affirmative defense under section 404(c).[4]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 3, 2009

cc:  Counsel of Record

---

[3]  I need not decide whether the DOL's interpretation of its own regulations should be given controlling weight, see, e.g., Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 127 S.Ct. 2339, 2349 (2007), because I would reach the same result even if the DOL's interpretation is entitled to respect only to the extent that it has the "power to persuade," see, e.g., Christensen v. Harris County, 529 U.S. 576, 586-87 (2000)(quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)).

[4]  To the extent that plaintiffs seek summary judgment on additional issues, their motion is denied without prejudice.