\*\*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 7/23/09

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * *
                                 *
IN RE:                           *
                                 *
TYCO INTERNATIONAL, LTD.         * No. 02-md-1335-PB
                                 * April 8, 2009
Multidistrict Securities         * 11:30 a.m.
Litigation                       *
                                 *
* * * * * * * * * * * * * * * * *
```

TELEPHONE CONFERENCE
BEFORE THE HONORABLE PAUL J. BARBADORO

Appearances:

| | |
|---|---|
| For NJ Plaintiffs: | Patrick L. Rocco, Esq.<br>Michael O'Mullan, Esq.<br>Shalov, Stone, Bonner & Rocco, LLP |
| Tyco International: | Elizabeth F. Edwards, Esq.<br>McGuireWoods |
| For Frank Walsh: | Laurence Greenwald, Esq.<br>Michele Pahmer, Esq.<br>Stroock & Stroock & Lavan, LLP |
| Court Reporter: | Sandra L. Bailey, CSR, CM, CRR<br>Official Court Reporter<br>U.S. District Court<br>55 Pleasant Street<br>Concord, NH   03301<br>(603)225-1454 |

                                                                    2

1                       TELEPHONE CONFERENCE
2              THE CLERK:  Okay, you're on speaker and Judge
3     Barbadoro is here.
4              THE COURT:  Good morning.  Apparently we've
5     got some technological problems.  Let me ask people to
6     identify themselves and to indicate whether you can
7     clearly hear me at least.
8              Who's representing the New Jersey plaintiffs?
9              MR. ROCCO:  Good morning, your Honor.  Pat
10    Rocco with Shalov, Stone, Bonner & Rocco.  And also
11    Michael O'Mullan on the line.  We have no problem
12    hearing you.  I do have trouble hearing Mr. Greenwald.
13             THE COURT:  All right.  And who's representing
14    Mr. Walsh.  Mr. Greenwald?
15             MR. GREENWALD:  I'm on the line, your Honor, I
16    can hear you fine.
17             THE COURT:  All right.  And who's representing
18    Tyco?
19             MS. EDWARDS:  It's Elizabeth Edwards, your
20    Honor, and I can hear just fine.
21             THE COURT:  Okay.  I have a court reporter
22    here.  We're taking down what's being said.
23             I'm calling in response to Mr. Rocco's letter
24    to the court, and I just want to find out, Mr. Rocco,
25    your position is that you want the case that you're

3

1  involved with remanded, and you don't want to
2  participate in the resolution of the summary judgment
3  issues that Mr. Greenwald is raising on behalf of Mr.
4  Walsh in this court, you'd prefer to have those issues
5  addressed by the court on remand?
6         MR. ROCCO:  That's correct, judge, for the
7  various reasons we outlined in our letter.  I'm happy to
8  go into them here as well.
9         THE COURT:  I just want to be clear that I
10 held a telephone conference with Tyco and Mr. Walsh
11 because I was intending to address the summary judgment
12 motion that I was anticipating the parties were going to
13 file in that case.  I didn't include you because at the
14 time it didn't occur to me that you needed to have any
15 say on that matter.  I have no problem if you want to
16 file a motion to remand, and I'll get Mr. Walsh's
17 response to the motion to remand which it's clear to me
18 he opposes, and then I'll make a ruling on it.  I have
19 to tell you that to the extent that he's able to
20 successfully persuade me that there are some issues in
21 your case that are common to the cases in which he's a
22 litigant in other jurisdictions, that I'm inclined to
23 give him at least a shot to raise those matters with me
24 in summary judgment and therefore probably won't act on
25 a motion for remand until I get a chance to consider his

4

1    motion for summary judgment that he's filed in the Tyco
2    case.  But you can certainly try.  I think that's the
3    right way to do it.  If you want a remand without the
4    consent of the other parties, I think you need to file a
5    motion.
6              MR. ROCCO:  Your Honor, the difficulty here is
7    Mr. Walsh has filed a motion not only in the Tyco case
8    but in our case, and the original premise of the motion,
9    if you recall many months ago when we talked about it,
10   was that the motion was being disposed of common issues,
11   not only in our case, the Tyco case, but all the opt-out
12   cases.  Cases have been removed since the current
13   briefing.  The nature of the motion he's brought on
14   includes things like an attack on our loss causation
15   expert, Professor Jarrell, which are, you know,
16   obviously fact intensive issues that don't apply to
17   anybody else, and it's going to take your Honor, because
18   we've experienced this and this is no slight on the
19   court, the court did an incredible diligent job on the
20   PWC effort, but it's a very involved process, and we're
21   just guaranteeing ourselves two rounds of the briefing,
22   one before your Honor with a month it's going to take to
23   resolve it, and then we have to return to New Jersey and
24   have months again when a new court has to go through the
25   same set of facts to resolve our RICO claims and the

5

1  like.
