UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STATE TREASURER OF THE STATE OF MICHIGAN, AS CUSTODIAN OF THE MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, STATE EMPLOYEES' RETIREMENT SYSTEM, MICHIGAN STATE POLICE RETIREMENT SYSTEM, AND MICHIGAN JUDGES RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>TYCO INTERNATIONAL LTD., COVIDIEN LTD., TYCO ELECTRONICS LTD., L. DENNIS KOZLOWSKI, MARK H. SWARTZ, MARK A. BELNICK, FRANK E. WALSH, JR., PRICEWATERHOUSECOOPERS, AND PRICEWATERHOUSECOOPERS, LLP,<br><br>Defendants. | Civil Action No.: 08-CV-01340-PB |

**AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANTS TYCO INTERNATIONAL LTD., TYCO ELECTRONICS LTD., AND MARK A. BELNICK, COVIDIEN LTD. AND BAR ORDER**

State Treasurer Of The State Of Michigan, as Custodian Of The Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System, and Michigan Judges Retirement System ("Plaintiff") and Defendants Tyco International Ltd., Tyco Electronics Ltd., Mark A. Belnick and Covidien Ltd. (each of them a "Settling Party" and collectively, the "Settling Parties"), having represented to the Court that they have entered into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

1. Pursuant to Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants L. Dennis Kozlowski, Mark H. Swartz, Frank E. Walsh, Jr., and PricewaterhouseCoopers LLP (collectively, the "Non-Settling

Defendants"), and each of them, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) except as provided in paragraph 5(c) of the accompanying Settlement Agreement and Release, each Settling Party is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2. Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiff against the Settling Parties, all claims asserted by Plaintiff against the Settling Parties in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims against the Non-Settling Defendants.

3. The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendants Tyco International Ltd., Tyco Electronics Ltd., Mark A. Belnick and Covidien Ltd. and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.               Enter: 6/9/2009

                                /s/ Paul Barbadoro
                                _____
                                The Hon. Paul Barbadoro
                                United States District Judge

cc:  Counsel of Record