UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FEDERATED AMERICAN LEADERS FUND, INC.; FEDERATED AMERICAN LEADERS FUND II; FEDERATED STOCK TRUST; FEDERATED TOTAL RETURN BOND FUND (Successor in interest to Federated Managed Income Portfolio); FEDERATED CAPITAL APPRECIATION FUND II; FEDERATED MID CAP GROWTH STRATEGIES FUND; FEDERATED MID CAP GROWTH STRATEGIES FUND II; FEDERATED LARGE CAP GROWTH FUND; FEDERATED BOND FUND; FEDERATED CAPITAL APPRECIATION FUND; FEDERATED INTERMEDIATE CORPORATE BOND FUND; and FEDERATED QUALITY BOND FUND II, <br><br> Plaintiffs, <br><br> v. <br><br> TYCO INTERNATIONAL LTD.; TYCO ELECTRONICS LTD.; COVIDIEN LTD.; COVIDIEN (U.S.); L. DENNIS KOZLOWSKI; MARK H. SWARTZ; and FRANK E. WALSH, JR., <br><br> Defendants. | Docket No.: 08-CV-01337-PB |

## AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANTS TYCO INTERNATIONAL LTD., TYCO ELECTRONICS LTD., AND COVIDIEN LTD. AND BAR ORDER

Plaintiffs Federated American Leaders Fund, Inc., Federated American Leaders Fund II, Federated Stock Trust, Federated Total Return Bond Fund (successor in interest to Federated Managed Income Portfolio), Federated Capital Appreciation Fund II, Federated Mid Cap Growth Strategies Fund, Federated Mid Cap Growth Strategies Fund II, Federated Large Cap Growth Fund, Federated Bond Fund, Federated Capital Appreciation Fund, Federated Intermediate Corporate Bond Fund, and Federated Quality Bond Fund II ("Plaintiffs") and Defendants Tyco International Ltd., Tyco Electronics Ltd., Covidien Ltd. and Covidien (U.S.)

(each of them a "Settling Party" and collectively, the "Settling Parties"), having represented to the Court that they have entered into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

1. Pursuant to Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants L. Dennis Kozlowski, Mark H. Swartz and Frank E. Walsh, Jr. (collectively, the "Non-Settling Defendants"), and each of them, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) except as provided in paragraph 6(c) of the accompanying Settlement Agreement and Release, each Settling Party is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2. Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiffs against the Settling Parties, all claims asserted by Plaintiffs against the Settling Parties in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims against the Non-Settling Defendants.

3.  The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendants Tyco International Ltd., Tyco Electronics Ltd., Covidien Ltd. and Covidien (U.S.) and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

Enter: 6 / 9/2009

/s/ Paul Barbadoro
The Hon. Paul Barbadoro
United States District Judge

cc:  Counsel of Record