**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

BLACKROCK GLOBAL ALLOCATION FUND,
INC., et al.,

                      Plaintiffs,

v.

TYCO INTERNATIONAL LTD., et al.,

                      Defendants.

08-CV-01339-PB

MDL 1335

## AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANTS TYCO INTERNATIONAL LTD., TYCO ELECTRONICS LTD., COVIDIEN LTD., COVIDIEN (US), AND BAR ORDER

Plaintiffs Blackrock Global Allocation Fund, Inc., Blackrock Mid Cap Value

Opportunities Fund, Blackrock Global Technology Fund, Inc., Blackrock World Index Series,

Blackrock Global Allocation Fund, Inc. As Successor In Interest To Blackrock Global Balanced

Fund, Master Large Cap Core Portfolio, Blackrock Large Cap Core Portfolio Master As

Successor In Interest To Merrill Lynch Disciplined Equity Fund, Equity Index Trust Series

Master, Master S&P 500 Index Series, Blackrock Global Technology Fund, Inc. As Successor In

Interest To Merrill Lynch Internet Strategies Fund, Blackrock Series Fund, Blackrock Global

Allocation Portfolio, Master Enhanced S&P 500 Series, Blackrock Variable Series Funds, Inc.,

Blackrock Global Allocation V.I. Fund, Blackrock Variable Series Funds, Inc., Blackrock S&P

500 Index Fund, Blackrock Large Cap Value Fund As Successor In Interest To Blackrock Large

Cap Value Equity, Blackrock Large Cap Core Fund As Successor In Interest To Blackrock

Investment Trust Portfolio, Blackrock Large Cap Value-SSR Test As Successor In Interest To

SSR Large Cap Val EQ, Blackrock Select Equity/(Investment Trust) SSR-Inv Trust Test As

Successor In Interest To SSR Invest Trust JW, Blackrock Capital Appreciation Portfolio As

Successor In Interest To SSR Legacy EQ, Blackrock Asset Allocation Portfolio (Large Cap

Growth) As Successor In Interest To SSR Asset Allocation LCG; Merrill Lynch U.S. Dynamic

Fund, Blackrock Institutional Equity Funds North American Fund, Merrill Lynch International

Investment Funds U.S. Equity Fund; Merrill Lynch Institutional FCP Global Equity Exjapan

Fund, Merrill Lynch International Investment Funds Global Fund Value; DC American Growth

Fund, MLIIF Global Equity Diversified Fund, Merrill Lynch Global Equity Fund, Merrill Lynch

Balanced Portfolio Fund, Merrill Lynch Global Balanced Fund, and MLIT Specialist

International North America Fund and Defendants Tyco International Ltd., Tyco Electronics

Ltd., Covidien Ltd. and Covidien (U.S.) (each of them a "Settling Party" and collectively, the

"Settling Parties"), having represented to the Court that they have entered into a settlement

agreement that resolves all issues between and among them in the Complaint, and for good cause

shown, the Court ORDERS:

      1.    Pursuant to Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act

of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants L. Dennis Kozlowski, Mark H. Swartz and

Frank E. Walsh, Jr. (collectively, the "Non-Settling Defendants"), and each of them, are hereby

permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any

claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or

arising out of the subject matter, allegations, transactions, facts, matters, occurrences,

representations or omissions alleged, involved, set forth or referred to in the Complaint in this

suit; and (b) except as provided in paragraph 5(c) of the accompanying Settlement Agreement

and Release, each Settling Party is hereby permanently barred, enjoined, and restrained from

commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any

amount paid in connection with this action against any other person based upon, relating to, or

arising out of the subject matter, allegations, transactions, facts, matters, occurrences,

representations or omissions alleged, involved, set forth or referred to in the Complaint in the
suit.

2.      Because there is no just reason for the delaying the entry of a final judgment with
respect to the claims asserted by Plaintiffs against the Settling Parties, all claims asserted by
Plaintiffs against the Settling Parties in the Complaint are DISMISSED WITH PREJUDICE
pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to
any claims against the Non-Settling Defendants.

3.      The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal
against Defendants Tyco International Ltd., Tyco Electronics Ltd., Covidien Ltd. and Covidien
(U.S.) and Bar Order as a final judgment and send a copy of same to all counsel of record.
IT IS SO ORDERED.

Enter:      07/14/2009


/s/ Paul Barbadoro
The Hon. Paul Barbadoro
United States District Judge

3

We ask for this:

/s/ Edward A. Haffer_____
Edward A. Haffer, Esq.
N.H. Bar #1052
SHEEHAN PHINNEY BASS & GREEN, P.A.
1000 Elm Street, 11th floor
Manchester, NH 03101

Elizabeth F. Edwards, Esq.
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219

*Counsel for Tyco International Ltd., Tyco Electronics Ltd., Covidien, Ltd. and Covidien (U.S.)*

/s/ Edward A. Haffer for_____
Steven E. Fineman, Esq.
Daniel P. Chiplock, Esq.
Michael Miarmi, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were served this date on the attached Service List through ECF or by mail for those on the list who do not have an ECF Registration.

/s/ Edward A. Haffer_____
Edward A. Haffer