UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FEDERATED AMERICAN LEADERS FUND, INC.; FEDERATED AMERICAN LEADERS FUND II; FEDERATED STOCK TRUST; FEDERATED TOTAL RETURN BOND FUND (Successor in interest to Federated Managed Income Portfolio); FEDERATED CAPITAL APPRECIATION FUND II; FEDERATED MID CAP GROWTH STRATEGIES FUND; FEDERATED MID CAP GROWTH STRATEGIES FUND II; FEDERATED LARGE CAP GROWTH FUND; FEDERATED BOND FUND; FEDERATED CAPITAL APPRECIATION FUND; FEDERATED INTERMEDIATE CORPORATE BOND FUND; and FEDERATED QUALITY BOND FUND II, <br><br> Plaintiffs, <br><br> v. <br><br> TYCO INTERNATIONAL LTD.; TYCO ELECTRONICS LTD.; COVIDIEN LTD.; COVIDIEN (U.S.); L. DENNIS KOZLOWSKI; MARK H. SWARTZ; and FRANK E. WALSH, JR., <br><br> Defendants. | MDL Docket No.: 02-01335-PB <br><br> Case No.: 08-CV-01337-PB |

### AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANT FRANK E. WALSH, JR. AND BAR ORDER

Plaintiffs Federated American Leaders Fund, Inc., Federated Clover Value Fund II (formerly named Federated American Leaders Fund II), Federated Stock Trust, Federated Total Return Bond Fund (successor in interest to Federated Managed Income Portfolio), Federated Capital Appreciation Fund II, Federated Mid Cap Growth Strategies Fund, Federated Mid Cap Growth Strategies Fund II, Federated Large Cap Growth Fund, Federated Bond Fund, Federated Capital Appreciation Fund, Federated Intermediate Corporate Bond Fund, and Federated Quality Bond Fund II ("Plaintiffs") and Defendant Frank E. Walsh, Jr. (each of them a "Settling Party" and collectively, the "Settling Parties") having represented to the Court that they have entered

into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

1.  Pursuant to Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) Mark H. Swartz (the "Non-Settling Defendant"), is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against Walsh based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) Walsh is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2.  Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiffs against the Settling Parties, all claims asserted by Plaintiffs against Walsh in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims against the Non-Settling Defendant.

3.  The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendant Frank E. Walsh, Jr. and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

Dated:   08/20/2009

/s/ Paul Barbadoro
The Hon. Paul Barbadoro
United States District Judge

We ask for this:

/s/ Michele Palmer
Michele Palmer
STROOCK STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10036

*Counsel for Frank E. Walsh, Jr.*

/s/ Thomas Skelton
Peter D. St. Phillip, Jr., Esq.
Thomas M. Skelton, Esq.
Barbara J. Hart, Esq.
Todd S. Garber, Esq.
LOWEY DANNENBERG COHEN & HART, P.C.
White Plains Plaza
One North Broadway, Suite 509
White Plains, NY 10601

*Counsel for Plaintiffs*

cc:   Counsel of Record

{2034 / MEMO / 00096463.DOC v2}                                3