UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MARVIN OVERBY, ET AL.

    Plaintiffs,

vs.

TYCO INTERNATIONAL LTD., ET AL.

    Defendants.

Case No. 02-CV-1357-B

This Document Relates To:
ERISA Actions

**FINDINGS AND ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENTS**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("*ERISA*"), with respect to the Tyco International (US) Inc. Retirement Savings and Investment Plan I; the Tyco International (US) Inc. Retirement Savings and Investment Plan II; the Tyco International (US) Inc. Retirement Savings and Investment Plan III; the Tyco International (US) Inc. Retirement Savings and Investment Plan IV; the Tyco International (US) Inc. Retirement Savings and Investment Plan V; the Tyco International (US) Inc. Retirement Savings and Investment Plan VI; and the Tyco International (US) Inc. Retirement Savings and Investment Plan VII (collectively the "Plans").

Presented to the *Court* for preliminary approval are three settlements which resolve the litigation as against all defendants (the "Settlements"). The terms of the *Settlements* are set out in (*i*) a Class Action Settlement Agreement dated August 26, 2009 (the "*Tyco Settlement Agreement*"), between the *Named Plaintiffs* and the *Tyco Defendants*, and (*ii*) the Kozlowski

Settlement Agreement dated July 29, 2009, between the *Named Plaintiffs* and L. Dennis Kozlowski ("*Kozlowski*") (the "*Kozlowski Settlement Agreement*") and (*iii*) the Swartz Settlement Agreement dated August 4, 2009 between the *Named Plaintiffs* and Mark Swartz ("*Swartz*") (the "*Swartz Settlement Agreement*"). Except as otherwise defined herein, all capitalized and italicized terms used herein shall have the same meanings as are ascribed to them in the *Settlement Agreements*.

On August 17, 2009, the *Court* preliminarily considered the *Settlements* to determine, among other things, whether the *Settlements* are sufficient to warrant the issuance of notice to members of the *Class*. Upon reviewing the *Settlement Agreements*, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Preliminary Findings Regarding Proposed Settlements** – The *Court* preliminarily finds that (*i*) the proposed *Settlements* resulted from extensive arm's-length negotiations, (*ii*) the *Settlement Agreements* were executed only after counsel for *Named Plaintiffs* had conducted pre-settlement discovery, (*iii*) counsel for *Named Plaintiffs* have concluded that the *Settlement Agreements* are fair, reasonable and adequate, and *(iv)* the *Settlements* evidenced by the *Settlement Agreements* are sufficiently fair, reasonable, and adequate to warrant sending notice of the *Settlements* to the *Class*.

2. **Modification of Preliminary Injunction** – The Court hereby modifies the Preliminary Injunction Order it entered on October 31, 2008 in *In Re Tyco International Ltd. Securities Litigation,* MDL Docket No. 02-1335-B (PJB), which imposed certain restraints on transfers of Mr. Kozlowski's assets, in order to permit Mr. Kozlowski to transfer $100,000 to the

*Kozlowski Settlement Fund*, separate from and in addition to any and all other transfers permitted under the Preliminary Injunction Order.

3. **Fairness Hearing** – A hearing is scheduled for November 18, 2009 at 11:00 a.m. (the "*Fairness Hearing*") to determine, among other things:

- Whether the *Settlements* should be approved as fair, reasonable and adequate;

- Whether the litigation should be dismissed with prejudice as to the *Tyco Defendants, Kozlowski and Swartz* pursuant to the terms of the *Settlements*;

- Whether the notice, summary notice and notice methodology implemented pursuant to the *Settlement Agreements* (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Class* of the pendency of the litigation, their right to object to the *Settlements*, and their right to appear at the *Fairness Hearing*, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

- Whether *Co-Lead Counsel* adequately represented the *Class* for purposes of entering into and implementing the *Settlement Agreements*;

- Whether the *Plan of Allocation* should be approved;

- Whether the application for attorneys' fees and expenses filed by *Co-Lead Counsel* should be approved; and

- Whether the application for compensation for *Named Plaintiffs* should be approved.

3

4. **Class Notice** – The *Parties* have presented to the *Court* a proposed form of *Class Notice*, which is appended hereto as Exhibit A. With respect to such form of *Class Notice*, the *Court* finds that such form fairly and adequately (*i*) describes the terms and effect of the *Settlement Agreements* and of the *Settlements*, (*ii*) notifies the *Class* concerning the proposed *Plan of Allocation*, (*iii*) notifies the *Class* that *Class Counsel* will seek compensation from the *Settlement Fund* for the *Named Plaintiffs*, and for attorneys' fees not to exceed 33⅓% of the *Settlement Amount* and for reimbursement of expenses, (*iv*) gives notice to the *Class* of the time and place of the *Fairness Hearing*, and (*v*) describes how the recipients of the *Class Notice* may object to any of the relief requested. The *Parties* have proposed the following manner of communicating the notice to members of the *Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances, and directs that *Co-Lead Counsel* shall:

- By no later than September 21, 2009, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be mailed, by first-class mail, postage prepaid, to the last known address of each *Person* within the *Class* who can be identified by reasonable effort.

