U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
NOV 23 2009
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARVIN OVERBY, ET. AL.<br><br>    Plaintiffs,<br><br>vs.<br><br>TYCO INTERNATIONAL LTD., ET. AL.<br><br>    Defendants. | Case No. 02-CV-1357-B<br><br>This Document Relates To:<br>ERISA Actions |

## ORDER AND FINAL JUDGMENT

This *Action* came on for a fairness hearing on three proposed settlements (the "*Settlements*"). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and italicized terms used herein shall have the same meanings as are ascribed to them in (*i*) the Class Action Settlement Agreement between *Plaintiffs* and the *Tyco Defendants*, dated August 26, 2009 (the "*Tyco Settlement Agreement*") (*ii*) the Class Action Settlement Agreement between *Plaintiffs* and *L. Dennis Kozlowski ("Kozlowski")*, dated July 29, 2009 (the "*Kozlowski Settlement Agreement*") and (*iii*) the Class Action Settlement Agreement between the *Named Plaintiffs* and *Mark Swartz* ("*Swartz*"), dated August 4, 2009 (the "*Swartz Settlement Agreement*") (collectively the "*Settlement Agreements*").

1.    The *Court* has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Class*.

2. Pursuant to the Court's Order on August 15, 2006, under Fed. R. Civ. 23(b)(1)(B), the Class consists of: "all Participants in the Plans for whose individual accounts the Plans purchased and/or held shares of the Tyco Stock Fund at any time from August 12, 1998 to July 25, 2002 (the 'Class Period')."

3. The participants who are defendants in the *Action* are excluded from participating in the Plan of Allocation and shall receive no payments from the *Net Proceeds*.

4. The *Class Notice* and the notice methodology implemented pursuant to the *Settlement Agreements* and the Court's Orders (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Actions, of the effect of the *Settlement Agreements*, including releases, of their right to object to the proposed *Settlement Agreements*, and of their right to appear at the Fairness Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

5. The *Court* hereby approves the *Settlement Agreements* and orders that the *Settlement Agreements* shall be consummated and implemented in accordance with their terms and conditions.

6. Subject only to the provisions of paragraph 11 below, the *Court* finds that the *Settlements* embodied in the *Settlement Agreements* are fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.  The *Settlements* were negotiated vigorously and at arm's-length by the *Named Plaintiffs* and their experienced counsel on behalf of the *Settlement Class* seeking *Plan*-wide relief for the *Plans* pursuant to *ERISA* §§ 409 and 502(a)(2).

B.  The *Settlement Agreements* were negotiated after the discovery period, after the completion of significant document and deposition discovery, after the *Court* had already ruled on the *Tyco Defendants'*, *Kozlowski's* and *Swartz*'s motions to dismiss the *Complaint* and on summary judgment motions by the *Named Plaintiffs* and *Tyco*. *Co-Lead Counsel* and *Tyco* participated in three mediation sessions conducted by an experienced mediator who was thoroughly familiar with this litigation. The *Named Plaintiffs*, the *Tyco Defendants*, *Kozlowski* and *Swartz* were all well positioned to evaluate the settlement value of the *Action*.

C.  If the *Settlements* had not been achieved, both *Named Plaintiffs*, the *Tyco Defendants, Kozlowski* and *Swartz* faced the expense, risk, and uncertainty of extended litigation. *Named Plaintiffs* contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged favorable determinations of legal issues in similar cases, (ii) the expert testimony that *Named Plaintiffs* expected to offer at trial, (iii) the structure of the *Plans* and their administration, and (iv) what *Named Plaintiffs* characterize as compelling documents and testimony that would be offered at trial. The *Tyco Defendants, Kozlowski* and *Swartz* contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged legal presumptions favoring the offering of company stock in *ERISA* defined contribution plans, (ii) the testimony that the *Tyco Defendants* expected to offer at trial, (iii) other explanations for the *Plans'* alleged losses unrelated to actions or inactions of the *Plans'* fiduciaries, (iv) alleged favorable determinations of legal issues in similar cases, and (v) their lack of fiduciary status. The *Court* takes no position on the merits of *Named Plaintiffs'*, the *Tyco Defendants'*,

*Kozlowski's* or *Swartz's* cases, but notes these arguments as evidence in support of the reasonableness of the *Settlements*.

   D. Each *Settlement* is fair, reasonable and adequate. The *Settlement* amounts are within the range of settlement values obtained in similar cases and are within the range of reasonable settlements appropriate in this case.

   E. At all times, the *Named Plaintiffs* have acted independently.

   F. The *Court* has duly considered each objection to the *Settlements* that was filed, and the *Court* denies each objection.

