IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

------------------------------------- x

IN RE TYCO INTERNATIONAL LTD.,
SECURITIES, DERIVATIVE AND "ERISA"
LITIGATION

MDL Docket No. 02-1335-B

This Document Relates To:

------------------------------------- x

PUBLIC EMPLOYEES' RETIREMENT
ASSOCIATION OF COLORADO,

Docket No. 08-1341-B

Plaintiff,

v.

TYCO INTERNATIONAL LTD.; TYCO
ELECTRONICS LTD.; COVIDIEN LTD.;
L. DENNIS KOZLOWSKI; MARK H.
SWARTZ; FRANK E. WALSH, JR., and
PRICEWATERHOUSECOOPERS LLP,

Defendants.

------------------------------------- x

**AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL WITH
PREJUDICE AGAINST FRANK E. WALSH AND BAR ORDER**

Plaintiff in the above-captioned action and Defendant Frank E. Walsh (each a "Settling Party" and collectively the "Settling Parties") have represented to the Court that they have entered into a Settlement Agreement and Release (the "Settlement Agreement") that resolves all issues between and among them that are involved, set forth, or referred to in the Complaint. All defined terms set forth herein are defined in the Settlement Agreement.

For good cause shown, it is hereby ORDERED that:

1. **Bar Order**. As provided in Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A), to the maximum extent permissible under applicable law, and without agreeing or otherwise admitting that the "Non-Released Parties" (defined below) have any claim or right to contribution against any Settling Party: (a) Defendants L. Dennis Kozlowski, Mark H. Swartz, and PriceWaterhouseCoopers LLP (collectively the "Non-Settling Defendants") and Tyco International Ltd., Covidien Ltd., and Tyco Electronics Ltd. (the "Previously-Settled Defendants," together with the Non-Settling Defendants the "Non-Released Parties") are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or arising out of the Released Claims; (b) each Settling Party is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against each other or against any other person based upon, relating to, or arising out of the Released Claims.

2. Because there is no just reason for delay in the entry of this ORDER and FINAL JUDGMENT with respect to the claims asserted by Plaintiff against Frank E. Walsh, Jr., all claims asserted by Plaintiff against Frank E. Walsh, Jr. are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims asserted against the Non-Settling Defendants.

3. The Clerk of the Court is expressly directed to enter this Agreed Order and Final Judgment of Dismissal with Prejudice against Frank E. Walsh and Bar Order as a final judgment and to send a copy of same to all counsel of record.

IT IS SO ORDERED.

Entered: <u>December 4</u>, 2009

<u>/s/ Paul Barbadoro</u>
The Honorable Paul Barbadoro
United States District Court Judge

cc: Counsel of Record