**UNITED STATES DISTRICT COURT**
                   **FOR THE DISTRICT OF NEW HAMPSHIRE**


**In re Tyco International, Ltd.**
**Multidistrict Litigation (MDL 1335)**     CASE NO. 02-md-1335-B

                                            Related cases: 08-cv-1336-PB
                                                           08-cv-1338-PB
                                                           08-cv-1339-PB
                                                           08-cv-1340-PB
                                                           08-cv-1341-PB

                              **O R D E R**

     On December 19, 2007, I approved a $3.2 billion settlement of a consolidated class action complaint brought on behalf of former shareholders of Tyco International Ltd. against Tyco and various related entities and individuals.  Several class members opted out of the settlement and brought their own complaints against many of the same defendants named in the class action.  Most of the opt-out actions have since settled and all that remains of this multidistrict litigation are five opt-out actions that assert a variety of claims against defendants Dennis Kozlowski and Mark S. Swartz.  Both defendants have participated in an omnibus motion to dismiss challenging many of the claims against them primarily on statute of limitations grounds.  In this order, I explain my decision to deny the motion to dismiss without prejudice.

One consideration that prompts my decision is my determination that the remaining cases will have to be remanded to the districts in which they were filed regardless of how I rule on the motion.  No ruling will dispose of all of the remaining claims and additional settlements are unlikely until after the actions are remanded and trial dates are set in the transferor district.  Any ruling I make on these issues would be based on First Circuit law, while further litigation in the transferor courts, including possible appeals of my ruling, would be based on the law of the transferor circuits.  Thus, there is a real risk that any ruling I make will confuse rather than clarify the status of the cases and impede their expeditious resolution.

I am also concerned that any ruling I make may be impacted by the Supreme Court's pending decision in Merck & Co., Inc. v. Reynolds, 129 S. Ct. 2432 (2009) (granting petition for writ of certiorari), which will address the question of when the statute of limitations begins to run on a federal securities law claim. It would be an inefficient use of judicial resources, and possibly counterproductive to the expeditious resolution of the litigation before me, to attempt to resolve the statute of limitations questions presented in the motion without the

guidance that I expect the Supreme Court will provide when it issues its decision in Merck.

Finally, while the omnibus motion raises several questions that are common to all four of the remaining actions, it also presents a number of case-specific questions that are better resolved by the transferor judges who will oversee the final disposition of the cases.  It is not appropriate to tie the hands of the transferor judges by issuing piecemeal rulings on case-specific questions raised in the motions with which the transferor judges may not agree and which may impede the ultimate resolution of the cases.

For all of these reasons, defendants' motion to dismiss (Doc. No. 1461) is denied without prejudice.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 4, 2010

cc:  Counsel of Record