## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

EQUITEC-SCHWARTZ, LLC

                                    MDL No.: 02-1335
                                    09-CV-01336-PB

                      Plaintiff,

v.

TYCO INTERNATIONAL LTD.; TYCO
ELECTRONICS LTD.; COVIDIEN LTD.;
COVIDIEN (U.S.); L. DENNIS KOZLOWSKI;
MARK H. SWARTZ; and FRANK E. WALSH, JR.,

                    Defendants.

## AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL
## AGAINST DEFENDANT MARK H. SWARTZ

Plaintiff Equitec-Schwartz, LLC ("Plaintiff") and Defendant Mark H. Swartz (each of

them a "Settling Party" and collectively, the "Settling Parties"), having represented to the Court

that they have entered into a settlement agreement that resolves all issues between and among

them in the Complaint, and for good cause shown, the Court ORDERS:

        1.        Pursuant to Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform

Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants, L. Dennis Kozlowski, Frank E. Walsh,

Jr., Tyco International Ltd., Tyco Electronics Ltd., Covidien Ltd. and Covidien (U.S.)

(collectively, the "Non-Settling Defendants"), and each of them, are hereby permanently barred,

enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise

seeking contribution against any Settling Party based upon, relating to, or arising out of the

subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions

alleged, involved, set forth or referred to in the Complaint in this suit; and (b) except as provided

in paragraph 6(c) of the accompanying Settlement Agreement and Release, each Settling Party is

hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting

any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2.      Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiff against the Settling Parties, all claims asserted by Plaintiff against the Settling Parties in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b).

3.      The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Mark H. Swartz and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

Enter:   May 3, 2010


/s/ Paul Barbadoro
The Hon. Paul Barbadoro
United States District Judge


cc:   Counsel of Record

2