**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**In Re Tyco International, Ltd.
Securities Litigation**            MDL Docket No. 02-1335-PB
                                   This document relates to:
                                   Securities Action
                                   Civil Action No. 02-266-PB

**ORDER RE: FINAL CLASS DISTRIBUTION OF
THE SETTLEMENT FUNDS**

WHEREAS, by its Final Order Approving Settlement, Plan of Allocation and Attorneys' Fees and Expense Reimbursement Request dated December 19, 2007, this Court approved the terms of the Stipulation of Settlement With Tyco International, Ltd., Michael A. Ashcroft, Mark A. Belnick and PricewaterhouseCoopers LLP dated as of July 6, 2007 and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, by Order Authorizing Initial Distribution of the Net Settlement Fund dated February 3, 2009 (the "Initial Distribution Order"), this Court approved the administrative determinations of the Claims Administrator, The Garden City Group, Inc. ("GCG") accepting and rejecting most of the Proofs of Claim submitted herein, including claims submitted after the initial deadline of December 28, 2007 through August 31, 2008, except for 35 Disputed Rejected Claims which were to be further developed, and authorized GCG to continue to process any

additional claims submitted after August 31, 2008 through February 20, 2009, and

WHEREAS, the Initial Distribution Order directed a distribution to the then accepted claimants, but withheld a reserve fund of ten percent (10%) of the amount otherwise payable to all Authorized Claimants whose *pro rata* payment, if 100% of the Net Settlement Fund was distributed, would have been more than $100.00 (the "Reserve Fund")[1]; and

WHEREAS, the process of reviewing the 35 Disputed Rejected Claims has been completed as described in the Affidavit of George A. Bauer III Reporting on Disputed Rejected Claims and in Support of Lead Plaintiffs' Motion for an Order Authorizing Distribution of the Reserve and Residual Settlement Funds (the "Bauer Affidavit"); and

WHEREAS, as described in the Affidavit of Stephen J. Cirami in Support of Lead Plaintiffs' Motion for Orders: Approving Resolution of Disputed Rejected Claims; Approving Additional Payments on Adjusted Claims; Authorizing Acceptance of All Claims Initially Submitted Through June 30, 2010; Approving Payment of Remaining Claims Administration Expenses; and Directing

---

[1] Aughotized Claimants whose entire award was $100.00 or less received 100% of their payment at the time of the initial distribution, rather than 90%.

Distribution of the Reserve and Residual Settlement Funds (the "Cirami Affidavit"), GCG has completed the processing of the claims initially submitted after August 31, 2008 through February 20, 2009, and has also processed additional claims through June 30, 2010; and

WHEREAS, as also described in the Cirami Affidavit, after the initial distribution a number of claims were found to have been underpaid or incorrectly calculated, and are entitled to additional amounts; and

WHEREAS, Plaintiffs' Co-Lead Counsel now seek authorization to: (I) make an initial distribution from the Reserve Fund to the claimants that have been accepted from: the 35 Disputed Rejected Claims, the Proofs of Claim received from August 31, 2008 through February 20, 2009, and the Proofs of Claim received from February 21, 2009 through June 30, 2010; (ii) to pay the Claims Administrator the remaining fees and expenses it has incurred and will incur to make the distributions requested herein; and (iii) make a supplemental distribution as provided in the Plan of Allocation previously approved by the Court, of all funds remaining in the Net Settlement Fund after the foregoing payments to the claimants who were previously (or are now being) paid based upon 90% of their estimated entitlements; and

WHEREAS, this Court has retained jurisdiction of this Action

for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (I) the Cirami Affidavit; (ii) the Bauer Affidavit; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the determinations of Plaintiffs' Co-Lead Counsel and GCG accepting and rejecting the 35 Disputed Rejected Claims, as described in the Bauer Affidavit, and accepting and rejecting the Proofs of Claim received from August 31, 2008 through February 20, 2009, and accepting and rejecting the Proofs of Claim received from February 21, 2009 through June 30, 2010, as indicated on the computer printouts of accepted and rejected claims submitted and described in the Cirami Affidavit, be and the same hereby are approved, and said claims are hereby accepted or rejected as indicated in the printout; and it is further

ORDERED, that the claimants accepted pursuant to the foregoing Order shall be paid from the Settlement Fund amounts equivalent to the amounts paid to accepted claimants in the initial distribution, based upon their Recognized Claims; and it

-4-

is further

ORDERED, that a supplemental distribution be made to the claimants that were found to have been underpaid; which distributions shall be made in amounts to bring them up to the equivalent to the amounts paid to accepted claimants in the initial distribution; and it is further

ORDERED, that GCG be paid the sum of $815,232.64 from the Settlement Fund for its fees and expenses incurred and to be incurred in connection with the services performed and to be performed from February 1, 2009 through June 30, 2010, and its fees and expenses expected to be incurred in connection with the forthcoming distribution, as described in the accompanying Cirami Affidavit; and it is further

ORDERED, that any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, including the remaining portion of the Reserve Fund not used to pay claimants accepted by the foregoing paragraphs, and administration fees and expenses, is to be proportionately re-distributed to eligible claimants who have cashed their initial distributions (or are now receiving their initial distributions) and who were (or are now being) paid 90% of their estimated entitlements; and it is further

ORDERED, that, as provided in the Plan of Allocation previously approved by the Court, if six months after such re-distribution, sufficient funds remain in the Cash Settlement Accounts, to economically make a further re-distribution, then such funds shall be further re-distributed to Authorized Claimants who have cashed their most recent re-distribution and who would receive at least $10.00 from such further re-distribution, after payment of any unpaid costs or fees incurred in administering the Cash Settlement Accounts for such re-distribution. The redistributions shall continue until the residue is less than $500,000 or it becomes economically unfeasible to continue re-distributions based upon the costs associated with such re-distributions, after which such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) to be designated by Plaintiffs' Co-Lead Counsel with the consent of Tyco and PwC, such consent not to be unreasonably withheld; and it is further

ORDERED, that the distributions to all the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Plaintiffs' Co-Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its distribution within

said time; and it is further

ORDERED, that no claim submitted, and no deficient claim corrected, after June 30, 2010 may be accepted for any reason whatsoever, except to the extent that the claimant has sought an adjustment of its claim and, after the date that this order issues, the claimant has (1) received a notice from the Claims Administrator stating that its request for adjustment has been denied, and (2) filed a timely objection with the court; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 22, 2010

cc: Counsel of Record