2          THE COURT:  Well, why don't you file a motion
3  to remand that focuses only on your arguments that the
4  issues are not common, and if I reject that argument
5  then I'll give you time to respond to the summary
6  judgment motion, but if you can persuade me that in fact
7  your claims are different from the ones that are being
8  raised against him in the other cases, then there really
9  isn't any need to decide these matters.
10         As you know, I think I've been very clear.  I
11 don't want to have to rule on another Tyco-related issue
12 as long as I live.  If I could avoid ruling on an issue,
13 I would, but I feel I have a responsibility to try to
14 address those few remaining common issues that are in
15 the case unless somebody -- if somebody can give me a
16 persuasive argument that there's something case specific
17 to your case, and if I get in and try to resolve it then
18 I'm going to be unreasonably tying the hands of the
19 transferor judge, I'll be receptive to that.
20         The way I look at it is this.  I look at it
21 from the standpoint of if I don't dispose of the case,
22 and I have to transfer the case, am I going to be making
23 rulings that are not necessary for me to make and that
24 may make it harder for that transferor judge to
25 ultimately resolve the issues that I have to remand, and

                                                                6

 1   I'm not going to try to make rulings on matters that
 2   will not ultimately resolve the case and that will
 3   result in complications for the transferor judge, I can
 4   assure you of that.
 5          I can also assure you that my involvement with
 6   the Tyco cases is going to come to an end by November of
 7   this year.  I guarantee you when I try the last
 8   remaining matter, which is the Tyco ERISA class action,
 9   that I will by that point have cleaned everything up and
10   either closed out or remanded every other case I have
11   because I don't want to be involved with this case
12   anymore.
13          So, but I feel an obligation to try to resolve
14   common issues.  If you can persuade me that I'm feeling
15   unnecessary responsibility, great, you can give me a
16   reason to have a clear conscience and send these cases
17   back, I certainly would do so.
18          MR. ROCCO:  We'd like that opportunity, judge,
19   it's important to both this court and the court in New
20   Jersey to have that aired at least.
21          THE COURT:  All right, Mr. Greenwald, what did
22   you want to say?
23          MR. GREENWALD:  Well, what I wanted to say,
24   your Honor, is that, you know, what we're facing here is
25   the New Jersey plaintiff has a very narrow idea of what

7

1   a common issue is and, your Honor, this is the same
2   issue that you heard in the PWC case.  It involves the
3   same expert you heard about in the PWC case.  The PWC
4   case has now been resolved.  While you've asked us to
5   take a back seat, I've taken a back seat.  Now I'm being
6   told even though you've built up a huge amount of
7   understanding of this matter and are the judge who is in
8   the best position to determine it, that I should now go
9   back to New Jersey because everything else has been
10  resolved because you wouldn't let me go forward.  That
11  is --
12          THE COURT:  Yeah, I'm not buying the poor Mr.
13  Greenwald stuff, okay, so stop acting that way, that's
14  just ridiculous.  I'm not the buying that at all.  I've
15  been nothing but fair to you and your client.
16          MR. GREENWALD:  Your Honor, with all due
17  respect --
18          THE COURT:  With all due respect to you to
19  insinuate otherwise is problematic.
20          MR. GREENWALD:  Sir, I would appreciate it if
21  you would read our motion for summary judgment.  I think
22  you will see --
23          THE COURT:  Of course I -- do you think I'm
24  not going to read your motion for summary judgment, Mr.
25  Greenwald?  Do you think I'm not -- I asked you to file

8

1   it.  Do you think I'm not going to read it?
2         MR. GREENWALD:  And you asked me to file it in
3   the New Jersey case, your Honor.
4         THE COURT:  Do you want to fight with me, Mr.
5   Greenwald?
6         MR. GREENWALD:  I don't want to fight with
7   you.
8         THE COURT:  I don't think it's productive for
9   you to do so.