- By no later than September 21, 2009, cause the *Class Notice* to be published on each website identified in the *Class Notice*, including a website dedicated to the *Settlements* – www.TycoERISAsettlement.com, which will also host copies of all *Settlement*-related documents, including the *Settlement Agreements*.

At or before the *Fairness Hearing*, *Co-Lead Counsel* shall file with the *Court* a proof of timely compliance with the foregoing mailing/publication requirements.

4

5. **Objections to Settlement** – Any member of the *Class* who wishes to object to the fairness, reasonableness or adequacy of the *Settlements*, to the *Plan of Allocation*, to any term of the *Settlement Agreements*, to the proposed award of attorneys' fees and expenses, or to any request for compensation for the *Named Plaintiffs* may file an Objection. An objector must file with the *Court* a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the *Court's* attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to *Co-Lead Counsel* and to counsel for *Tyco, Kozlowski* and *Swartz*. The addresses for filing objections with the Court and service on counsel are as follows:

>Clerk of the Court
>United States District Court
>for the District of New Hampshire
>55 Pleasant Street
>Concord, NH 03301-3941
>Re: Case No. 02 CV 1357

To Plaintiffs' *Co-Lead Counsel*:

>Robert A. Izard
>IZARD NOBEL LLP
>29 South Main Street, Suite 215
>West Hartford, CT 06107
>
>Edwin J. Mills
>STULL STULL & BRODY
>6 East 45th Street
>New York, New York 10017

To *Tyco's* Counsel:

>Elizabeth F. Edwards
>MCGUIREWOODS LLP
>One James Center

5

>901 East Cary Street
>Richmond, VA 23219-4030

To *Kozlowski's* Counsel:

>Jyotin Hamid
>DEBEVOISE & PLIMPTON LLP
>919 Third Avenue
>New York, NY 10022-3904

To *Swartz's* Counsel:

>Michael J. Grudberg, Esq.
>**STILLMAN, FRIEDMAN & SHECHTMAN, P.C.**
>425 Park Avenue
>New York, NY 10022

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the *Court* by no later than November 4, 2009. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than November 4, 2009. Any member of the *Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlements*, and any untimely objection shall be barred.

6. **Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 4 above may also appear at the *Fairness Hearing* either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention

to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on counsel (at the addresses set out above) and file it with the *Court* by no later than November 4, 2009. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

7. **Notice Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid from the *Settlement Fund* as provided in Section 8.1 of the *Settlement Agreements*.

8. **Service of Papers** – *Tyco's* counsel, *Kozlowski's* and *Swartz's* counsel and *Co-Lead Counsel* shall promptly furnish all *Parties* with copies of any and all objections that come into their possession that have not been filed with the Court and posted to the Court's ECF system.

9. **Termination of Settlement** –

(a). If the *Tyco Settlement Agreement* is terminated, this Order shall become null and void as to *Plaintiffs* and the *Tyco Defendants* only, and shall be without prejudice to the rights of the *Plaintiffs* and the *Tyco Defendants*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order. In such event, Section 9 of the *Tyco Settlement Agreement* shall govern the rights of the *Plaintiffs* and the *Tyco Defendants*.

(b). If the *Kozlowski Settlement Agreement* is terminated, this Order shall become null and void as to *Plaintiffs* and *Kozlowski* only, and shall be without prejudice to the rights of the *Plaintiffs* and *Kozlowski*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order. In such event, Section 9 of the *Kozlowski*

*Settlement Agreement* shall govern the rights of the *Plaintiffs* and *Kozlowski*.

(c).   If the *Swartz Settlement Agreement* is terminated, this Order shall become null and void as to *Plaintiffs* and *Swartz* only, and shall be without prejudice to the rights of the *Plaintiffs* and *Swartz*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order. In such event, Section 9 of the *Swartz Settlement Agreement* shall govern the rights of the *Plaintiffs* and *Swartz*.

10. **Use of Order** – This Order shall not be construed or used as an admission, concession, or declaration by or against the *Tyco Defendants*, *Kozlowski* or *Swartz* of any fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have

11. **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the *Settlement Agreements*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement Agreements* as may time to time be appropriate and to resolve any and all disputes arising thereunder.

12. **Continuance of Hearing** – The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this 1st day of September, 2009.

/s/ Paul Barbadoro
HON. PAUL J. BARBADORO
United States District Judge

8

cc:   Counsel of Record