   7. Subject only to the provisions of paragraph 11 below, the *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

   8. Subject only to the provisions of paragraph 11 below, by operation of this Judgment, the *Named Plaintiffs*, members of the *Settlement Class* and the *Named Plaintiffs* on behalf of the *Plans*, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the *Released Parties* from all *Released Claims,* and the *Tyco Defendants*, *Kozlowski* and *Swartz*, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the *Plaintiff Releasees* from all *Claims* relating to the institution or prosecution of the *Action* or the settlement of any *Released Claims*. Each of the *Released Parties* and each of the *Plaintiff Releasees* (collectively, the "*Releasees*") also releases each of the other *Releasees* from any and all *Claims* which were or could have been asserted in the *Complaint* or any pleading which could or would have been required to be filed in

the *Action* or that would be barred by principles of *res judicata* had the claims asserted in the *Complaint* or any such other pleading been fully litigated and resulted in a *Final* judgment or order, provided, however, that none of the claims currently asserted by Robert N. Hall in the case captioned *Robert N. Hall v. Tyco International, Ltd., et. al.*, Civil Action No. 1:02-cv-00839 (M.D.N.C.) are released pursuant to this Order. All members of the *Class* are permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of the *Released Claims* either directly, indirectly, derivatively, or in any other capacity, against any of the *Released Parties*. The Court hereby approves and incorporates the *Releases* contained in the *Settlement Agreements*.

9. Further, each of the *Tyco Defendants, Kozlowski* and *Swartz* is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any of the other *Tyco Defendants, Kozlowski* or *Swartz* where such person's liability arises out of or reasonably flows from the claims or allegations in the *Action*, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in this or any other court, or in any arbitration proceeding, administrative agency proceeding, or other forum and (1) the injury to plaintiff is its liability to the *Named Plaintiffs*, or (2) the plaintiff's damages are measured by its liability to the *Named Plaintiffs*, provided, however, that nothing contained herein shall act as a waiver of any claims, counterclaims, arguments or defenses (1) that *Kozlowski* has asserted against *Tyco* or Tyco International Ltd. or that *Tyco* or Tyco International Ltd. has asserted against *Kozlowski* in the actions of *Tyco International Ltd. v. L. Dennis Kozlowski*, 02-CV-7317 (TPG) (S.D.N.Y.) or *Tyco International Ltd. v. L. Dennis Kozlowski and Mark H. Swartz*, 03-1339-B (D.N.H.), or (2) that *Swartz* has asserted against *Tyco* or Tyco International Ltd. or that *Tyco* or Tyco International Ltd. has

asserted against *Swartz* in the actions of *Tyco International Ltd. v. Mark H. Swartz*, 03-2247 (S.D.N.Y.) and *Tyco International Ltd. v. L. Dennis Kozlowski and Mark H. Swartz*, 03-1339-B (D.N.H.).

10. The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreements* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this Judgment, or the *Settlement Agreements* or the termination of the *Settlement Agreements*. The *Court* shall also retain exclusive jurisdiction over and rule by separate order with respect to all applications for awards of attorneys' fees and of compensation to *Named Plaintiffs* and reimbursements of expenses made pursuant to the *Settlement Agreements*.

11. In the event that the *Tyco Settlement Agreement* is terminated in accordance with its terms, (i) the Judgment as to the *Tyco Defendants* shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the *Action* against the *Tyco Defendants* shall proceed as provided in the *Tyco Settlement Agreement*. In the event that the *Kozlowski Settlement Agreement* is terminated in accordance with its terms, (i) the Judgment as to *Kozlowski* shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the *Action* against *Kozlowski* shall proceed as provided in the *Kozlowski Settlement Agreement*. In the event that the *Swartz Settlement Agreement* is terminated in accordance with its terms, (i) the Judgment as to *Swartz* shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the *Action* against *Swartz* shall proceed as provided in the *Swartz Settlement Agreement*. Provided, however, that the bar orders set forth in paragraph 9 shall remain in full force and effect so as to bar claims by (but not against) any defendant as to whom the Judgment is otherwise rendered null and void and vacated *nunc pro tunc* in accordance with this paragraph.

12. This Judgment shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs*, the *Tyco Defendants, Kozlowski* or *Swartz* of any fault, wrongdoing, breach or liability.

13. Nothing in this Order shall bar any action or claim by any of the *Parties* to the *Settlement Agreements* or their *Releasees* to enforce or effectuate the terms of the *Settlement Agreements* or this Order.