10        MR. GREENWALD:  I agree with you, your Honor,
11  it is not productive, but I think you have to recognize
12  my frustration.
13        THE COURT:  No, I don't recognize your
14  frustration.  I've been nothing but fair to you and I'm
15  reaching out to try to give you an opportunity to have
16  this issue resolved, and I do not like the insinuation
17  and the tone which suggests that you have been treated
18  unfairly.  Neither you nor Mr. Rocco has been treated
19  unfairly by me, and both of you seem to have a tone of
20  being offended by the way that I'm handling this case,
21  and I fundamentally reject it.  It is completely without
22  foundation.
23        MR. GREENWALD:  Your Honor, I haven't been
24  offended.  You gave me a right to make a motion, I made
25  the motion.  Mr. Rocco is now suggesting that you were

9

1  wrong in doing that.
2         THE COURT:  Well, I'm not going to get into it
3  further with you.  I have told you that I would address
4  your issues to the extent that they were common issues.
5  I have allowed you to file your summary judgment motion.
6  By doing so I have told you that I will consider the
7  summary judgment motion.  All I'm doing now is allowing
8  Mr. Rocco an opportunity to challenge your contention
9  that these are common issues.  He will have an
10 opportunity to argue that they are not common issues.
11 You will have an opportunity to respond to say that they
12 are common issues.  I will decide whether they are
13 common issues.  If they are not common issues, I will
14 remand.  If they are common issues, I will direct him to
15 file a response in his case.  In any event, I'll address
16 your summary judgment motion in the Tyco case.
17         What more can I do for you?
18         MR. GREENWALD:  Your Honor, by addressing it
19 in the Tyco case but not addressing it in the New Jersey
20 case, you're addressing it in one case where there are
21 common issues but not in another.
22         THE COURT:  I'm not -- okay, I will withhold,
23 since you seem to be so insistent, I will withhold
24 ruling in the Tyco case until I resolve on the New
25 Jersey case.  That doesn't seem to be in your client's

```
 1   interest, but if that's what you want, I'm happy to do
 2   it, but I am going to give -- I'm not going to summarily
 3   agree with Mr. Greenwald that the issues are common when
 4   one side is telling me that they're not.  I think in
 5   fairness it's appropriate to hear the other side before
 6   I rule.  That's the way judges behave.
 7           MR. GREENWALD:  That's a perfectly appropriate
 8   way to --
 9           THE COURT:  I think it is, isn't it.  All
10   right, Mr. Rocco, you file a motion to remand within ten
11   days.  Mr. Greenwald, you respond within ten days.  No
12   reply.  I'll decide it on the briefs.  After I decide it
13   on the briefs, I'll decide whether an action should be
14   taken on the -- by requiring Mr. Rocco to file a
15   response to the summary judgment motion.  Since Mr.
16   Greenwald doesn't want me to, I won't act on the summary
17   judgment motion against Tyco until I receive -- make a
18   decision about whether further briefing is -- is
19   warranted in the New Jersey action, and ultimately if
20   I'm persuaded that these are not common issues, then I
21   won't rule on the Tyco motion, I'll simply remand the
22   case with that motion pending to New York and you can
23   fight it out in New York, Mr. Greenwald.  I thought you
24   were telling me that I was such an expert on this that
25   you wanted me to consider it, but if you don't want me
```

1  to, I won't.
2          So, that's the way it's going to go.  A motion
3  within ten days to remand arguing that I shouldn't
4  address the summary judgment issues in the New Jersey
5  case, a response, I'll rule on the merits, you'll get a
6  further order from me which will either say I agree, the
7  New Jersey action is being remanded, or I disagree, Mr.
8  Rocco, answer the summary judgment motion.  If I direct
9  you to answer, then I'll rule on it.  And --
10         MR. GREENWALD:  Your Honor, I'm merely trying
11 to save you from having to have two sets of briefs which
12 your Honor is very intent upon not having.
13         THE COURT:  Yeah, but I'm trying to give
14 people a reasonable opportunity -- see, judges don't
15 just accept one side's position without hearing from the
16 other side.  That's not the way judges work.  When
17 people who have up to now responded to me in good faith,
18 want to make an argument that what one side is telling
19 me is not true, I should hear their position.  That's
20 all I'm doing.  And I'm telling you right now, I've
21 finished my Puerto Rico trial and I want to finish the
22 Tyco cases.  I'm going to rule pretty quickly, guys,
23 okay, I'm not fooling around.  Hear me.  I'm going to
24 decide these matters soon.  So you'll get going and
25 we'll get this matter resolved.