14. Nothing in this Order shall in any way limit or restrain the ability of the *Tyco Defendants, Kozlowski* or *Swartz* to raise or assert defenses or affirmative defenses to any allegations of liability or damages in pending non-settled actions or actions brought in the future related to, arising out of, or based on the subject matter, allegations, transactions, facts, occurrences, representations or omissions, involved, set forth or referred to in the *Complaint*.

15. Final Plan of Allocation Findings -- The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement Agreements in accordance with their terms and provisions.

16. No *Class* member shall have any claim against *Co-Lead Counsel*, the Claims Administrator or other agent designated by *Co-Lead Counsel* based on the distributions made substantially in accordance with the *Settlement Agreements* and *Plan of Allocation* as approved by the Court and further orders of the Court. No *Class* member shall have any claim against the *Tyco Defendants, Kozlowski* and/or *Swartz*, their counsel or any of the *Tyco Defendants' Releasees* or the *Released Parties* as defined in the *Kozlowski Settlement Agreement or* the *Released Parties* as defined in the *Swartz Settlement Agreement* with respect to the investment or distribution of the *Net Proceeds* of the *Settlement Agreements*, the determination, administration,

calculation or allocation , the administration of the Escrow Accounts, or any losses incurred in connection therewith, the *Plan of Allocation*, or the giving of notice to *Class* members.

17. Final Fee Award and Expense Reimbursement Request Findings – *Co-Lead Counsel* are hereby awarded at fee of 30% of the *Settlement Fund* and reimbursements of expenses in the amount of $1,982,873.88, which the Court finds as fair and reasonable. The attorneys' fees awarded in this paragraph shall be allocated by *Co-Lead Counsel* among Plaintiffs' Counsel in a fashion which, in the opinion of *Co-Lead Counsel*, fairly compensates counsel for their respective contributions to the prosecution and/or settlement of the Action.

18. Neither this Order, the Settlement Agreements, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

    a. offered or received against the *Tyco Defendants, Kozlowski* or *Swartz* as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission with respect to the truth of any fact alleged by any of the *Named Plaintiffs*, the *Class*, or the validity of any claim that has been or could have been asserted in the *Action* or in any litigation, or the deficiency of any defense that has been or could have been asserted in the *Action* or in any litigation, or of any liability, negligence, fault, or wrongdoing of the *Tyco Defendants, Kozlowski or Swartz*;

    b. offered or received against the *Tyco Defendants, Kozlowski* or *Swartz* as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the *Tyco Defendants* or *Kozlowski*;

    c. offered or received against the *Tyco Defendants, Kozlowski* or *Swartz* as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against the *Tyco Defendants, Kozlowski* or *Swartz* in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the *Settlement Agreements* and this Order; provided, however, that if the *Settlement Agreements* are approved by the Court, the *Parties* may refer to it to effectuate the liability protection granted it hereunder;

    d. construed against the *Tyco Defendants, Kozlowski* or *Swartz* as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered from the *Tyco Defendants, Kozlowski* or *Swartz* after trial; and

    e. construed as or received in evidence as an admission, concession or presumption against the *Named Plaintiffs* or any of the Class Members that any of their claims are without merit, or that any defense asserted by the *Tyco Defendants, Kozlowski* or *Swartz* has any merit, or that damages recoverable under the Complaint would not have exceeded the *Settlements*.

  19. The Court retains continuing and exclusive jurisdiction over the *Action* for the reasons and purposes, and subject to the conditions, set forth in the *Settlement Agreem*ents.

  20. The *Action* shall be dismissed as against each and all of the *Tyco Defendants, Kozlowski* and *Swartz* on the merits and with prejudice, without costs to any party, upon entry of this Order.

21. This *Action* has been pending since the first of the constituent actions was filed in 2002. The *Settlement Agreements* resolve all of the claims asserted by the *Class* against the *Tyco Defendants, Kozlowski* or *Swartz*.

22. If taken, immediate appeal of this Order would not result in any duplication of review by an appellate court, because if an appellate court were to vacate the *Settlement Agreements*, then the parties could reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources. If this Order were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order, then this Court would face re-trying the entire litigation as to the *Tyco Defendants, Kozlowski* or *Swartz*, thereby wasting judicial resources.

23. By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

24. The Court having determined that there is no just reason for delay, hereby Orders entry of FINAL JUDGMENT with respect to the *Tyco Defendants, Kozlowski* and *Swartz* in accordance with Federal Rule of Civil Procedure 54(b) this 23rd day of November, 2009.

SO ORDERED this 23rd day of November, 2009.

Hon. PAUL J. BARBADORO
United States District Judge