12

```
 1            MR. GREENWALD:  Thank you, your Honor.
 2            THE COURT:  What else do we have to -- what
 3   else do we have to say today.  Anybody want to say
 4   anything else?
 5            MS. EDWARDS:  Your Honor, it's Elizabeth
 6   Edwards --
 7            MR. ROCCO:  We will submit our brief in ten
 8   days.
 9            THE COURT:  Okay.  Mr. Rocco, I do have to
10   say, I was a little disturbed by the tone of your letter
11   which did seem to suggest that I had done something
12   inappropriate by not including you in the call.  I think
13   you've dealt with me long enough to know that I behave
14   with the lawyers in this case in good faith.  If I had
15   thought there had been some reason to include you, I
16   certainly would have.
17            MR. ROCCO:  Your Honor, it was not my
18   intention to suggest anything untoward.  I'm not shy
19   about making any specific claims and certainly didn't
20   here, and that was not my intent.
21            THE COURT:  All right, thank you.  Ms.
22   Edwards, what did you want to say?
23            MS. EDWARDS:  Your Honor, earlier you had
24   asked that we file a single consolidated response to the
25   summary judgment.  May I suggest, since it looks like
```

1   you will deal with the remand issue fairly quickly, that
2   we set whatever briefing schedule so that Mr. Rocco and
3   O'Mullan and I, if you're going to keep the case, can
4   file together?
5            THE COURT:  That's fine.  That's probably
6   preferable.  I was, again, because of Mr. Greenwald's
7   insistence about how his client's been unfairly treated
8   because of the delay in the case, I was going to move on
9   and try to decide the Tyco case quickly, but I can tell
10  you that I will get on -- if I determine that it's
11  necessary to resolve that motion, I will get on it
12  immediately as soon as I resolve Mr. Rocco's argument
13  that the cases do not raise common issues, so I think
14  that makes sense.  I'll give you an answer within a
15  matter of days of getting Mr. Walsh's response to Mr.
16  Rocco's motion.
17           My clerk has been told that I have nothing
18  higher on my priority list than trying to resolve these
19  remaining cases and -- I'll refrain from saying more
20  than that.  So I think it does make sense to do what
21  you're suggesting.
22           So we'll get -- we'll extend the time for Tyco
23  to respond until I rule on the Rocco motion to remand,
24  and depending upon what I do at that point the parties
25  will agree upon a schedule for filing a consolidated

```
 1   response.
 2            And in the meantime, Ms. Edwards, maybe you
 3   should have some discussions with Mr. Greenwald about
 4   trying to settle the Walsh case.  Who knows.
 5            MS. EDWARDS:  Well, your Honor, we are
 6   hopefully moving in that direction.
 7            THE COURT:  Stranger things have happened, but
 8   I think it would be productive to have discussions, and
 9   with Mr. Rocco as well.  You know there are some issues
10   on loss causation with respect to Mr. Walsh, and it
11   seems to me your cases against Kozlowski and Swartz are
12   much stronger in terms of the total amount of damages
13   you're seeking than they are against Mr. Walsh, and it
14   would be worth trying to consider settlement
15   discussions.  I know your approach would be to probably
16   let Tyco try to resolve it first, but I still think it's
17   worth talking, so, you know, it's up to you guys whether
18   you talk or not.  But at least it's something to think
19   about.
20            Okay, well, I think I've made myself clear.
21   Let's go from there and I will act within days of
22   getting the Walsh response, and if you can get it in
23   before ten days, it will just speed up the time that I
24   get ruling on that.  Okay?
25            MR. ROCCO:  Thank you, your Honor.
```

```
                                                              15

 1              THE COURT:  All right, thank you.
 2              MS. EDWARDS:  Thank you.
 3              (Concluded at 12:05 p.m.)
 4
 5
 6                     C E R T I F I C A T E
 7
 8         I, Sandra L. Bailey, do hereby certify that
 9   the foregoing transcript is a true and accurate
10   transcription of the within proceedings, to the best of
11   my knowledge, skill, ability and belief.
12
13
14   Submitted: 4/24/09        /s/ Sandra L. Bailey
                               SANDRA L. BAILEY, CSR, CM, CRR
15
16
17
18
19
20
21
22
23
24
25
```